Rev. 7/06
(CO Hab Corp.
AO 241 amd.

Case 1:07-cv-00361-RJL    Document 1    Filed 02/16/2007    Page 1 of 8

**FILED**

FEB 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CARL MORGAN**
_____
NAME (Under which you were convicted)

**05428-089**
_____
PRISON NUMBER

**F.C.I. Oakdale**
_____
PLACE OF CONFINEMENT/ADDRESS
**P.O. Box 5000**
**Oakdale, LA 71463**
_____
_____

| | |
|---|---|
| **CARL MORGAN** _____ ) <br> (Full Name)           Petitioner | CASE NUMBER  1:07CV00361 <br><br> JUDGE: Richard J. Leon <br><br> DECK TYPE: Habeas Corpus/2255 <br><br> DATE STAMP: 02/16/2007 |
| v. <br><br> **Alberto Gonzales, Esq. and** <br> **Harley G. Lappin, Dir.** _____ <br> (Name of Warden, Superintendent, Jailor, or <br> authorized person having custody of petitioner) <br>                   Respondent | |

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. This petition must be legibly handwritten or typed, and signed by the petitioner.  <u>Any false statement of material fact may serve as the basis for prosecution and conviction for perjury.</u>  All questions must be answered concisely in the proper space on the form.

3. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief.  No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

4. Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee.  Your check or money order should be made payable to: Clerk, U.S. District Court.

5.   If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

6.   Only sentences imposed by one court may be challenged in a single petition. If you seek to challenge sentences entered by different courts, you must file separate petitions as to each court.

7.   When you have completed the form, send the original and one copy to:
     Clerk, United States District Court for the District of Columbia
     Room 1225
     333 Constitution Avenue, NW
     Washington, DC 20001

9.   <u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

## PETITION

1.   (a)   Name and location of court which imposed the sentence (or detention) of conviction you are challenging:
     **U.S. District Court Eastern District of Wisconsin**
     _____
     _____

2.   (a)   Date of the sentence (or detention):   **October 21, 1999**

3.   Length of sentence: **120 months and 188 months sentences run concurrent for a total term of 188 months**

4.   Nature of offense involved (all counts):   **Title 18 U.S.C. §922(g)(1), and Title 21 U.S.C. §§841(a)(1), and 846**
     _____
     _____
     _____

5.   (a)   What was your plea? (Check one):
          ☐   Not guilty
          **XX**  Guilty
          ☐   Nolo Contendere (no contest)
          ☐   Insanity

(b)   If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details:   **N/A** _____

_____

_____

_____

_____

_____

_____

6.   Have you previously filed any petitions, applications, or motions with respect to this sentence in any court?

    ☐    Yes

    ☒☒    No

7.   If your answer to Question 10 was "Yes," give the following information:

    (a)    (1)    Name of Court: _____

            (2)    Nature of the proceedings: _____

_____

_____

_____

            (3)    Grounds raised: _____

_____

_____

_____

_____

            (4)    Did you receive an evidentiary hearing on your petition, application or motion?

                    ☐    Yes

                    ☐    No

            (5)    Result: _____

            (6)    Date of result: _____

    (b)    As to any second petition, application, or motion, give the same information:

            (1)    Name of Court: _____

            (2)    Nature of the proceedings: _____

_____

_____

_____

            (3)    Grounds raised: _____

_____

_____

_____

_____

            (4)    Did you receive an evidentiary hearing on your petition, application or motion?

                    ☐    Yes

                    ☐    No

            (5)    Result: _____

(6)     Date of result: _____

(c)     As to any third petition, application, or motion, give the same information:
      (1)     Name of Court: _____
      (2)     Nature of the proceedings: _____
               _____
               _____
               _____

      (3)     Grounds raised: _____
               _____
               _____
               _____
               _____

      (4)     Did you receive an evidentiary hearing on your petition, application or motion?
                     ☐     Yes
                     ☐     No
      (5)     Result: _____
      (6)     Date of result: _____

(d)     Did you appeal to the highest court having jurisdiction for the result of action taken in any petition, application or motion?
      (1)     First petition, etc."
                     ☐     Yes
                     ☐     No
      (2)     Second petition, etc.:
                     ☐     Yes
                     ☐     No

      (3)     Third petition, etc.:
                     ☐     Yes
                     ☐     No

(e)     If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: _____
_____
_____
_____
_____
_____

8.     State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

A.   GROUND ONE:  **Ineffective Assistance of Counsel**

   (a)   Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:   **Counsel failed ab initio to raise or challenge any of the issues presented herein**

B.   GROUND TWO:  **Lack of Federal Legislative Jurisdiction over the Locus in quo.**

   (a)   Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:   **See, Attached Memorandum of Law with Incorporated Points and Authorities.**

C.   GROUND THREE:  **Lack of Federal Subject Matter Jurisdiction over the alleged prohibitive conduct - want of Commerce Nexus**

   (a)   Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:   **See, Attached Memorandum of Law with Incorporated Points and Authorities.**

Page 6

D.  GROUND FOUR:  **Mis-Application of Federal Law, where such is unenacted, unpromulgated and unimplemented.**

(a)  Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:  **See, Attached Memorandum of Law with Incorporated Pointa and Authorities.**

9.  If any of the grounds listed in 12A, B, C, or D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:  **N/A**

10.  Do you have any petition or appeal pending in any other court, either, District of Columbia or Federal, as to the sentence (or detention) under attack?

☐  Yes
**XX**  No

(a)  If so, give the name and location of the court and case number, if known: _____

11.  Do you have any future sentence to serve after you complete the sentence (or detention) under attack?

☐  Yes
**XX**  No

(a)  If so, give name and location of court which imposed sentence to be served in the future:

(b)    And give date and length of sentence to be served in future: _____

_____

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which
imposed the sentence to be served in the future?

☐    Yes

☐    No


Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in
this proceeding.

_Carl Morgan_
Petitioner's Signature

_1-17-07_
Date

## CERTIFICATE OF SERVICE

**I, CARL MORGAN, HEREBY CERTIFY,** that I (the petitioner) avers in the nature of 28 U.S.C. §1746(1), that one true copy of Petition for Common Law Writ of Habeas Corpus, Application for Common Law Writ of Habeas Corpus, Memorandum of Law with Incorporated Points and Authorities, Judicial Notice, Administrative and Quasi-Judicial Notice via Show Cause Order and Exhibits, has been deposited into U.S. Mail, with sufficient First Class Postage affixed and properly addressed to:

> Solicitor General of the United States
> U.S. Department of Justice
> Constitution Ave. & 10th St. NW
> C/O Paul D. Clement, act.

Note: in the nature of 28 U.S.C. §1254(2), and Supreme Court Rule 29-4(a) and (b), and 28 U.S.C. §2403 (62 Stat. 971, June 25, 1984) the petitioner serves a conformed copy of the foregoing and attached documents (Exhibits) upon the Solicitor General of the United States as required when a question of Law concerning the Constitutionality, or Legitimate application of an unenacted Congressional act is called into question.

Date: _/ - / 7_ ,2007

Submitted by:

_Carl Morgan_

Carl Morgan

Carl Morgan/05428-089
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL MORGAN, | ) | CASE No. **98-CR-218 RTR** |
| Petitioner, | ) | RE: CASE No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| ALBERTO GONZALES, ESQ., | ) | **PETITION FOR** |
| ATTORNEY GENERAL FOR THE | ) | **COMMON LAW** |
| "UNITED STATES," | ) | **WRIT OF HABEAS CORPUS** |
| | ) | **BY A PERSON IN** |
| and | ) | **FEDERAL CUSTODY** |
| | ) | |
| HARLEY G. LAPPIN, DIR., | ) | **TITLE 28 U.S.C. §2241** |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondents. | ) | |

### CONVICTION UNDER ATTACK

1. Name and location of the court which entered the judgment of conviction under attack:

   **U.S. District Court Eastern District of Wisconsin**

2. Date of judgment of conviction was entered: **October 21, 1999**

3. Case number: **98-CR-218 RTR**

4. Type and length of imposed sentence: **120 months as to Count One (1) of the Indictment and 188 months as to Count Two (2) of the information.  Terms to run concurrently for a total term of 188 months of imprisonment**

5. Are you presently serving a sentence imposed for a conviction other than the conviction under attack? ____ Yes  **X** NO

6. Nature of the offense involved (all counts): **Title 18 U.S.C. §922(g)(1), and Title 21 U.S.C. §§841(a)(1), and 846**

7. What was your plea? ____ Not Guilty  **X** Guilty  ____ Nolo Contendre

///// - 1 Petition for Common Law Writ of Habeas Corpus

8. If you entered a plea of guilty to one count of indictment, and a not guilty plea to another count of indictment give details: **N/A**

9. If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement: **N/A**

10. Kind of trial (check one): ___ Jury ___ Judge Only **N/A**

11. Did you testify at trial? ___ Yes **X** No

## DIRECT APPEAL

12. Did you appeal from the judgment of conviction? ___ Yes **X** No

13. If you did appeal, give the name and location of the court's decision (or attach a copy of the court's opinion or order): **N/A**

14. If you did not appeal, explain briefly why you did not appeal: **Attorney failed to file**

   (a) Did you seek permission to file a late appeal?
       ___ Yes **X** No

## POST-CONVICTION PROCEEDINGS

15. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    ___ Yes **X** No

16. If your answer to 15 was "Yes," give the following information **N/A**

## CLAIMS

17. State concisely every claim that you are being held unlawfully for. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in the application all claims for relief which relate to the conviction under attack.

///// - 2 PETITION FOR COMMON LAW WRIT OF HABEAS CORPUS

In order to proceed in federal court, you ordinarily must exhaust the administrative remedies available to you as to each claim on which you request action by the federal court.

**CLAIM ONE:**

<u>Ineffective assistance of counsel</u>

1)  Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim):
    <u>Counsel failed ab initio to raise or challenge any of the issues presented herein.</u>

2)  Did you seek administrative relief as to claim one?
    ___ Yes  <u>X</u> No
    <u>We have administrative grievance to redress the challenges raised herein.  Bureau of Prisons (BOP) is compelled to abide by judgment order of the court.</u>

**CLAIM TWO:**

<u>Lack of Federal Legislative Jurisdiction over the Locus in quo.</u>

1)  Supporting Facts: (Without citing legal authorities or arguments state briefly the facts in support of this claim):
    <u>See, Attached Memorandum of Law with Incorporated Points and Authorities.</u>

2)  Did you seek administrative relief as to claim two?
    ___ Yes  <u>X</u> No
    If your answer is "Yes," describe the procedure followed and the result.  If your answer is "No," explain why you did not seek administrative relief:
    <u>We have administrative grievance to redress the challenge raised herein.  Bureau of Prisons (BOP) is compelled to abide by judgment order of the court.</u>

**CLAIM THREE:**

<u>Lack of Federal Subject Matter jurisdiction over the alleged prohibitive conduct - want of Commerce Nexus.</u>

1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim):
**See, Attached Memorandum of Law with Incorporated Points and Authorities.**

2) Did you seek administrative relief as to claim three?
___ Yes  **X** No
If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief.
**We have administrative grievance to redress challenges raised herein. Bureau of Prisons (BOP) is compelled to abide by judgment order of the court.**

**CLAIM FOUR:**

**Mis-application of Federal Law, where such is unenacted unpromulgated and unimplemented.**

1) Supporting Facts: (Without citing legal authorities or argument state the facts in support of this claim).
**See, Attached Memorandum of Law with Incorporated Points and Authorities.**

2) Did you seek administrative relief as to claim four?
___ Yes  **X** No
If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief.
**We have administrative grievance to redress the challenges raised herein. Bureau of Prisons (BOP) is compelled to abide by judgment order of the court.**

18. Do you have any petition, application, motion or appeal now pending in any court either state or federal, regarding the conviction under attack? ___ YES  **X** No
If "Yes," state the name of the court, case file number (if known), and the nature of the proceeding.
**N/A**

19. State briefly why you believe that the remedy provided by 28 U.S.C. §2255 (Motion to Vacate Sentence) is inadequate or ineffective to test the legality of your detention.

**Because the Legislative Territorial Court wherein the issues now complained of arose, lacks the Constitutional authority to entertain and to adjudicate the issue herein, thus a §2255 Motion is inadequate and inappropriate.**

**WHEREFORE,** applicant, Carl Morgan, prays that the court GRANT him such relief to which he may be entitledin this proceeding.

Date: /-/7 ,2007                    Respectfully Submitted by:

                                    *Carl Morgan*

                                    Carl Morgan/pro-se

///// - 5 Petition for Common Law Writ of Habeas Corpus

Carl Morgan/05428-089
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL MORGAN, | CASE No. <u>98-CR-218 RTR</u> |
|         Petitioner, | RE: CASE No. _____ |
| vs. | |
| ALBERTO GONZALES, ESQ., ATTORNEY GENERAL FOR THE "UNITED STATES," | APPLICATION FOR WRIT OF HABEAS CORPUS |
| and | BROUGHT IN THE NATURE OF COMMON LAW WRIT OF HABEAS CORPUS |
| HARLEY G. LAPPIN, DIR., FEDERAL BUREAU OF PRISONS, | <u>TITLE 28 U.S.C. §2241</u> |
|         Respondents. | |

**BEFORE THIS HONORABLE COURT:**

**COMES NOW,** Carl Morgan, in want of counsel, Petitioner, in the above styled action, (hereinafter "Petitioner"), and as for a VERIFIED PETITIONER FOR WRIT OF HABEAS CORPUS, shows to the court as follows:

1.

That the relief sought herein is provided under the law of Habeas Corpus, in the Common Law, the Constitution and Statutes of the United States of America, and the Federal Civil Court Rules and Procedures. (See attached Memorandum of Law with Incorporated Points and Authorities).

///// - 1 Application for Common Law Writ of Habeas Corpus

2.

That beginning on December 29, 1999, Petitioner herein, has been and is presently imprisoned and restrained of his liberty in violation of the rights thereof as set forth and guaranteed in the Constitution of the United States and Federal Laws made in conformance therewith.

3.

That Carl Morgan, Petitioner herein, is incarcerated in the Federal Correctional Institution, **Oakdale, Louisiana,** in violation of the Constitutional rights of the Petitioner herein, as set forth, without restriction, in Article V, VI, VIII, and XIV in Amendment of the Constitution of the United States, as amended AD 1791.

4.

That the said incarceration of Carl Morgan, Petitioner herein, was ordered by **United States District Judge Rudolph T. Randa, of the Eastern District of Wisconsin, in Case No. 98-CR-218 RTR,** a copy of the order of charging instrument/indictment and Order of Judgment in such case is attached herewith as **Exhibit (a),** to establish that the respondents named above, in the caption area, are the proper custodians over the Petitioner, and thereby the appropriate parties to the instant case.

5.

That this court has personal jurisdiction over the respondent named in the caption area above in the nature of 28 U.S.C. §88; 49 Stat. 1921, June 25, 1936, and the 80th Congress, House Report No. 308, it is shown that the District Court of the United States

for the District of Columbia, is a Constitutional Court, rather than a Legislative-Territorial Court, and therefore is duly empowered under the Constitution of the United States of America, as amended anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this Court's Original Jurisdiction.

6.

That defense counsel rendered ineffective assistance where counsel failed ab initio to raise or challenge any of the issues raised herein.

7.

That the government in want of **Legislative Territorial** or **Admiralty Jurisdiction** over the locus in quo.

8.

That the government moved in want of **Federal Subject Matter Jurisdiction** by failing to charge or prove that the alleged prohibitive act transcended the borders of the sovereign state in violation of the **Federal Interstate Commerce Clause.**

9.

That there is no amendment to the Federal Constitution ratified by three-fourths of the sovereign state to provide for nationwide jurisdiction and application of the **Federal Statutory Provisions** under which the Petitioner is charged.

10.

That the **Federal Statutory Provisions** under which the Petitioner is charged are unenacted by Congress, have not been promulgated in

///// - 3 Application for Common Law Writ of Habeas Corpus

the **Federal Register** or possessed implementing authorities in the **Code of Federal Regulations,** thus do not apply over private citizens.

11.

That to construe or to convert the instant non-statutory **Common Law Writ of Habeas Corpus** into a statutory pleading will be taken as a denial of the pleading as submitted; thus the sustainment of the unlawful incarceration of Carl Morgan, causing injury and in the nature of 42 U.S.C. §§1331, 1983, 1985, and 1986.

12.

That the court is presumed to possess superior knowledge of **Law,** thus the court would be deemed to know from the facts and the law presented and the proceeding before the **Court Record,** that Carl Morgan is in violation of his <u>Constitutional Rights</u> where the court is compelled to provide a <u>remedy-in-law</u> for relief from such unlawful custody.

**WHEREFORE,** in the nature of §2241 and §2243, of Title 28 of the United States Code (June 25, 1948 c. 646, 62 Stat. 965), Carl Morgan requests the court to prepare and issue an Order, directing the respondent to Show Cause, within 3 days, from the date of service, why the instant **Common Law Writ,** should not be GRANTED, where all issues presented, are only questions of law. The respondent will not be under burden to produce records, evidence, witnesses, or prepare for a hearing, and no additional time would be required.

///// - 4 Application for Common Law Writ of Habeas Corpus

In the nature of the principle pronounced in 1 Stat. 122,
May 26, 1970, Sec. 2, March 27, 1804, Stat. 298, Sec. 2,
Carl Morgan executes the foregoing.

Date: _/-/7_ ,2007                    Respectfully Submitted by:

                                      _Carl Morgan_

                                      Carl Morgan/pro-se

///// - 5 Application for Common Law Writ of Habeas Corpus

Carl Morgan/05428-089
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL MORGAN, | ) | CASE No. 98-CR-218 RTR |
| Petitioner, | ) | RE: CASE No. _____ |
| vs. | ) | |
| ALBERTO GONZALES, ESQ., | ) | **CAUSE** |
| ATTORNEY GENERAL FOR THE | ) | MEMORANDUM OF LAW |
| "UNITED STATES," | ) | WITH INCORPORATED |
| and | ) | POINTS AND AUTHORITIES |
| HARLEY G. LAPPIN, DIR., | ) | IN SUPPORT OF COMMON |
| FEDERAL BUREAU OF PRISONS, | ) | LAW WRIT OF HABEAS CORPUS |
| Respondents. | ) | TITLE 28 U.S.C. §2241 |

**BEFORE THIS HONORABLE COURT:**

**COMES NOW**, Carl Morgan, in want of counsel, accused in the above referenced cause, and as for the Petitioner for the Common Law Writ of Habeas Corpus, shows this Honorable Court as follows:

1.

That relief sought herein, is provided for under the Common Law, the Constitution of the United States of America, as amended AD 1791, Article I §9 Cl 2, and in the nature of Title 28 U.S.C. §2241.

//// - 1 Memorandum of Law with Incorporated Points and Authorities - N

2.

That this Honorable Court has personal jurisdiction over the respondents named in the  caption area, supra, in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241. where both respondents have their principle place of business within the District of Columbia.

3.

That in tha nature of **Adams v. United States**, DK. No. 97-2263 ( 2nd Cir. 1998), the Court is compelled to entertain the instant pleading as submitted and to not attempt to construe or concert the pleading into any other statutory provision.  See, **United States v. Morgan**,  346 U.S. 502, 505 (1954).

4.

That the Petitioner sets forth the following with incorporated points and authorities:

(a)  The jurisdiction of Federal courts is defined in the Constitution  at Article III for judicial courts, in Article I for legislative courts, and in Article IV for territorial courts. Some courts created by Acts of Congress have been referred to as "Constitutional Courts", whereas others are regarded as "Legis-lative Tribunals"  **28 U.S.C. §88 District of Columbia-Court**s Act of June 7, 1934, 48 Stat. 926, and Act June 25, 1936, 49 Stat. 1921, provide that the Court of Appeals of the District of Columbia, the Supreme Court, and District Court of the United States for the District of Columbia, are shown to be Constitutional courts created under Article III of the Constitution.  See, **O'Donoghue v. United States**, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct. 74, **Mookini**

///// - 2 Memo. of Law with Incorporated Points and Auth. - N

v. United States, 303 U.S. 201 at 205 (1938), 82 L.Ed 748, 58 S.Ct. 543.  The Federal Trade Commision v. Klesner, 274 U.S. 145 (1927) and Claiborne-Annapolis Ferry Co. v. United States, 285 U.S. 382 (1932).

(b)  That, defense counsel failed ab initio to raise or challenge any of the issues presented herein.

(c)  That the Petitioner is in custody for an act not done or committed in pursuance of an act of Congress or an order, process, judgment, or decree of a court or judge of the United States. And he is in custody in violation of the Constitution and the laws or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

(d)  That the federal statutory provisions under which the Petitioner is charged, have not been promulgated in either the Federal Register or the Code of Federal Regulations, thus the legitimate application of such statutory provisions are restricted to application over federal government only.

(e)  That the government has failed ab initio to establish federal subject matter jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce statute, as a prerequisite to the subsequent charged offense.

5.

That, the Petitioner now shows this Honorable Court that the Federal government lacked legislative, territorial, or admiralty jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged

to be criminal in nature, which were committed well within the borders of the sovereign state.

## INEFFECTIVE ASSISTANCE OF COUNSEL

That, defense counsel failed ab initio to raise or challenge the governments lack of Federal Legislative, Territorial or Admiralty Jurisdiction over the locus in quo. The Petitioner argues that there is no presumption in favor of jurisdiction, where the basis for jurisdiction must be affirmatively shown on the face of the record. See Hartford v. Davies, 16 S.Ct. 1051 (1896). The exclusive legislative jurisdiction of the federal government is not addressed in principle to subject matter, but to geographical location. See, United States v. Beavens, 16 U.S. (3 Wheat) 336 (1818). It is axiomatic that the prosecution must always prove (legislative, territorial or admiralty) jurisdiction over the geographical location whereon the alleged prohibitive acts were purported to have been committed, otherwise a conviction could not be sustained. See, United States v. Benson, 495 F.2d 481 (1946). Federal criminal jurisdiction is never presumed, and must always be proven, and can never be waived. See, United States v. Rogers, 23 F. 658 (DC Ark. 1885). In a criminal prosecution where the federal government is a moving party it must not only establish ownership of the property upon which the crimes allegedly occurred but they must also produce documentation that the state has ceded the jurisdiction to that property to them (view of the Supreme Court) in Fort Leavenworth Railroad v. Iowa, 114 U.S. 525 (1885). No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been published and filed on behalf of the United States as provided

///// - 4 Memo. of Law with Incorporated Points and Auth. - N

and filed in 40 U.S.C. §255, and the fact that the state authorized
the federal government to take and exercise jurisdiction was immat-
erial.  See, **Adams v. United States**, 319 U.S. 312, 63 S.Ct. 1122,
87 L.Ed. 1421 (1943).

7.

The distinction that jurisdiction is more than a technical con-
cept and is a Constitutional requirement.  See, **United States v.
Johnson**, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.ED.
681 Cert den. 87 S.Ct. 44, 134 and at 385 U.S. 846, 17 L.Ed.2d
117.  In the United States, there are two separate and distinct kinds
of jurisdiction:  The jurisdiction of the states within their own
territorial boundaries, and then Federal jurisdiction.  Broadly
speaking, the state jurisdiction encompasses the legislative power
to regulate control and govern real and personal property, individ-
uals, and enterprises within the territorial boundaries of any given
state.  In contrast, Federal jurisdiction is extremely limited:
In July of 1776, after declaring their independence, the new States
possessed all their sovereignty, power, and jurisdiction over all
soil and people in their respective territorial limits.  This con-
dition of supreme sovereignty of each state over all property and
persons within the borders thereof continued notwithstanding the
adoption of the Articles of Confederation.  In Article II, it is
expressly stated:

> " Each state retains its sovereignty freedom and independ-
> ence, and every power, of jurisdiction and right which is
> not by this Confederation, expressly delegated to the United
> States, In Congress assemble."

///// - 5 Memo. of Law with Incorporated Points and Auth. -  N

8.

As the history of the Confederation Government has shown each State was indeed sovereign and independent to the degree that it made the Central Government created by the confederation fairly ineffectual. These defects of the Confederation government strained the relation between and among the states and the remedy became calling a Constitutional Convention. The representatives which assembled at Philadelphia in May of 1787 to attend the Constitutional Convention met for the primary purpose of improving the commercial relations among the states, although the product of the convention produced more than this. But no intention was demonstrated for the states to surrender in any degree, the jurisdiction so possessed by the states at the time, and indeed the Constitution as finally drafted continued the same territorial jurisdiction of the states as existed in the <u>Articles of Confederation</u>. The essence of this retention of each state's jurisdiction is embodied in the Constitution at <u>Article I Section 8 Clause 17 of the Constitution of the United States of America</u>, which reads as follows:

> " To exercise exclusive legislation in all cases whatsoever over such districts (not exceeding Ten Miles Square) as may be cession of particular states, and acceptance of Congress becomes the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the Legislature of the states in which the same shall be for the erection of forts, Magazines, arsenals, dock-yards and other needful buildings."

9.

The reason for the inclusion of this clause in the Constitution was and is obvious. Under the <u>Article of Confederation</u>, the states retain

///// - 6 Memo. of Law with Incorporated Points and Auth. N

full and complete jurisdiction over lands and persons within their borders. Since the time of the ratification and implementation of the present Constitution of the United States, the United States Supreme Court and all lower courts have had many opportunities to construe and apply these provisions of the Constitution. The essence of all these decisions is that the states of this Nation have exclusive jurisdiction of property and persons located within their borders, excluding such land and persons residing thereon which have been ceded to the United States. Perhaps one of the earliest decisions on this point was in the **United States v. Beavens**, 16 U.S. Wheat 336 (1818). This case involved a federal prosecution for murder committed onboard the warship, Independence anchored in the harbor of Boston, Massachusetts. The defense argued that only the state had jurisdiction to prosecute and argued that the federal circuit courts had no jurisdiction of this crime supposedly committed within the Federal Admiralty jurisdiction. In the argument before the Supreme Court, counsel for the United States admitted as follows:

> " The exclusive jurisdiction which the United States have in forts, dock-yards ceded to them is derived from express assent of the states by whom the cessions are made. It could be derived in no other manner; because without it, the authority of the states would be supreme and exclusive therein." **3 Wheat at 350, 351**

10.

In holding that the state of Massachusetts had no jurisdiction over the crime the court held:

> " What then is the extent of jurisdiction which a states possesses?"

> " We answer, without hesitation the jurisdiction of a state is co-extensive with it's territory, co-extensive with it's legislative power." **3 Wheat at 386, 387**

///// - 7 Memo. of Law with Incorporated Points and Auth. - N

" It is observable that the power of exclusive legislation (which
is jurisdiction) is united with cession of territory, which is to
be the free act of the states. It is difficult to compare the two
sections together, without feeling a conviction not to be strenght-
ened by any commentary on them, that in describing the judicial power,
the framers of our constitution had not in view any cession of territ-
ory or, which is essentially the same of general jurisdiction." 3

**Wheat at 388**


## 11.

Thus in **Beavens**, the court established a principle that Federal
jurisdiction extends only over the areas wherein it possesses the
power of exclusive legislation, and this is a principle incorpor-
ated into all subsequent decisions regarding the extent of Federal
Jurisdiction.  To hold otherwise would destroy the purpose, intent
and meanings of the entire Constitution of the United States.  One
year later the Supreme Court of New York was presented with the
same issue, of whether the state of New York had jurisdiction over
a murder committed at Fort Niagara, a Federal fort.  In **People v.
Godfrey**, 17 Johns 225 N.Y. (1819), that court held that the fort
was subject to the jursdiction of the state since the lands therefore
had not been ceded to the United States, the rationale of it's opin-
ion stated:

" To oust this state of its jurisdiction to support and maintain its
laws and to punish crimes, it must be shown that an offense committed
within the acknowledged limits of the state, is clearly and exclusively
cognizable by the laws and courts of the United States.  In the case
already cited Chief Justice Marshall observed that to bring the offense
within the jurisdiction of the courts of the union, it must have been
committed out of the jurisdiction of any state."  It is not (he says)
the offense committed but the place in which it is committed, which
must be out of the jurisdiction of the state. **17 Johns, at 233**
(emphasis added)

///// - 8 Memo. of Law with Incorporated Points and Auth. - N

12.

The case relied upon by this court was the **United States v. Beavens, supra**. At about the same time that the New York Supreme Court rendered it's opinion in **Godfrey**, a similar situation was before a Federal Court, the only difference being that murder was committed in and occurred on lands which had been ceded to the United States. In the **United States v. Cornell**, 2 Manson 60, 1cir. (1819), the Court held that the case fell within Federal jurisdiction, describing such jurisdiction as follows:

> " But although the United States may well purchase and hold lands for public purposes within the territorial limits of a state, this does not of itself oust the jurisdiction or sovereignty of such state over lands purchases. It remains until the state has relinguished its authority over the lands either expressly or by necessary implication. When therefore a purchase of land for any of these purposes is made by the National Government and the state legislature has given its consent to the purchase, the lands so purchased by the very terms of the Constitution ipso facto falls within the exclusive legislation of Congress and the state jurisdiction is completely ousted." **2 Manson at 63**

13.

Almost 18 years later U.S. Supreme Court again was presented a case involving the distinction between state and federal jurisdiction. In **New Orleans v. United States**, 35 U.S. (10 pet) 662 (1836). The United States claimed title to property in New Orleans likewise claimed by the city. After holding that, title to the subject lands was owned by the city, the court addressed the question of federal jurisdiction and states:

" Special provisions is made in the Constitution for the cession of Jurisdcition from the state over places where the Federal Government shall establish forts, or other military works.  And it is only in these places or in the territories of the United States where it can exercise a general jurisdiction."  <u>10 Pet. at 737</u>

14.

In <u>New York v. Miln,</u>, 36 U.S. (11Pet.) 102 (1837), the question before the court involved the attempt by the city of New York to assess penalties agaisnt the master of a ship for failure to make a report as to the persons his ship brought to New York.  As against the master's contention that the act was unconstitutional and that New York had no jurisdiction in the matter, the court held:

" If we look at the places of  its operation, we find it to be within the territory, and therefore, within the jurisdiction of New York.  If we look at the person on whom it operates he is found within the same territorial jurisdiction."  <u>36 U.S. at 135</u>

" **They are these:  That a state has the same** undeniable and unlimited jursidiction over all persons and things within its territorial limits, as any foreign nation, where that jurisdiction is not surrendered or restrained by the Constitution of the United States.  That by virtue of this it is not only the right, but the burden and solemn duty of a state, to advance the safety, happiness and prosperity of its people and to provide for its general welfare by any and every act of legis- lation which it may deem to be conductive to these ends; where the power over the particular subject, or the manner just stated. That all those powers which relate to merely municipal  legislation, or what may perhaps more properly be called internal police are not thus surrendered or restrained and that consequently in relation to these the authority of a state is completely unqualified and exclusive."  <u>36 U.S. at 139</u>

15.

Some eight years later, in <u>Pollar v. Hagan</u>, **44 U.S. (3 How.)** 212 (1845), the question of Federal Jurisdciton was once again be- ///// - 10 Memo of Law with Incorporated Points and Auth. - N

fore the court. This case involved a contest of the title of real property, with one of the parties claiming a right to the disputed property via U.S. patent; the lands in question were situated in Moble, Alabama adjacent to Moble Bay, the court held:

" We think a proper examination of this subject will show that the United States never held and Municipal sovereignty, jurisdiction or right of soil in and to territroy of which Alabama or any of the new states were formed." **44 U.S. at 221**

" Because the United States have no Constitutional capacity to exercise Municipal Jurisdiction, Sovereignty or eminent domain within the limits of a state or elswhere, except in case which it is expressly granted." **44 U.S. at 228, 229**

" Alabama is therefore entitled to the sovereignty and Jurisdiction over all the territory within her limits, subject to the common law." **44 U.S. at 228, 229**

16.

The single most important case regarding the subject of federal jurisdiction appears to be **Fort Leavenworth R. Co. v. Iowa**, 114 U.S. 525 (1885) 995, which set forth the law on this point of federal jurisdiction, fully. There the railroad company's property, which passess through, Fort Leavenworth federal enclave was being subject to taxation by Kansaa, and the company claimed an exemption from the state taxation. In holding that the company is properly taxed, the court carefully explained federal jurisdiction within the states:

" The consent of the state to the purchase of lands within them for the special purpose named is however, essential, under the Constitution to the tansfer of the jurisdiction and dominion. Where lands are acq-uired without such consent, the possession of the United States, political jurisdiction be ceded to them in some other way is simply that of an ordinary proprietor. The property in that case, unless used as a means

///// - 11 Memo. of Law with Incorporated Points and Auth. - N

to carry out the purposes of the government, is subject to the leg-
islative authority and control of the states equally with the property
of private individuals." 114 U.S. at 531

17.

The Constitution for the United States created a government,
which has jurisdiction over certain enumerated subject matter. It
is only in these areas that Congress can enact laws, and when they
do, the Federal Courts are to enforce the law. **But** when laws do not
come from a enumerated power, the Federal Courts are to prevent the
U.S. Government or Congress from applying them.

18.

The Federal Constitution prescribes what the "jurisdiction" of
the Federal Government is by the enumerated powers. That government
can regulate foreign and interstate commerce, fix the standards of
weights and measurements, establish uniform laws on bankruptcies,
coin money and provide for the punishment of counterfeiting of coins
and securities of the United States, protect the arts and sciences
by copyrights and patents, punish for piracies and felonies commit-
ted on the high seas, raise and support an army and navy, and lay
and collect taxes by appointment, and indirect taxes by exercise,
duties, or imports.

19.

This is about the extent of the legitimate jursdiction of the
Federal United States Government. It is only in these areas, **supra**,
that a "crime (or offense) against the Federal United States" can
exist, and this is so only when Congress actually passes a Law in
one of these areas:

///// - 12 Mem. of Law with Incorporated Points and Auth. - N

But an act committed within a State for good or a bad purpose, or whether with honest or a criminal intent, cannot be made an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States of America.

20.

**United States v. Fox**, 95 U.S. 670, 672 (1877).  [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever.  The criminal jurisdiction of the Courts of the United States is wholly derived from the Statutes of the United States.  **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890); **United States v. Flores**, 289 U.S. 137, 151 (1932).  Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court.  **United States v. Bedford**, 27 Fed. Cas., p.91 103, Case No. 15,867 (1847).

21.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offence against the United States unless it is made so by Congressional Act pursuant to the U.S. Constitution.  There is no other source from which Congress can get authority to make law, including the Common Law.  Thus it has been said that, "There is no Federal Common Law."

22.

But the better way of stating this is to say, "There are no Common Law Offenses (or crimes) against the United States."  **United States v. Britton**, 108 U.S. 199, 206 (1882);  **United States v. Eaton**, 144 U.S. 677, 687 (1891);  **United States v. Gradwell**, 243 U.S. 476, 485 (1916);  **Donnelley v. United States**, 276 U.S. 505-511 (1927);

///// - 13 Memo. of Law with Incorporated Points and Auth. - N

<u>Jerome v. United States</u>, 318 U.S. 101, 104 (1942); <u>Norton v. United States</u>, 92 Fed.2d 753 (1937). In other words, the Common Law is not a source for criminal jurisdiction as it is in the States. <u>United States v. Grossman</u>, 1 Fed.ed 941, 950-51 (1924).

23.

By "jurisdiction" is meant the authority of the Federal Courts to hear and decide a matter. Thus it is even more correct to say that, "The Federal Courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (Federal Courts) can take jurisdiction. <u>State of Pennsylvania v. Wheeling E. Bridge Co</u>., 13 How. (54 U.S.) 518, 563 (1851).

24.

If Congress tries to make a Common Law Offense a crime (such as libel, drugs, theft, burblary, murder. kidnapping, arson, rape, abortion, assault, fraud, etc.), which have no relation to an enumerated power, it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus the only thing that can be a crime against the "United States" is that which comes from the U.S. Constitution. These concepts were stated early on by the U.S. Supreme Court:

> In relation to crimes and punishments, the objects of the delegated power of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the

Art. §8 ***, but  there is no reference to a Common Law authority.
Every power is [a] matter of definite and positive grant; and the
very power that are granted cannot take effect until they are exercised
through the medium of law.  The **United States v. Worrall**, 2 Dall. (2.
U.S.) 384, 391 (1798).

### 25.

A Constitution is not to be  made to mean one thing at one time,
and another at some subsequent time when the circumstances have so
changed, as perhaps to make a different rule in the case desirable.
A principal share of the benefit expected from written Constitution
would be lost if the rules they establish were so flexible as to bend
to circumstances or be modified by public opinion.  [A] court or
legislature which should allow a change in public sentiment to influ-
ence it in giving to written constitution a construction not warranted
by the intention of its founders, would be justly chargeable with
reckless disregard of Officail Oath (28 **U.S.C.** §453-18 **U.S.C.** §1621)
and public duty; and if its course could become a precedent these
instruments would be of little avail.  What court is to do, therefore,
is to declare the law as written.  **T.M. Cooley, A Treatise on the
Constitutional Limitation**, 5th Ed., pp. 54,55., rather than be swayed
by polictical ambition and the unlawful unsurpation of police powers.
Chief Justice, John Marshall stated:

> " We [Judges] have no more right to decline the exercise of jurisdiction,
> which is given, than to usurp that which is not given.  The one or the
> other would be treason to the Constitution." **Cohens v. Virginia**, 6
> Wheat. (19 U.S.) 264, 404 (1821).

### 26.

The district court erred in not determining jurisdiction prior
to entertaining the cause.

///// - 15 Memo. of Law with Incorporated Points and Auth. - N

a.    Standard of Review

The court's duty to resolve the jurisdiction of the court, regardless of who brings the action, the court must make a legal finding as to its authority to take venue and jurisdiction, before the court moves to entertain the cause before it.  See, <u>20 Am Jur 2d</u> <u>§60, 377</u>

### §60    Power and Duty to Determine Jurisdiction

A Court has the power and duty to examine and determine whether or not it has jurisdiction over the subject matter presented to it, and its determination being subject, of course, to appellate review.  This question should be considered by the court before it looks at other matters involved in the case, such as whether the parties are properly before the court. It may, and must do this on its own motion, without waiting for the question of its jurisdiction to be raised by any of the parties involved in the proceedings.

### §62    Jurisdiction as dependent on application for relief

The general rule is that the court cannot adjudicate a controversy on its own motion; it can do so only when the controversy is presented to it by a party, and only if the case is presented to it in the form of a proper pleading.  A court has no power either to investigate or to initiate proceedings.  When a statute prescibes a mode of acquiring jurisdiction, that mode must be followed or the proceedings and resulting judgment will be void and the judgment subject to collateral attack.

### §65    Effect of Lack of Jurisdiction

" THE GENERAL RULE IS THAT PROCEEDING CONDUCTED OR DECISIONS MADE -- BY A COURT ARE LEGALLY VOID WHEN THERE IS AN ABSENCE OF JURISDICTION OVER THE SUBJECT MATTER.

A COURT DEVOID OF JURISDICTION OVER THE CASE CANNOT MAKE

///// - 16 Memo. of Law with Incorporated Points and Auth. - N

A DECISION IN FAVOR OR EITHER PARTY, CANNOT DISMISS THE COMPLAINT
FOR FAILURE TO STATE A CLAIM AND CANNOT RENDER A SUMMARY JUDGMENT,
AS A DECISION WOULD BE ON THE MERITS OF THE ACTION.  IT CAN ONLY
DISMISS THE CASE FOR WANT OF JURISDICTION.  HOWEVER, A COURT CAN SET
ASIDE ORDERS IT MADE BEFORE THE WANT OF JURISDICTION WAS DISCOVERED,
AND A JUDGMENT BY A COURT WITHOUT JURISDICTION OVER SUBJECT MATTER
CAN BE SET ASIDE AND VACATED AT ANY TIME BY THE COURT THAT RENDERED
IT."  (In Part)

27.

The Petitioner asserts that the District Court lost its juris-
diction, once it failed to determine jurisdiction to hear this case
at bar before proceeding with sentencing and/or trial.

28.

The question of challeging the court, and the United States
jurisdiction, was never waived by this Petitioner, it is well settled
in the law that when jurisdiction of the court and of the United States
is challenged, thus **"Onus Probandi is the actor."**  Onus Probandi
burden of providing the burden of proof,  "The strict meaning of the
Onus Probandi," is that, if no evidence is adduced by the party on
whom the burden is cast, the issue must be found against him, <u>Davis v.
Rogers</u>, 1 Houst (del.) 44.  "Where jurisdiction is challenged it
must be proved," <u>Hagen v. Lavine</u>, 415 U.S. 528 (1974).  Because it
is not sufficient that jurisdiction of the United States Courts may
be inferred argumentatively from averments in the pleadings it fol-
lows that the necessary factual predicate may not be gleaned from the
briefs and arguments themselves; this principal of federal jurisdiction
applies whether  that case is at the trial stage or at the appellate
stage.

///// - 17 Memo. of Law with Incorporated Points and Auth. - N

29.

The Petitoner asserts that the court and government has not been granted jurisdiction through the Constitution of the United States of America, to adjudicate matters beyond the legislative jurisdiction of the United States.  The courts and the government have failed to offer proof, or make findings and conclusions of law, as to the jurisdiction in the above alleged criminal action.  "A court cannot proceed at all in any case without jurisdiction but must announce the fact and dismiss the cause."  See, Ex Parte McCardle, 7 Wall 506, 19 L.Ed. 264.  Before considering each of the standings theories, it is appropriate to restate certain basic principals that limit  the power of every Federal Court.  Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto. e.q. Marbury v. Madison, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803). For that reason, every Federal Appellate Court has a special obligation to "satisfy itself not only of its jurisdiction, but also that of the lower courts in a cause under review,"  even though the parties are prepared to concede it.  Mitchell v. Maurer, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934)  See, Judice v. Vail, 430 U.S. 327 331, 332 51 L.Ed.2d. 376, 97 S.Ct. 1211 (1977)(standing), "and if the record discloses that the lower courts was without jurisdiction (such as in this case) this court will notice the defect, although the parties make no contention concerning it."  See, Bender v. Williams Port Areas School District, 475 U.S. 534, L.Ed.:2. 501, 106 S.Ct. 1326.  When the lower Federal Court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining

///// - 18  Memo. of Law with Incorporated Points and Auth. - N

the suit. See, <u>United States v. Corrick</u>, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D.Vy. 829 (1936). See also e.q., <u>United States v. Mata</u>, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981), <u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 511 37 L.Ed.2d, 109, 93 S.Ct. 222 (1973), <u>Clark v. Paul Gray, Inc</u>., 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct. 744 (1939), <u>St. Paul Mercury Indemnity Co. v. Red Cab Co</u>, 303 U.S. 283, 287-288 n.10 82 L.Ed. 845 58 S.Ct. 586 (1936). This obligation to notice defects in a court of appeals, subject matter jurisdiction, assume a special importance, when a constitutional que-stion is presented. In such cases we have held strictly to the stand-ing requirements to ensure that out deliberations will have benefit of adversary presentation and full development of the relevant facts. The court must be mindful that the powers of the legislature are de-fined and limited and that those limits may not be mistaken of forgotton, the Constitution of the United States of America has been written indeed this is the very essence of the judicial duty. See, <u>Marbury v. Madison</u>, 5 U.S. 137, 176-178, 1 Cranch 137 (1803).d See, also, <u>Bell v. Maryland</u>, 378 U.S. 266, 224 (1964)(Douglas J. Concurring). " A district court are courts limited jurisdiction, which has only powers conferred on it by this Title under 28 U.S.C.A. Article III, and cannot assume jurisdiction." See, <u>Stanard v. Olesen</u>, 74 S.Ct768 (1954) also, <u>McNutt v. G.M</u>., 56 S.Ct. 789, 80 L.Ed. 1135., and <u>Thom-son v. Gaskiel</u>, 62 S.Ct. 573, 83 L.Ed. 111. It is clear that federal jurisdiction does not rest in federal statutes that do not invest exclusive jurisdiction. Neither statute governing courts authority not the statute governing the charged crime invest exclusive auth-ority of the subject matter to justify the abrupt (police power) removal of this Petitioner from the State jurisdiction, by the Federal

Government.  The Supreme Court in **Housenbaum v. Bauer**, 120 U.S. 450 (1887), searching the language of the statute to see if jurisdiction is conferred by a statute stated:

> " Here we are bound by statute and not by States alone, but by an act of Congress, which obliges us to follow the State statute and State practice.  The Federal courts are bound hand and foot, and are compelled and, obliged by the federal legialature to obey the State law."

30.

The Petitioner contends that such rules prevail where it appears from the record that the court was without jurisdiction, of either person or the subject matter.  For the record, where it appears from the <u>record</u> that the court did not have jurisdiction of the person or the subject matter, there is not conclusive presumption to preclude an injury into the fact and to prevent a declaration of the invalidity of the judgment.  A record, which affirmatively shows want of jurisdiction, is of its self, **conclusive as that fact**.

31.

Moreover, a district court judge may and must check for the courts jurisdiction to proceed, in the pleading proceeding.  He must do this on his own motion without waiting for the question of lawful jurisdiction to be raised by any of the parties involved in the proceedings.  He is charged to know that the court proceedings conducted absent jurisdiction over the subject matter are legally void and subject to collateral attack.  See, **46 American Jurisprudence 2d.  Judgment §26**.  As a district court judge charged with knowledge that jurisdiction is the authority to hear and determine a specific case within a class over which the court has subject matter juris-

diction. Also awareness that his court is subject to **Territorial limitation and cannot extend** the jurisdiction authority which comes pursuant to an act of Congress and under which behalf the court functions. Knowing that the jurisdiction of his court is limited, and can be further limited by constitutional or statutory provisions to only part of the territory of the sovereignty to which the court belongs. See, **American Jurisprudence 2d. Courts §115**.

32.

The district court of Petitioner's conviction is one limited and special original jurisdiction, its action must be confined to the particular cases, controversies, and parties over which the constitution and the laws have authorized it to act; any proceedings without the limits prescribed is Coran Non Judice and its actions a nullity. See, **State of Rhode Island et. al. v. Commonwealth of Mass.** 37 U.S. 657 (1938). The statute designating the Federal Government charges, that if a crime does not authorize concurrent jurisdiciton doctrine authorize concurrent jurisdiction. See, **Adams v. United States**, 87 L.Ed. 1421. The jurisdiction to detemine jurisdiction doctrine authorizes courts to issue ancillary orders while determining thier own jurisdiction, and to punish as criminal contempt, the violations of such others, even though it may later be determined that the court lacks jurisdiction over the proceedings. When a court assumes jurisdiction but later discovers that it has no subject matter jurisdiction, the court must take the appropriate action, although it acted in accordance with its previous belief that it had jurisdiction. See, **American Jurisprudence 2d. Courts §60 page 377** Jurisdiction to render a judgment in a particular case or against particular persons may not be presumed where the record itself shows

///// - 21 Memo. of Law with Incorporated Points and Auth. - N

jurisdiction has not been acquired.  See, **Old Wayne Mut. Life Asso.**
**v. McDonough**, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236.  Hence a
fact connected with jurisdiction to render a judgment may not be
in the face of statements to the contrary in the record.

### FAILURE TO ESTABLISH FEDERAL INTERSTATE COMMERCE NEXUS

33.

**Defense counsel was ineffective by failing to raise or challenge**
**the governments lack of Federal Subject Matter Jurisdiction over**
**the alleged prohibitive acts charged against the petitioner.**

34

That, **defense counsel failed ab initio** to raise or challenge
that the Federal Statutory Provisions under which the petitioner
is charged failed to contain language of an Interstate Commerce
Nexus.  The enumerated subsection under which the petitioner is
unlawfully incarcerated and detained of his liberty, possess no
language which could be construed as importing, interposing or
incorporating a Commerce Nexus.  Thus, the language of the statute
does not grant Federal Subject Matter Jurisdiction, nor grant
formal notice to the accused party that the alleged violation of
**Titles 18 §922(g)(1), & 21 §§841(a)(1), & 846,** also invokes
an uncharged violation of the Federal Interstate Commerce Statute,
even though no prohibitive acts moved beyond the borders of the
sovereign state or across state line or international borders.
The Federal Government does not have a general police power, there-
by the legitimate application of **Title 18 U.S.C. Section 922(g)(1),**
**and Title 21 U.S.C. §§841(a)(1), and 846,** may only be applied if
connected to an alleged violation of the Interstate Commerce
Statute.

///// - 22 Memo. of Law with Incorporated Points and Auth. - N

35.

Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d. 252 (1960) at 857. The Supreme Court stated that, " The essential element was the allegation of an effect on Interstate Commerce which provided the court with (subject matter) jurisdiction" over the alleged prohibitive acts. Where the instant matter is concerned, the government has failed ab initio to establish that the prohibitive conduct of the petitioner, moved beyond the border of the sovereign state, thus in the clear absence of a commerce charge, the government failed to establish Federal Subject Matter jurisdiction over the alleged offense.

36.

Under our federal system, the "States possess primary authority for defining and enforcing the criminal law." See, Brecht v. Abrahamson, 507 U.S. 123 L.Ed.2d 353, 113 S.Ct. 1710 (1993),quoting: Engle v. Isaac, 456 U.S. 107, 71 L.Ed.2d 783, 102 S.Ct. 1031, 162 ALR 1330 (1945)(plurality opinion) "our National Government is one of delegated powers alone. Under our federal system the administration of criminal justice rests with the states except as Congress, acting within the scope both delegate powers has created offenses against the United States." When Congress criminalizes conduct already denounced as criminal by the State it affects a change in the sensitive relation between federal and state criminal jurisdiction. United States v. Unmans, 410 U.S. 396 441-412, 35 L.Ed.2d 379, 93 S.Ct. 1007 (1973). quoting, United States v. Bass, 404 U.S. 336, 349 30 L.Ed.2d 488, 92 S.Ct. 515 (1971). It's obvious the government would have to acknowledge that Title 18 U.S.C. §922(g)(1), and Title 21 §§841(a)(1), and 846

///// - 23   Memo. of Law with Incorporated Points and Auth. - N

displaces state policy in that its prohibitions is being used in every state. **18: §922(g)(1), & 21: §§841(a)(1), & 846** is now being used outside its scope of intended use by inappropriately over-riding State Law. By imposing higher penalties and establishing mandatory penalties for the same offenses that the state already charges. The policies reflected in these provisions could legit-imately be adopted by the states but they should not be imposed upon the states by Congress. By the government's use of these statutes outside its scope and intended use we have a system that can punish the same act by different individuals with different and more selective punishment. Thus, the abuse mentioned, defen-dant in the case also charges the government was selective by going outside its jurisdiction which was clearly spelled out by the 99th Congress 2d Session, of the Federal Statutory Provisions under which the Petitioner is alleged to have violated the act in question to determine, whether it applies solely within the juris-diction of the United States. Analysis of the operative sections of the act, particularly the sections at issue herein, clearly reveals that there is nothing, which indicates that the act applies anywhere but within the United States Territories and Enclaves. There is simply no statutory language expressly stating that the act applies "extra jurisdictionally". Further, the Federal Statutory Provisions which are an issue **18: §922(g)(1), and 21: §§841(a)(1), & 846** totally fail to mention or refer to "Interstate Commerce" or otherwise connect the provisions of this act to Congressional Interstate Commerce Powers. That is particulary apparent from a review of 18: §922(g)(1), & 21: §§841(a)(1), & 846 mention nothing in reference to Interstate Commerce. It should be noted that in other criminal acts Congress statutorily bases

///// - 24 Memo. of Law with Incorporated Points and Auth. - N

such acts upon its "Interstate Commerce Powers".

37.

The Petitioner asserts prosecutorial misconduct and plain error, 52(b) F.R.C.P., in that the application was not within the scope of Rule 7(c)(1), F.R.C.P. to the indictment in which was an amendment to cure the jurisdiction requirement; the indictment failed to explicitly, allege a (nexus) to commerce. See, **United States v. Knowles**, 29 F.3d 947, 952 (5th Cir. 1994).

38.

The Petitioner stands firm on his assertion that he was highly prejudiced by the prosecutor, not qualifying the jurisdiction nexus in the statute, to the Grand Jury. The Second and Third Circuit is on record as expressing the view that "when the word or phrase is used in the Sect. of the "Act" more than once, and the meaning is clear as used in one place." **Meyer v. United States**, 175 F.2d 45, 47 (2nd. Cir. 1949), quoting, **Lewellyn v. Nunez**, 573 F.2d 769 (2nd Cir. 1978), and, **C.I.R. v. Ridgeway's Estates**, 291 F.2d 257 (3rd Cir. 1961). It is elementary principal of criminal pleading, that where the definition of an offense, whether it be common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the specifics it must descent to a particulars, **United States v. Crikshank**, 92 U.S. 542, 558, 23 L.Ed. 588, 593. An indictment not framed to appraise the defendant with reasonable certainty, of the nature of the accusation against him, and it's jurisdiction to sustain those accusations is defective, although it may follow the language of the statute. See, **United States v. Simmons**, 96 U.S. 360, 362, 24 L.Ed. 819, 820. In as in-

///// - 25 Memo. of Law with Incorporated Points and Auth. - N

dictment upon statue, it is not sufficient to set forth the offense in the words of a statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.  See, United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135, certainly the jurisdictional nexus, constitutes one of the elements.  Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the fact and circumstances as well inform the accused of the specific offense, coming under the gerneral description with which he is charged, (an indictment that fails to state its jurisdistion nexus in the pleadings or statute, certainly would not be informing the accused of the above provisions).  For similar views see, United States v. Hess, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543; Blitz v. United States, 153 U.S. 308, 315, 38 L.Ed. 725, 727, 14 S.Ct. 924; Keck v. United States, 172 U.S. 434, 437, 43 L.Ed. 505, 507, 19 S.Ct. 254; Morissette v. United States, 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf. U.S. v. Petrillio, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538.  That these basic principals of fundemental fairness retain their full vitality under modern concepts of pleading and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure.  In this case at bar, a mere citation (such as the government used in this case) to the applicable statute does not give the defendant notice of the nature of the offense.  An indictment that must rely on a statutory citation does not fully, directly, and expressly, without any uncertainty or ambiguity set forth all the elements (such as jurisdiction) necessary

to constitute the offense intended to be punished (or to sustain the charges). See, **Hamling v. United States**, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed.2d. 590 (1974). Furthermore, a statutory citation does not ensure that the Grand Jury has considered and found all essential elements such as (jurisdiction) of the offense charged. It therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an infamous crime unless of indictment of a Grand Jury. See, **United States v. Pupo**, 841 F.2d 1235 (4th Cir. 1988) quoting, **United States v. Hooker**, supra. at 841 F.2d 1225 (4th Cir. 1988). As stated in **Hooker**, when an indictment fails to include as essential element of the offense charged, it thereby fails to charge any federal offense and conviction under the indictment may not stand. A Grand Jury in order to make the ultimate determination, must necessarily determine, what gives the government jurisdiction to sustain, or bring these charges. To allow the prosecutor, or the court to make a subsequent guess as to what was in the minds of the Grand Jury at the time they returned the indictment would deprive the defendant of a basic protection which guarantee of intervention of a Grand Jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by a Grand Jury or perhaps, not even presented to the Grand Jury which indicted him such as this case now, before this court, the jurisdiction nexus needed and required certainly was never presented to the defendant's Grand Jury. For similar views see, **Orfield Criminal Procedure from Arrest to Appeal 243.** This underlying principal is reflected by the settled rule in the federal courts that an indictment may not be amended excpet by resubmission to the Grand Jury unless the charge is merely a matter of form, **Ex Parte Bain**, 121 U.S. 1, 30 L.Ed. 849,

7 S.Ct. 781; Unit States v. Norris, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424, Stirone v. United States, 361 U.S. 212, 4 L.Ed.2d., 80 S.Ct. 270. If it lies within the province of a court to amend an indictment to suit its own notion of what ought to have been, when such allegation of a commerce nexus is not submitted to the Grand Jury, neither the government or court has the authority to amend an indictment to incorporate the crucial missing element. The great importance which the common law attaches to an indictment by a Grand Jury, as a prerequisite to a prisoner's trial for a crime and without which the Constitution says no person shall be held to answer, may be frittered away until its value is almost destroyed. any other doctrine would place the rights of the citizens which were intended to be protected by this Constitutional provision, at the mercy or control of the court or prosecuting attorney; for if it be once held that the charges can be made by the consent or the order of the court in the body of theindictment as presented by the Grant Jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court, in regards to the prerequisite of an indictment, in reality no longer exists. Ex Parte Bain, supra (121 U.S. at 10. 13). This court must be aware that "the very purpose of the requirement that a man be indicted by a Grand Jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney of judge." See, Stirone v. United States, supra. (361 U.S. at 218).

## LACK OF ADMINISTRATIVE AGENCY JURISDICTION
## OVER LOCUS IN QUO

### 39.

Defense counsel was ineffective by failing to raise or challenge that no amendment to the Constitution can be found to provide for the unbridled, nationwide application of the Federal Statutory Provisions under which the Petitioner is charged.

### 40.

The Constitution for the United States created a government which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law. But when laws do not come from an enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

### 41.

The Federal Constitution prescribes what the "jurisdcition" of the Federal Government is by the enumerated powers. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide for the punishment of counterfeiting of the coins and securities of the United States protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on high seas, raise and support an Army and Navy, and lay and collect direct taxes by apportionment, and indirect taxes by exercise, duties, or imports.

42.

This is about the extent of the legitimate jurisdiction of the Federal United States Government. It is only in these areas, supra, that a "crime (or offense) against the Federal United States" can exist, and this is so only when Congress actually passes a Law in one of these areas. But an act committed within a State, whether with honest or criminal intent, cannot be made an offense against the United States unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction the United States. **United States v. Fox**, 95 U.S. 670, 672 (1877). [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever. The criminal jurisdiction of the courts of the United States is wholly derived from the statutes of the United States. **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890): **United States v. Flores**, 289 U.S. 137, 151 (1932). Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court. **United States v. Beford**, 27 Fed. Cas., Pg. 91, 103 Case No. 15,867 (1847).

43.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by Congressional Act pursuant to the U.S. Constitution. There is no other source from which Congress can get authority to make Law, including the Common Law. Thus, it has been said that, "There is no Federal Common Law."

44.

But the better way of stating this is to say, "There are no ///// - 30 Memo. of Law with Incorporated Points and Auth. - N

Common Law offenses (or crimes) against the United States." United States v. Britton, 108 U.S. 199, 206 (1882); United States v. Eaton, 144 U.S. 677, 687, (1897); United States v. Gradwell, 243 U.S. 476 485 (1916); Donnelley v. United States, 276 U.S. 505, 511 (1927); Jerome v. United States, 318 U.S. 101, 104 (1942); Norton v. United States, 92 Fed.2d 753 (1937). In other words the Common Law is not a source for criminal jurisdiction as it is in States. United States v. Grossman, 1.Fed.2d 941, 950-51 (1924).

45.

By "jurisdiction" is meant the authority of the federal courts to hear and decide a matter. thus, it is even more correct to say that, "The federal courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (federal courts) can take jurisdiction." State of Pennsylvania v. The Wheeling E. Bridge Co., 13 how. (54 U.S.) 518, 563 (1851).

46.

If Congress tries to make a Common Law offense a crime (such as Libel, Drugs, Theft, Burglary, Murder, Kidnapping, Arson, rape, Abortion, Fraud, etc.), having no relation to an enumerated power it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus, the only thing that can be a crime against the "United States" is that which comes from the U.S.Constitution. These concepts were stated early on by the U.S. Supreme Court.

" In relation to crimes and punishments, the objects of the delegated powers of the United States are enumerated and fixed. Congress may

///// - 31 Memo. of Law with Incorporated Points and Auth. - N

provide for the puishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the law of nations. Art. §8 but there is no reference to a Common Law Authority. Every power is [a] **matter** of definite and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of a law. **The United States v. Wortall**, 2 Dall. (2 U.S.) 384, 391 (1798).

47.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so changed, as perhaps to make a different rule in the case seem desirable. A principal share of the benefit expected from written constitutions would be lost if the rules they establish were so flexible as to bend to circumstances or be modified by public opinion. [A] court of legislature which should allow a change in public sentiment to influence it in giving to a written consitution a construction not warranted by the intention of its founders, would be justly chargeable with reckless disregard of the official oath. (28 U.S.C. §453 - 18 U.S.C. §1621) and public duty; and if its course could become a precedent, these instruments would be of little avail. What a court is to do, therefore, is to declare the Law as written. **T.M Cooley. A Treaties on the Constitutional Limitations**, 5th Ed., pp.54, 55, rather than be swayed by political ambition and the unlawful usurpation of police powers. Chief Justice, John Marshall stated:

> We [Judges] have no right to decline the exercise of jurisdiction which is given, that to usurp that which is not given. the one or the other would be **Treason** to the Constitution. **Cohens v. Virginia**, 6 Wheat (19) U.S. 264, 404 (1821).

///// - 32 Memo. of Law with Incorporated Points and Auth. - N

48.

The United States Code was approved by an Act of Congress on June 30, 1926 (44 Stat. Part I). The code is assembled and revised under the supervision of "The Committee on the Judiciary of the House of Representatives". The main work of revision is done by a subcommittee or office of this committee called "the Office of the Law Revision Counsel of the House of Representatives." It consists of an appointed supervisor, some memebers of Congress, some volunteer Lawyers, and persons form West Publishing of St. Paul, Minnesota.

49.

When the U.S. Code was first published, it never was stated to be the official laws of the United States. Rather, it was stated that the Code was a "Restatement" of law, or was only "prima facie evidence of the laws of the United States." On this matter the court stated:

> The United States Code was not enacted as a statute, nor can it be construed as such. It is only a prima facie statement of the statute law.... If construction is necessary, recourse must be had to the original statutes themselves. Five Flages Pig Line Co. v. Dept. of Transportation, 854, F.2d 1438, 1440 (1988); Stephan v. United States, 319 U.S. 415, 426 (1943), 44 Stat Part 1, preface; Murrell v. Western Union Tel. Co., 160 F.2d 787, 788, (1947); United States v. Mercur Corp., 83 F.2d 178, 180 (1936).

50.

this tells us that the United States Code, as originally established, was not on an equal plain with the "original statutes" or the Statutes at Large. thus, the Code was not True Law. With the state of regular use of the U.S. Code, numerous problems arose in that it contained mistakes, errors and inconsistencies as compared

///// - 33 Memo. of Law with Incorporated Points and Auth. - N

to the Statutes at Large     Thus, in 1947, Congress enacted several of the Titles into "positive law," such as the Act:  "To codify and enact into positive law, **Title 1 of the United States Code**," In doing so they devised some new terminology; which is set out under **61 Stat.** 633, 638-644; 1 U.S.C. §204(a).

### 51.

Look back at the cases cited, which state that the criminal jurisdiction of the United States exists only by Acts of Congress pursuant to the Constitution.  In the nature of a question of law, if a federal court were asked whether the Code cited in an indictment is an Act of Congress, the court could not rightfully say it is, because the Code citation contains no congressional enacting clause for that citation as required  by **61 Stat. 633, 634, §101.**  If no such enacting clause appears on the face of the law, it is not an act of Congress and **no** criminal jurisdiction exists wihtout a bona fide Act of Congress.  The argument in such a case is that the indictment does not set forth a case arising under the Constitution, as there is no Act of Congress with a duly required enacting clause.  Thus, there is no subject matter jurisdiction pursuant to the federal judicial power defined in the nature of **Article III, §2 of the Federal Constitution.**

### 52.

No where does it say in the Code, or in the pronouncements by Congress or the Courts, that the laws in the U.S. Code are Acts of Congress.  In fact, the Code is always regarded as something different from the **Statutes at Large.**

But no one denies that the official source to find United States law is the <u>Statutes at Large</u> and the Code is only prima facie evidence of such laws.

///// - 34 Memo. of Law with Incorporated Points and Auth. - N

54.

An invalid, unconstitutional or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information. If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction. when an accused-party is indicted under a not-yet-effective or unenacted statute, the charging documents is void.

55.

Congress has no general power to enact police regulations operative within the territorial limits of a State. Slaughter-House Cases, 83 U.S. 36; United States v. Dewitt, 76 U.S. 41; Gibbons v. Ogden, 22 U.S. 1; and it cannot take this power from the states or attempt any supervision over the regulations of the States established under this power, Keller v. United States, 213 U.S. 138. The exercise of the police power by a state is beyond interference by the Federal Government. See also, People v. Godfrey, 17 Johns 225, at 233 (N.Y. 18181); United States v. Bevans, 16 (3 Wheat) 336 (1818); Adams v. United States, 319 U.S. 312 (1943), and Caha v. United States, 152 U.S. 211, 215 (1894), Supreme Court authorities, which contain language that leaves no room for misinterpretation of mis-application.

## UNPROMULGATED REGULATORY STATUTES

56.

defense counsel was ineffective by failing to raise that there are no public implementing regulations in the Code of Federal Regulations (CFR) for the Federal Statutory Provisions under which the petitioner is charged.

///// - 35 Memo. of Law with Incorporated Points and Auth. - N

57.

That, defense counsel failed ab initio to raise or challenge the fact that the Federal Statutory Provisions under which the Petitioner is charged are unenacted by Congress, unpromulgated in the Federal Register and possess no public implementing authorities in the Federal Code of Regulation. The Petitioner would like the record to reflect that the Federal Statutory Provision under which he is charged, are in fact <u>commercial regulatory statutes</u> which have not promulgated in the Federal Register or the Code of Federal Regulations, as required under 44 U.S.C. §1505, et seq., and 5 U.S.C. §601. Therefore, it is arguable that this court has jurisdiction to adjudicate sanctions for violation of Unpromulgated Regulatory Statutes. The petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused-party is charged, have published regulations, thus these particular Federal Statutory Provisions **Title 18 U.S.C. §922(g)(1), and Title 21 §§841(a)(1), & 846** lack the force and effect of law, when mis-applied beyond the parameters of Rule 54(C)- Acts of Congress of the Federal Rules of Criminal Procedure.

58.

In **<u>Foley Brothers v. Filardo</u>, 336 U.S. 281 (1949)**, the high court stated, "It is well established as a principal of law, that all federal legislation applies only within the territorial jurisdiction of the (federal) United States unless a contrary intent appears." In order for a contrary intent to be facilitated, delegations of authority and implementing regulations must be published in the Federal Register.

59.

Fortunately, there is a readily available method for discerning which Statute at Large, and which Statute contained within the 50 Titles of the United States Code, possess either restricted application, or general applicability to the several States and the population at large. This method is through consulting the Parallel Tables of Authority and Rules which begins at page **709 of the 1998 Index Volume to the Code of Federal Regulations.** Its authoirty is located at 1C.F.R.§8.5(a).

60.

The **Administrative Procedures Act,** located at <u>5 U.S.C. §§552 ET SEQ.</u>, and the Federal Register Act, located at <u>44 U.S.C. §1505 et seq.</u>, provide the means for determining which Statutes in any given act of Congress are applicable, within federal areas, and which Statutes have "general" applicability within the territories, enclaves, and insular possessions, belonging to the federal United States. At §1505(a)(1), of Title 44, of the United States Code, it is found that if a Statute is not published in the Federal Register, the application of the statutory provision is restricted to federal agencies, or persons acting in their capacity as officers, agents or employees of the federal governement.

61.

Positive Law is the irrefutable Law of the United States of America, which has withstood the test of time. However, when federal statutory provisions are not duly and properly promulgated in accordance with the law, then such Statutes lack the force of law, and may not be applied capriciously or arbitrarily.

62.

In <u>Hotch v. United States</u>, 212 F.2d. 280 (9th Cir. 1954), at p.283, the court stated:

> " Under our system of law, no act is punishable as a crime unless it is specifically condemned by the Common Law or by a statutory enactment of the Legislature (22 C.J.S. Crim. Law, see 17). Therefore, the Administrative Procedure Act and the Federal Register Act must be read as a part of every Congressional delegation of authority unless specifically excepted. Those acts require publication, irrespective of actual notice, as a prerequisite to the "issuance" of a regulation making certain acts criminal. If certain acts have not been made crimes by duly enacted law, the knowledge of their contemplated administrative proscription cannot subject the informed person to criminal prosecution. **While ignorance of the law is no defense, it is conversely true that a law which has not been duly enacted into positive law, is not a law of general applicability and therefore, a person who does not comply with its provisions cannot be guilty of any crime.**"

63.

In **Wei v. Robinson**, 246 F.2d 739 (7th Cir. 1957). cert. den. 78 S.Ct. 144, 355 U.S. 879, the Supreme Court stated, "Contents of the Federal Register and the Code of Federal Regulations are **prima facie evidence** of the original text and are required to be judicially noted." In <u>Wolfson v. United States</u>, 492 F.2d 1386, 204 Ct. Cl. 83 (1974). "When regulations are published in the Federal Register, they give legal notice of their contents to all who may be affected thereby." In <u>Shafer v. United States</u>, 229 F.2d 124, cert. den. 76 S.Ct. 78, 351 U.S. 931, the Court stated, " The publication of a document in the Federal register creates a rebuttable presumption of validity." <u>**Northern States Power Co. v. Rural Electrification Administration**</u>, 248 F.Supp 616 (1965), the Court stated, "Rules by governemnt agency of general applicability and published in accordance with the Federal

///// - 38 Memo. of Law with Incorporated Points and Auth. - N

Register Act have force and effect of Statute Law and are binding on those publishing them as well as the general public until such time as they be repealed or modified. **Fed. Reg. Act §1, et seq., 44 U.S. C.A. §301 et seq.**

64.

In **United States v. Mersky**, 361 U.S. 431, 438 (1960), the Supreme Court stated:

> " Once promulgated, these regulations called for by the statute itself have the force of law, and violation thereof incur criminal prosecutions just as if all the details have been incorporated into the Congressional language. The result is that neither the Statute nor the Regulation are complete without the other, and only together do they have any force in effect; therefore, the construction of one necessarily involves the construction of the other, and in the context of criminal prosecutions, the rule of strict construction must be applied in the interpretation of an Administrative Regulation to which penal consequences attach under the Statute authorizing the promulgation of the regulation, as well as the construction of the statute."

65.

In **United States v. Reinis**, 794 F.2d 506 (9th Cir. 1986), the Court stated, "An individual cannot be prosecuted for violating the "Act" unless he violates an implementing regulation." See also, **United States v. Two Hundred Thousand Dollar**, 590 F.Supp 846 (S.D. Fla. 1984), specifically stated at 1 C.F.R. §1, "All regulations must be published in the Federal Register to have general applicability and legal effect." Regulation; published by the Secretary at 26 C.F.R. 601-702(ii), acknowledge the effect of failure to publish by stating, "Thus for example, any such matter which imposes an obligation and which is not so published or incorporated by reference will not adversely change or affect a persons rights."

///// - 39 Memo. of Law with Incorporated Points and Auth. - N

66.

The Supreme Court stated in **United States v. Welden**, 377 U.S. 95 (1964), that, "Under 1 U.S.C. §204(A)), which provides that the United States Code establishes prima facie the laws of the United States and that when Titles of the Code are enacted into positive law, the text thereof is legal evidence of the law contained therein, the very meaning of 'prima facie' is that the Code cannot prevail over the Statutes at Large when the two are inconsistent. If construction of a section of the United States Code which has not been enacted into positive law is necessary, recourse must be had in the Original Statutes themselves and a changed arrangement made by the codifier without the approval of Congress should be given no weight. **Stephan v. United States**, 319 U.S. 423 (1943; **Best Foods v. United States**, 147 F.Supp. 749, 37 Cust. Ct. 1 (1956); **Peart v. Motor Vessel Bering Explorer**, 373 F.Supp. 927 (1974)).

67.

The law provides that when implementing regulations are at variance with the statutory provisions of which are intended to promulgate that they fail to give proper notice under the due process clause of the federal constitution of the "Fair Notice," Doctrine, set out under **United States v. Nevers**, 7 F.3d 59 (5th Cir. 1993). Administrative regulations, in order to be valid, must also be consistent with, and not contrary to, "The statute under which they are promulgated." **United States v. Larionoff**, 431 U.S. 864, at 973, 97 S.Ct. 2150, at 2156, 53 L.Ed.2d. 48 at 56. "A regulation beyond the scope of, or our harmony with, underlying legislation is a mere nullity." Id. at 873 n.12, 97 S.Ct. at 2156, n.12,; **Manhatton**

**Gen. Equip. Co. v. C.I.R.**, 297 U.S., at 134, **Neel v. United States**, 266 F. Supp., at 10. To make this determination, it is necessary for the court to square the regulations against the statute that it purports to implement, comparing the sphere of authority of each. **Western Union Teleg. Co. v. F.C.C.**, 541 F.2d 346, 354 (3rd Cir. 1976) cert. den. 429 U.S. 1029 (1977). An Administrative Regulation must be reasonably related to advancing the purpose of the enabling legislation. **Morning v. Family Publications Services, Inc.**, 411 U.S. 356, 369 (1973). In the framework of criminal prosecution, unclarity in the statute or a regulation issued thereunder is, enough to resolve doubts in favor of the defendant. **United States v. Mersky**, supra.

### FATAL DEFECTS IN THE GOVERNMENTS CHARGING INSTRUMENTS

68.

The defense counsel was ineffective by failing to raise or challenge the self-evident and self-declaring defects in the government's charging instruments.

69.

The Petitioner argues that an indictment which fails to allege all of the elements of the alleged offense is defective and must be dismissed, where one of the elements is crucial and is in fact in sine qua to the legitimate application of the subsequent charged offense. The legitimate application and charging of **Titles 18 §922 (g)(1), and 21 §§841(a)(1), and 846, of the U.S.C.** must be connected to an alleged violation of the Federal Interstate Commerce Statute, otherwise Federal Subject Matter Jurisdiction is missing. See, **United States v. Pupo, 841 F.2d 1235.** The Petitioner argues that an indictment fails to apprise the accused party of what he must be prepared to defend against. Accordingly, an allegation of

///// - 41 Memo. of Law with Incorporated Points and Auth. - N

Interstate Commerce is jurisdiction and as such is essential element in appraising the Petitioner of the Grand Jury's authority to indict under 18: §922(g)(1), & 21: §§841(a)(1), & 846. See United States v. Young, 730 F.2d at 224 (the particular predicate for jurisdiction is essential element of offense); United States v. McCray, 665 F.2d 664, 678, 679 (5th Cir.1982). The Constitutional Rights of an accused are violated when modification, at trial or by Court of Appeals acts to broaden the charge contained in the indictment, such modifications contradict the very purpose of the Fifth Amendment Grand Jury requirement. See, United States v. Stirone, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. see at 273 (expressing similar views). The failure of the government to include in the indictment any charge that the Petitioner's conduct affected Interstate of Intra-state, or any commerce was not cured by the citation of the Statutes. In the sufficiency of an indictment it is the statement of facts in the pleadings rather than the Statutory Citation that is controlling. See, United States v. Wuco, 535 F.2d 1225 (9th Cir. 1976) cert. den. 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976). It is elementary that every ingredient of the crime must be charged in the bill, with a general reference to the provisions of the statute being insufficient. See, Hale v. United States, 89 F.2d (4th Cir.) and United States v. Berlin, 472 F.2d 1002, 1007 (2nd Cir. 1973); also United States v. Beard, 414, F.2d 1014, 1017 (3rd Cir.). This Indictment under 18: §922(g)(1), and 21: §§841(a)(1), & 846 fails to allege a nexus between Petitioner's conduct and Interstate Commerce in dealing with an indictment where no alleged commerce allegation is made. The Petitioner argues this court should hold that a lack of commerce allegation in the indictment, precludes it from considering whether a conviction

///// - 42 Memo. of Law with Incorporated Points and Auth. - N

under **18: §922(g)(1), & 21: §§841(a)(1), & 846** can be sustained even if the Government alleged and proved that these offenses had a nexus to commerce. See, **United States v. Lopez**, at 2 F.3d 1342, (The holding of the 5th Cir. Court of Appeals).

70.

The Federal Governments failure to establish proof of other evidence or jurisdiction or ownership over each and every geographic location in which the alleged criminal activities took place divested the court of jurisdiction over the subject matter and <u>mandates</u> <u>reversal</u>. Where the lands were never ceded to the United States, and the locations which lie within the territorial boundaries of the states and not the Federal Government. Then the Federal Government lacks jurisdiction over any criminal activities which lie therein. Thus, the government's view that **18: §922(g)(1), & 21: §§ 841(a)(1), & 846** can be used and applied to all crimes that occur any place or in any geographic location even though the statute lacks a commerce nexus, and the government's failure to allege any effect on commerce or other basis for jurisdiction, and not withstanding the states sovereign jurisdiction over its territory, are contrary to the Constitution of the United States. Such a position would ask this court to infer that congressional laws may be converted to general police power and authority, without statutory or Constitutional support which only the States may properly possess.

71.

It is firmly established and accepted fact that the Federal Government's power, authority, and jurisdiction does not extend beyond the boundaries and parameters of the embodiment of the Federal Government itself, i.e. "territory, lands, property owned by the Federal Government....

///// - 43 Memo. of Law with Incorporated Points and Auth. - N

over which jurisdiction has been ceded by the state legislature." However, the Federal Government does not have the power, nor does the Constitution grant the power to punish persons for various other crimes over which jurisdiction is retained by the States. Preventing and prosecuting such various crimes is much the business of the States than the Federal Government. **Arizona v. Manypenny**, 451 U.S. 232, 101 S.Ct. 1657. It is of the utmost importance and relevance to note, retain, and embellish within the mind that the territorial jurisdiction of the United States is limited to the Federal Enclaves. **United States v. Fessler**, 781 F.2d 384, 386 (1986). In the instant matter, the facts and offense alleged do not conform with or meet any jurisdiction requirements described within and in the foregoing.   Thus, without proper jurisdiction of the subject matter, any prosecution or continuation of this matter is unlawful at its inception and duration.   To bring the offenses within the jurisdiction of the federal courts, it must have been committed out of the jurisdiction of any State; it is not the offenses committed, but rather the place in which the offense is committed. **People v. Godfrey**, 17 Johns 225 at 233.   In the doctrine of "Lex Loci" or the "Law of the place" determines that standard of conduct and governs as to matters within the right of action.   See, **Gray v. Blight**, 112 F.2d 696.   While no one disputes the proposition that " the Constitution created a Federal Government of limited powers," **Gregory v. Ascroft**, 501 U.S. 452, 458, 115 L.Ed.2d 410, 111 S.Ct. 2395 (1991); and that while the Tenth Amendment makes explicit "that the powers not delegated to the United States by the Constitution nor prohibited by it to the States, are reserved to the States respective, or to the people."

///// - 44 Memo. of Law with Incorporated Points and Auth. - N

72.

The argument is the division of authority between the State and Federal Government, and the Federal Government's jurisdiction in sustaining conviction under the Federal Statutory provisions in which the petitioner is charged <u>18: §922(g)(1) & 21: §§841(a)(1) & 846</u>, the governments broader reading of these statutes would mark a major inroad into the domain traditionally left to the States. If a power is delegated to Congress in the Constitution (such as those enumerated), the Tenth Amendment expressly disclaims any reservation of that power to the States. If a power is an attribute of States sovereignty (such as this one we are arguing), resevered by the Congress. See, <u>United States v. Oregon</u>, 366, U.S. 643, 649, 6 L.Ed.2d 575, 81 S.Ct. 1278 (1961), <u>Case v Bowles</u>, 327 U.S. 92, 102, 90 L.Ed. 552, 66 S.Ct. 438 (1946); <u>Oklahoma ex rel Phillips v. Guy F. Atkinson Co.</u>, 313 U.S. 508, 534, 85 L.Ed. 1487, 61 S.Ct. 1050 (1941).

73.

It is this sense that the Tenth Amendment "States but a truism that all is retained which has not been surrendered." <u>United States v Darby</u>, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941). As Justice Story put it, "this amendment is a mere affirmation of what, upon any just reasoning is a necessary rule of interpreting the Constitution. Being an instrument of limited and enumerated powers, it follows irresistable, that what is not conferred is withheld and belongs to the States' authorities. 3.j. Story **Commentaries on the Constitution of the United States 752 (1833).** The argument this Petitioner brings to this court is the Federal Government did not have jurisdiction over the geographical location wherein the alleged activity took place, in land, which were never

ceded to the United States, the interstate commerce element becomes essential to establish jurisdcition and prove every element of the offense. Applying the rational of the Supreme Court in **United States v Mechanik**, 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed.2d 50 (1989), and **United States v Hooker**, 841 F.2d 1225, like the decision in **Hooker** Petitioner maintains that the harmelss error analysis of **Mechanik**, cannot be applied here because the court had no jurisdiction to try the Petitioner on a count which failed to expressly allege an effect on inter or intra-state commerce. Jurisdiction is lacking if the indictment did not allege a federal crime, by means of a connection with Interstate Commerce. This action by the prosecutor, would certainly deprive the Petitioner the basic protection, which the guaranty of the intervention of a Grand Jury was designed to secure. For the defendant/petitioner could then be convicted on the basis of charges not found by and perhaps not even presented to the Grand Jury, which indicted him. See, **Orfield**, **Criminal Procedure from arrest to appeal**, 243. Petitioner now asserts his Fifth and Sixth Amendment Right of Due Process, in arguing that he was never indicted by his Grand Jury **for effecting any commerce!** Thus, failure to present this element or state it in the pleading of the indictment, preclude the Appellate Court from sustaining his conviction. For all these above reasons, Petitioner asks this Court to look carefully to the Constitution and the cited statutes. Petitioner asks this Court to invoke the doctrine of **Stare Decisis**: when a court has once laid down a principal of law applicable to a certain state of facts it will adhere to that principal, and apply it to all future cases, where facts are substantially the same regardless of

whether the parties are the same.  The doctrine of Stare Decisis,
provides the  means by which courts assure that the law will not
merely change erractically but will develop in principal and intel-
ligible fashion; the doctrine permits society to presume that bedrock
principal  are found in law rather than in the proclivities of
individuals, and there by contributes to the integrity of our Con-
stitution system of government both in appearance and in fact.
Petitioner now invokes the doctrine of **stare Decisis** to his arguments
herein; "Any departure from the doctrine of Stare Decisis demands
special justification." **Arizona v. Rumsey**, 467 US 203, 212, 81 L.
467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984); also
**Olson v. Kennedy**, 456 U.S. 667, 691 n.34, 72 L.Ed.2d 416, 102 SCt.
2083 (1982). Stevens J. concurring in judgment.  18: §922(g)(1), & 21: §§841(a)(1)
**and 846,** id Congress wanted these statutes to be used outside of their
territorial jurisdiction, such as anywhere or any place then it
would have drafted the needed provision, which certainly would have
included the Interstate Commerce nexus that is required.   " federal
criminal statute intended to be enforced within the States exceeds
Congress' Commerce Clause authority." To uphold the government's
contention that it can bring criminal charges for crimes committed
within a State is to convert Congressional authority into police
power, which is only within the authority of the States.  See,
**United States v. Lopez**, No. 93-1260, (decided April 26, 1995).  In
**McCullough v. Maryland**, 4 Wheat 316 (1819), the Federal Government
had to acknowledge that it can only exercise power granted to it.
The enumerated presupposes something not enumerated. See, **Gibbons
v Ogden, supra at 195.** The Constitution mandates that Congress
cannot create or give itself plenary police powers over the State
territories.  Congress must operate within the frame work of what

the Supreme Court defines the law to be.  See, <u>Marbury v Madison</u>, 1 Cranch 137.

74.

That, defense counsel failed at the sentencing of the Petitioner to raise or challenge that §3551 of Title 18 applies only to those who according to the language of the statute, supra had been found guilty of any offense described in the Federal Statute...other then an Act of Congress applicable exclusively in the District of Columbia. Acts of Congress (Federal Law) are defined and circumscribed under Rule 54(c) Federal Rules of Criminal Procedure.  Implementing regulations for **18 U.S.C. §3551** are at variance with their application in the instant cause.  Where the instant matter is concerned, the accused committed no violation of any properly enacted and duly promulgated federal law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulation for the Federal Sentencing provisions, thus, the sentencing provisions set out under **18 U.S.C. §3551** do not apply to the accused.  By consulting the **Parallel Tables of Authorities and Rules 1997 Ed. at pg. 733**, it is found that the implementing regulation for 18 U.S.C. §3551 are set out under 43 C.F.R. 9260-public lands, Alaska, 36 C.F.R. 242-subsistence management regulations for public lands Alaska, and 50 C.F.R. 100, (same as 36 C.F.R. 242).  Where the instant matter is concerned the accused committed no violation of any properly enacted and/or duly promulgated federal law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulations provisions, thus, the sentencing provisions set under 18 U.S.C. §3551 do not apply to the accused.

75.

The court will find that the statutory provisions under which the U.S. District Court imposed the sentence against the accused (18 U.S.C. §3551) apply not to the Acts of Congress, which are applicable only in the District of Columbia. See, Rule 54(c).

76.

It may further be shown that the statutory provision, 18 U.S.C. §3551, is at variance with its published implementing, thereby creating ambiguity as to its lawful authority and applicability over the accused.

77.

An invalid, unconstitutional or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information. If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction; when an accused-party is indicted under a not yet effective or unenacted statute, the charging document is void.

78.

The indictment or complaint can be invalid if it is not constructed in the particular mode or form prescribed by the Constitution or Statute (42 C.J.S., 'Indictments and Information,' §1, p.833). But it also can be defective and void when it charges a violation of a law, and that law is void, unconstitutional, unenacted, or mis-applied. If the charging document is void, the subject matter of a court does not exist. The want of a suffficient affidavit, complaint, or information goes to the jurisdiction of the court,

... and renders all proceedings prior to the filing of a proper instrument void ab initio. 22 Corpus Juris Secundum, "Criminal Law," §324, p.390.

### 79.

One way in which a complaint, or indictment fails to charge a crime, is by its failure to have the charge based upon a valid or duly enacted law. Complaints or indictments which cite invalid laws, or incomplete law, or non-existent law are regarded as being invalid on their case, thus fatally defective.

### 80.

The crux then of this whole issue of jurisdiction revolves around law, that is, the law claimed to be violated. If one is subject to a law, they are then under the jurisdiction of some authority. If a crime is a alleged but there is no law to form the basis of that crime, there is no jurisdiction to try and sentence one even though they are subject to the legislative body and the court. There has to be a law, a valid law, for subject matter jurisdiction to exist. Laws which lack an enacting clause are not laws of the legislative body to which we are constitutionally subject. Thus, if a complaint or information charges one with a violation of a law which has no enacting clause, then no valid law cited. If it cites no valid law then the complaint charges no crime, and the court has no subject matter jurisdiction to try the accused-party.

> [N]o authority need to be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable ... and without any force or effect whatever. **Hooker v. Boles**, 346 F.2d 285, 286 (1965).

A judge or court may be in a legal sense immune from any claims that it is guilty of wrong because of its improper exercise of jurisdiction.  However, it has no such protection where it lacks jurisdiction and the issue has been raised and asserted. When the lack of jurisdiction has been shown, a judgment rendered is not only bold, but is also usurpation.  Jurisdiction is a fundamental prerequisite, and an usurpation thereof is a nullity.  **22 Corpus Juris Secundum,** "**Criminal Law**," **§150 p. 183** The excessive exercise of authority has reference to want of power over the subject matter, the result is void when challenged directly or collaterally.  If it has reference merely to the judicial method of the exercise of power, the result is binding upon the parties to the litigation till reversed. The former is usurpation; the latter error in judgment.  <u>**Voorhees**</u> <u>**v The Bank of the United States**</u>, **35 U.S. 449, 474-75 (1836)**, the line which separates error in judgment from the usurpation of power is very definite.

82.

This Honorable Court must be compelled to find as a Matter of Law, that the Petitioner is in custody and detained of his Liberty in violation of the Constitution of the United States of America, where the foregoing and the Court's own record support that the Federal Government lacked Federal Legislative jurisdiction over the locus in quo, whereon the purported prohibitive acts were committed; and,

83.

That the government lacked Federal Subject Matter jurisdiction where no prohibitive acts or conduct of the Petitioner moved be-

///// - 51 Memo. of Law with Incorporated Points and Auth. - N

yond the borders of the sovereign state, nor was the Petitioner indicted via the government's charging instrument, for an alleged violation of the Federal Interstate Commerce Statute, thus, the Federal Government <u>lacked **Federal Subject Matter jurisdiction**</u>, a **sine qua non** to federal prosecution of the offense alleged against the Petitioner

## CONCLUSION

### 84.

Where the instant cause is concerned, the Federal Statutory Provisions under which the Petitioner is imprisoned and detained of HIS LIBERTY, have not been promulgated by Congress in the Federal Register (44 U.S.C. §1505), nor do such statutory provisions possess published implementing regulations in the Code of Federal Regulations, nor is there to be found an Amendment to the Constitution, ratified by the several sovereign states, to provide for nationwide application of these Federal Statutory Provisions.

### 85.

The Consitution of the United States of America, provides that it is only the Congress of the United States who has the authority to create and enact Federal Laws.

### 86.

The Statutory Provision under which the Petitioner is charged do not have implementing regulations in the Code of Federal Regulations; the section falls under 62 **Statutes at Large**, which have not been promulgated in the Federal Register by Congress, and fails to possess any published implementing regulation in the Code of Federal Regulations.

///// - 52    Memo. of Law with Incorporated Points and Auth. - N

87.

There is no amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of which the accused party is charged.

88.

The undersigned committed no violations of the Federal Interstate Commerce Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus there is no showing of Federal subject matter jurisdiction.

89.

The locus in quo where the alleged prohibitive acts of the undersigned took place is a geographical location not within the Legislative, Territorial or Admiralty jurisdiction of the Federal Government.

**WHEREFORE,** the court should be compelled to find as a Matter of Law that the petitioner committed no alleged prohibitive acts within the Legislative, Territorial or Admiralty jurisdiction of the Federal United States, or within the reach of Interstate Commerce Clause Statute, therefore the petitioner is unlawfully incarcerated and detained in violation of his secured Constitutional Rights by way of Judgment of the court in want of jurisdiction. And the denial of the effective assistance of councel, the petitioner must therefore, by law, be released and discharged from Federal custody, forthwith.

Date: _1-17_, 2007                    Respectfully Submitted,

*Carl Morgan*

Carl Morgan/pro-se

TABLE OF CITATIONS

FROM THE MEMORANDUM OF LAW

3.

ADAMS v UNITED STATES, DK. No. 97-2263 (2nd Cir. 1998)

UNITED STATES v MORGAN, 346 U.S. 502, 505 (1954)

4.

28 U.S.C. §88 District of Columbia-Courts, Act of June 7, 1934, 48 Stat 926, and the Act June 25, 1936, 49 Stat. 1921

O'DONOGHUE v UNITED STATES, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct.74

MOOKINI v U.S., 303 U.S.201 at 205(1938), 82 L.Ed 748, 58 S.Ct. 543

FEDERAL TRADE COMMISSION v KLESNER, 274 U.S. 145 (1927)

CLAIBORNE-ANNAPOLIS FERRY CO. v UNITED STATES, 285 U.S. 382 (1932)

6.

HARTFORD v DAVIES, 16 S.Ct. 1051 (1896)

UNITED STATES v BEAVANS, 16 U.S. (3 Wheat) 336 (1818)

UNITED STATES v BENSON, 495 F.2d 481 (1946)

UNITED STATES v ROGERS, 23 F.658 (DC Ark. 1885)

FORT LEAVENWORTH RAILROAD v IOWA, 114 U.S. 525 (1885)

ADAMS v UNITED STATES, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943)

7.

UNITED STATES v JOHNSON, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed. 681

1-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth.-N

UNITED STATES v BEAVENS, 16 U.S. Wheat 336 (1818)

3 Wheat At 350,351

3 Wheat At 386,387

3 Wheat At 388

11.

People v Godfrey, 7 Johns 225 N.Y. (1819)

17 Johns, at 233 (emphasis added)

12.

United States v Beavens, supra

United states v Cornell, 2 Manson 60, 1 cir. (1819)

2 Manson, at 63

13.

New Orleans v United States, 35 U.S. (10 pet)662 (1836)

10 Pet. at 737

14.

New York v Miln, 36 U.S.(11Pet.) 102 (1837)

36 U.S. at 133

36 U.S. at 139

15.

Pollar v Hagan, 44 U.S. (3 How.) 212 (1845)

44 U.S. at 221

44 U.S. at 228, 229

16.

Fort Leavenworth R. Co. v Iowa, 114 U.S. 525, (1885) 995

114 U.S. at 531

2-Table of Cit. from the Memo Of Law w/Incorp. Points and Auth.-N

United States v Fox, 95 U.S. 670, 672 (1877)

Manchester v Massachusetts, 139 U.S. 240, 262 (1890)

United States v Flores, 289 U.S. 137, 151 (1932)

U.S. v Bedford, 27 Fed. Cas. p.91, 103, Case No. 15,867 (1847)

22.

United States v Britton, 108 U.S. 199, 206 (1882)

United States v Eaton, 144 U.S. 677, 687 (1891)

United States v Gradwell, 243 U.S. 476, 485 (1916)

Donnelley v United States, 276 U.S. 505-511 (1927)

Jerome v United States, 318 U.S. 101, 104 (1942)

Norton v United States, 92 Fed. 2d 753 (1937)

United States v Grossman, 1 Fed. 2d 941, 950-51 (1924)

23.

State of Pennsylvania v The Wheeling E. Bridge Co. 13, How. (54 U.S.) 518, 563 (1851)

24.

The United States v Worrall, 2 Dall. (2. U.S.) 384, 391 (1798)

25.

T.M. Cooley, A Treatise on the Constitutional Limitation, 5th Ed., pp. 54, 55

Cohens v Virginia, 6 Wheat. (19 U.S.) 264, 404 (1821)

20 Am Jur 2d §60, 377

Davis v Rogers, 1 Houst (del) 44

28.

Hagan v Lavine, 415 U.S. 528 (1974)

Ex Parte McCardle, 7, Wall 506 19 L.Ed. 264

e.q. Marbury v Madison, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803)

Mitchell v Maurer, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934)

3-Table of Cit. from the Memo. of Law w/ Incorp. Points and Auth-N

Judice v Vail, 430 U.S. 327, 331, 51 L.Ed. 2d 376, 97 S.Ct. 1211 (1977) (standing)

Bender v Williams Port Areas School District, 475 U.S. 534, 39 L. Ed. 2d 501, 106 S.Ct. 1326

United States v Corrick, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D. Wy. 829 (1936)

e.g., Sumner v Matta, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981)

City of Kenosha v Bruno, 412 U.S. 507, 511 37 L.Ed. 2d, 109, 93 S.Ct. 2222 (1973)

Clark v Paul Gray, Inc., 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct. 744 (1939)

St. Paul Mercury Indemnity Co. v Red Cab Co., 303 U.S. 283, 287-288 n.10 82 L.Ed. 845 58 S.Ct. 586 (1939)

Marbury v Madison, 5 U.S. 137, 176-178, 1 Cranch 137 (1803)

Bell v Maryland, 378 U.S. 266, 224 (1964)

Stanard v Olesen, 74 S.Ct. 768 (1954)

McNutt v G.M., 56 S.Ct. 789, 80 L.Ed. 1135

Thomas v Gaskiel, 62 S.Ct. 673, 83 L.Ed. 111

Housenbaum v Bauer, 120 U.S. 450 (1887)

31.

46 American Jurisprudence 2d Judgments §26

American Jurisprudence 2d Courts §115

32.

State of Rhode Island et, al v Commonwealth of Mass., 37 U.S. 657 (1938)

Adams v United States, 87 L.Ed. 1421

American Jurisprudence 2d Courts §60 page

4-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth-N

Old Wayne Mut. Li Asso. v McDonough, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236

35.

Stirone v United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed. 2d. 252 (1960) at 857

36.

Brecht v Abrahamson, 507 U.S. 123 L.Ed. 2d 353, 113 S.Ct. 1710 (1993)

Engle v Isaac, 456 U.S. 107, 128, 71 L.Ed. 2d 783, 102 S.Ct. 1031, 162 ALR 1330 (1945)

United States v Unmans, 410 U.S. 396 411-412, 35 L.Ed. 2d 379, 93 S.Ct. 1007 (1973)

United States v Bass, 404 U.S. 336, 349 30 L.Ed. 2d 488, 92 S.Ct. 515 (1971)

37.

United States v Knowles, 29 F.3d 947, 952 (5th Cir. 1994)

38.

Meyer v United States, 175 F.2d 45, 47 (2nd Cir. 1949)

Lewellyn v Nunez, 573 F.2d. 769 (2d Cir. 1978)

C.I.R. v Ridgeway's Estates, 291 F.2d 257 (3rd Cir. 1961)

United States v Cruikshank, 92 U.S. 542, 558 23 L.Ed. 588, 593

United States v Simmons, 96 U.S. 360, 362, 24 L.Ed. 819, 820

United States v Carll, 105 U.S. 611, 612, 26 L.Ed. 1135

U.S. v Hess, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543

Blitz v U.S., 153 U.S. 308, 315, 38 L.Ed. 725, 14 S.Ct. 924

Keck v U.S., 172 U.S. 434, 437 43 LEd. 505, 507, 19 S.Ct. 254

Morissette v U.S., 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf.

U.S. v Petrillio, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538

Hamling v United States, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed. 2d 590 (1974)

5-Table of Cit from the Memo of law w/Incorp Point and Auth-IV

U.S. v Pupo, 841 F.2d 1235 (4th Cir. 1988)

U.S. v Hooker, Supra. At 841 F.2d 1225 (4th Cir. 1988)

Orfield Criminal Procedure from Arrest to Appeal 243

Ex Parte Bain, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781

United States v Norris, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424

Stirone v United States, 361 U.S. 212, 4 L.Ed. 2d. 252, 80 S.Ct. 270

Ex Parte Bain, surpra (121 U.S. at 10,13 )

Stirone v United States, supra (361 U.S. at 218)

42.

United States v Fox, 95 U.S. 670, 672 (1877)

Manchester v Massachusetts, 139 U.S. 240, 262 (1890)

United States v Flores, 289 U.S. 137, 151 (1932)

U.S. v Bedford, 27 Fed. Cas., p. 91, 103, Case No. 15,867 (1847)

44.

United States v Britton, 108 U.S. 199, 206 (1882)

United States v Eaton, 144 U.S. 677, 687 (1897)

United states v Gradwell, 243 U.S. 476, 485 (1916)

Donnelley v United States, 276 U.S. 505, 511 (1927)

Jerome v United States, 318 U.S. 101, 104 (1942)

Norton v United States, 92 Fed. 2d 753 (1937)

United States v Grossman, 1.Fed. 2d 941, 950-51 (1924)

45.

State of Pennsylvania v The Wheeling E. Bridge Co., 13 How. (54 U.S.)
518, 563 (1851)

The United States v Wortall, 2 Dall. (2. U.S.) 384, 391 (1798)

47.

T.M. Cooley, A Treatise on the Constitutional Limitations,
5th Ed., pp. 54, 55

Five Flages Pig Line Co. v Dept. of Transportation, 854, F.2d 1438, 1440 (1988)

Stephan v United States, 319 U.S. 415, 426 (1943)

44 Stat Part 1, preface

Murrell v Western Union Tel. Co., 160 F.2d 787, 788 (1947)

United States v Mercur Corp., 83 F.2d 178, 180 (1936)

53.

Roger's Inc. v United States, 265 F.2d 615, 618 (1959)

55.

Slaughter-House Cases, 83 U.S. 36

United States v Dewitt, 76 U.S. 41

Gibbons v Ogden, 22 U.S. 1

Keller v United States, 213 U.S. 138

People v Godfrey, 17 Johns 225, at 233 (N.Y. 1818)

United States v Beavans, 16 (3 Wheat) 336 (1818)

Adams v United States, 319 U.S. 312 (1943)

Caha v United States, 152 U.S. 211, 215 (1894)

58.

Foley Brothers v Filardo, 336 U.S. 281 (1949)

62.

Hotch v United States, 212 F.2d 280 (9th Cir. 1954), at p.283

63.

Wei v Robinson, 246 F.2d 739 (7th Cir. 1957) cert. den. 78 S.Ct. 144, 355 U.S. 879

Wolfson v United States, 492 F.2d 1386, 204 Ct. Cl. 83 (1974)

Shafer v United States, 833 F.2d 224, 226 (6th Cir. 1987);
. 351 U.S. 931

Northern States Power Co. v Rural Electrification Administration,
248 F. Supp. 616 (1965)

64.

United States v Mersky, 361 U.S. 431, 438 (1960)

65.

United States v Reinis, 794 F.2d 506 (9th Cir. 1986)

United States v Two Hundred Thousand Dollar, 590 F. Supp. 846
(S.D. Fla. 1984)

66.

United States v Welden, 377 U.S. 95 (1964)

Stephan v United States, 319 U.S. 423 (1943)

Best Foods v United States, 147 F. Supp. 749, 37 Cust. Ct. 1 (1956)

Peart v Motor Vessel Bering Explorer, 373 F. Supp. 927 (1974)

67.

United States v Nevers, 7 F.3d 59 (5th Cir. 1993)

United States v Larionoff, 431 U.S. 864, at 973, 97 S. Ct. 2150,
at 2156, 53 L.Ed. 2d, 48 at 56

Manhattan Gen. Equip. Co. v C.I.R., 297 U.S. at 134

Neel v United States, 266 F. Supp. at 10

Western Union Teleg. Co. v F.C.C., 541 F.2d 346, 354 (3rd Cir. 1976),
cert. den. 429 U.S. 1029 (1977)

Morning v Family Publications Services, Inc., 411 U.S. 356, 369
(1973)

United States v Mersky, supra.

69.

United States v Pupo, 841 F.2d 1235

8-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth.-N

United States v Fox, 73? F.2d at 224

United States v McCray, 665 F.2d 664, 673, 679 (5th Cir. 1982)

United States v Stirone, 361 U.S. 212, 4 L.Ed. 2d 252, 80 S. Ct.

United States v Wuco, 535 F.2d 1225 (9th Cir. 1976). Cert. denied
429 U.S. 978, 97 S. Ct. 488, L.Ed. 2d 586 (1976)

Hale v United States, 89 F.2d (4th Cir.)

United States v Berlin, 472 F.2d 1002, 1007 (2d Cir. 1973)

United States v Beard, 414 F.2d 1014, 1017 (3rd Cir.)

United States v Lopez, at 2F.3d 1342

71.

Arizona v Manypenny, 451 U.S. 232, 101 S. Ct. 1657

United States v Fessler, 781 F.2d 384, 386 (1986)

People v Godfrey, 17 Johns 225 at 233

Gray v Blight, 112 F.2d 696

Gregory v Ascroft, 501 U.S. 452, 458, 115 L.Ed. 2d 410, 111 S. Ct.
2395 (1991)

72.

United States v Oregon, 366, U.S. 643, 649, 6 L.Ed. 2d 575, 81
S. Ct. 1278 (1961)

Case v Bowles, 327 U.S. 92, 102 90 L.Ed. 552, 66 S. Ct. 438 (1946)

Oklahoma ex rel Phillips v Guy F. Atkinson Co., 313 U.S. 508, 534,
85 L.Ed. 1487, 61 S. Ct. 1050 (1941)

73.

United States v Darby, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S. Ct.
451, 132 ARL 1430 (1941)

United States v Mechanik, 475 U.S. 66, 70, 106 S. Ct. 938, 941,
89 L.Ed. 2d 50 (1989)

United States v Hooker, 841 F.2d 1225

9-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth.-N

Arizona v Rumsey, U.S. 203, 212, 81 L.Ed. 2d 164, 104 S. Ct.
2305 (1934)

Oregon v Kennedy, 456 U.S. 667, 691, 692 n. 34, 72 L.Ed. 2d 416,
102 S. Ct. 2083 (1982)

United States v Lopez, No. 93-1260

McCullough v Maryland, Wheat 316 (1819)

Gibbons v Ogden, Supra at 195

Marbury v Madison, 1 Cranch 137, 177 (1803)

74.

18 U.S.C. §3551

Parallel Tables of Authorities and Rules 1997 Ed. at pg. 733

43 C.F.R. 9260-public lands, Alaska

36 C.F.R. 242-subsistence management regulations for public lands
in Alaska

50 C.F.R. 100, (same as C.F.R. 242)

78.

42 C.J.S. 'Indictments and Information' §1, p.833

22 Corpus Juris Secundum, "Criminal Law", §324, p.390

80.

Hooker v Boles, 346 F.2d 285, 286 (1965)

81.

22 Corpus Juris Secundum, "Criminal Law", §150 p.183

Voorhees v The Bank of the United States, 35 U.S. 449, 474-75 (1836)

84.

Federal Register (44 U.S.C. §1505)

10-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth -N

Carl Morgan/05428-089
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL MORGAN,<br><br>    Petitioner,<br><br>vs.<br><br>ALBERTO GONZALES, ESQ.,<br>ATTORNEY GENERAL FOR THE<br>"UNITED STATES,"<br><br>and<br><br>HARLEY G. LAPPIN, DIR.,<br>FEDERAL BUREAU OF PRISONS,<br><br>    Respondents. | CASE No. <u>98-CR-218 RTR</u><br><br>RE: CASE No. <u>    </u><br><br>CAUSE<br><br>MOTION TO REQUEST<br>JUDICIAL NOTICE<br>IN THE NATURE OF RULE 201(d)<br>OF THE<br>FEDERAL RULES OF EVIDENCE |

BEFORE THIS HONORABLE COURT:

  **COMES NOW,** Carl Morgan, in want of counsel, accused in the above captioned cause, and as for the instant motion to request 'Judicial Notice' in the nature of Rule 201(d) of the Federal Rules of Evidence, shows this court as follows:

1.

  That the undersigned requests the court to take 'Judicial Notice' of a certain excerpt from the United States Government's publication, which is specifically "The Report of the Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the [several sovereign] States."

///// - 1 Judicial Notice - Rule 201(d) - N

2.

That the Undersigned requests the court to take 'Judicial
Notice' of the statutes of the State of Louisiana, without limit-
ation, at Chapter 1 §1, et. seq.

3.

That the undersigned requests the court to take 'Judicial
Notice,' without limitation, to Article I, Section 8, Clause 17,
in amendment to the Constitution of the United States.

4.

That the undersigned requests the court to take 'Judicial
Notice,' of the Government's 'charging instruments' whereon, the
Government fails to describe a 'locus in quo,' wherein the alleged
violative conduct of the undersigned was committed; which is within
the legislative, territorial or admiralty jurisdiction of the
Federal United States, corporation. (28 U.S.C. §3002 (15)(A)).

5.

That the undersigned requests the court to take 'Judicial
Notice' of the self-evident fact that the Government's charging
instrument(s) fail to allege or charge the undersigned with an
alleged violation of ' The Federal Commerce Clause,' which is in
the 'sine qua non' to the legitimate application of the federal
statutory provisions under which the undersigned was charged, with-
out nexus to the former, there can be no operation of the latter.

6.

That the undersigned submits the following for judicial review
by the court, citing from the Government's report entitled:
" **JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES,**"subtitled:
" Report of the Interdepartmental Committee for the study of
Jurisdiction over Federal Areas within the States."

///// - 2 Judicial Notice Rule 201(d) - N

The Constitution of the United States at Article I, Section 8, Clause 17:

> "The Congress shall have power...To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten miles square) as may, by Cession of Particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards and other needful Buildings;-- And To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Office thereof...

The significance of the foregoing in the above styled action is the purported plaintiff herein cannot demonstrate that the Court has jurisdiction to adjudicate the matter. In support of the said argument the undersigned refers the Court to a publication entitled **JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES,** and subtitled Report of the Interdepartmental Committe for the Study or Jurisdiction over Federal Areas within the States, which was published in two volumes by the United States printing office. Excerpts from the said publication are as follows:

"The White House,
Washington, April 27, 1956

Dear Mr. Attorney General:

I am herewith returning to you, so that it may be published and receive the widest possible distribution among those interested in Federal real property matters, Part I of the Report of the Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States. I am impressed by the well-planned effort which went into the study underlying this report and by the soundness of the recommendations which the report makes.

It would seem particularly desirable that the report be brought to the attention of the Federal administrators of real properties, who should be guided by it in matters related to legislative jurisdiction, and to the President of the Senate, the Speaker of the House of Representatives, and appropriate State officials, for their consideration of necessary legislation. I hope that you will see to this. I hope, also, that the General Services Administration will establish as soon as may be possible a central source of information concerning the legislative jurisdictional status of Federal properties and that that agency, with the Bureau of the Budget and the Department of Justice, will maintain a continuing and concerted interest in the progress made by all Federal agencies in adjusting the status of their properties in conformity with the recommendations made in the report.

The members of the Committee and the other officials, Federal and State, who participated in the study, have my appreciation and congratulations on this report. I hope they will continue their good efforts so that the text of the law on the subject of legislative jurisdiction which is planned as a supplement will issue as soon as possible.

Sincerely,
Dwight D. Eisenhower.

The Honorable Herbert Brownell, Jr.,
The Attorney General, Washington, D. C."

and

# LETTER OF ACKNOWLEDGMENT

The White House
Washington, July 8, 1957.

Dear Mr. Attorney General:

I have taken note of the final report (Part II) which you transmitted to me, rendered by the Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States. It is my understanding that the report is to be published and distributed, for the purpose of making available to Federal administrators of real property, Federal and State legislators, the legal profession, and others, this text of the law of legislative jurisdiction in these areas.

In view of the fact that the work of the Committee is completed, and since other departments and agencies of the Government now have clear direction for turning this work into permanent gains in improved Federal-State relations, the Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States is hereby dissolved.

Chairman Perry W. Morton and the members of this Committee have my congratulations and sincere appreciation of their service to our country in bringing to light the facts and law in this much neglected field. This monumental work, culminating three years of exhaustive effort, lays an excellent foundation for allocating to the States some of the functions which under our Federal-State system should properly be performed by State Governments.

Sincerely,
Dwight Eisenhower

The Honorable Herbert Brownell, Jr.,
The Attorney General,
Washington, D. C.

## LETTER OF TRANSMITTAL

Office of the Attorney General,
Washington, DC, June 28, 1957.

Dear Mr. President:

The Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States now has submitted the second, and final, part of its report, a text of the law of legislative jurisdiction over such areas.

This exhaustive and analytical exposition of the law in this hitherto little explored field is a valuable supplement to the first part of the report, the compilation of facts, with recommendations, which received your commendation in April 1956, and constitutes a major addition to legal bibliography.

Together, the two parts of this Committees report and the full implementation of its recommendations will provide a basis for reversing in many areas the swing of "the pendulum of power" * * * from our states to the central government, to which you referred in your address to the Conference of State Governors on June 25, 1957.

The excellence of the work of the Committee reflects great credit upon its Chairman and members. Also especially noteworthy is the splendid assistance which the Committee received from the attorneys general of the several States, the general counsels of Federal agencies, and other State and Federal officials.

With the submission of this second part of its report the Committee has completed its work and recommends that it be dissolved. Since the Departments and other permanent agencies of the Federal Government now can carry out directions which you have issued based upon the work of the Committee, I join in this recommendation.

Respectfully,
Herbert Brownell, Jr.

LETTER OF SUBMISSION

*INTERDEPARTMENTAL COMMITTEE FOR THE STUDY OF OVER FEDERAL AREAS WITHIN THE STATES JURISDICTION*
June 17, 1957.

Dear Mr. Attorney General:

With the encouragement of the President, the understanding aid of you and the heads of the other Federal agencies represented on the Committee, and the invaluable assistance of the Attorneys General of the several States and of the principal law officers of nearly all Federal agencies, the Committee now has completed, and herewith submits, the final portion of its report, subtitled "Part II, A Text of the Law of Legislative Jurisdiction."

This "Part II" supplements the portion of the Committee's report which you transmitted to the President on April 27, 1956. With its submission the work assigned to the Committee has been completed, and it is recommended that the Committee be dissolved.

Respectfully submitted,
PERRY W. MORTON,
Assistant Attorney General (Chairman).

ROBERT DECHERT,
General Counsel, Department of Defense (Vice Chairman).

HENRY H. PIKE,
Associate General Counsel, General Services Administration (Secretary).

ARTHUR B. FOCKE,
Legal Advisor, Bureau of the Budget.

ELMER F. BENNETT.
Solicitor, Department of the Interior.

ROBERT L. FARRINGTON,
General Counsel, Department of Agriculture.

PARKE M. BANTA,
General Counsel, Department of Health, Education, and Welfare.

GUY H. BIRDSALL,
General Counsel, Veterans. Administration.

# PREFACE

The Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States was formed on December 15, 1954, on the recommendation of the Attorney General approved by the President and the Cabinet The basic purpose for which the Committee was founded was to find means for resolving the problems arising out of jurisdictional status of Federal lands. Addressing itself to this purpose, the Committee; with assistance from all Federal agencies interested in the problems (a total of 33 agencies), from State Attorneys General, and from numerous other sources, prepared a report entitled Jurisdiction over Federal Areas Within the States Part I, The Facts and Committee Recommendations. This report, approved by the President on April 27, 1956, set out the findings of the Committee and recommended changes in Federal and State law, and in Federal agencies' practices, designed to eliminate existing problems arising out of legislative jurisdiction. It included two appendices.

The Committees research involved a general survey of the jurisdictional status of all federally owned real property in the 48 States, and a detailed survey of the status of individual such properties in the States of Virginia, Kansas, and California. These three named States were selected as containing Federal real properties representative of such properties in all the States. Information was procured concerning the practices and problems related to legislative jurisdiction of the 23 Federal Agencies controlling real property, and of the advantages and disadvantages of the several legislative jurisdictional statues for the various purposes for which federally owned land is used. This information is reflected and analyzed in the several chapters of Part I of the report, and is summarized in Appendix A of the same part.

The Committees study included a review of the policies, practices, and problems of the 48 States related to legislative jurisdiction. Information concerning these matters similarly is reflected and analyzed in various portions of Part I of the report, with Chapter V of the part being entirely devoted to the laws and problems of States related to legislative jurisdiction. Also, the texts of State (and Federal) constitutional provisions and statutes related to jurisdiction in effect as of December 31, 1955, are gathered in appendix B of Part I.

The major conclusions of the Committee, set out in Part I of - the report, which, of course, are applicable only to the 48 States to which the Committees study extended, and do not apply to present Territories or the District of Columbia, are to the effect that in the usual case the Federal Government should not receive or retain any of the States' Legislative Jurisdiction within federally owned areas, that in some special cases (where general law enforcement by Federal authorities is indicated) the Federal Government should receive or retain legislative jurisdiction only concurrently with the States, and that in any case the Federal Government should not receive or retain any of the States' legislative jurisdiction with respect to taxation, marriage, divorce, descent and distribution of property, and a variety of other matters, specified in the report, which are ordinarily the subject of State control.

The conclusions reached by the Committee were, of course, made only after an appraisal of the facts adduced during the study in the light of applicable law, including the great body of decisions handed down by courts and opinions rendered by governmental legal officers, Federal and State, interpretative of situations affected by legislative jurisdiction.

Recommendations made by the Committee, based on the conclusions indicated above and on certain subsidiary findings, now constitute the policy of the Executive branch of the

Federal Government, and are being implemented by Federal agencies to the extent possible under existing law. However, full implementation of these recommendations must await the enactment of certain suggested Federal and State legislation.

In the course of its study the Committee ascertained the existence of serious lack of legal bibliography on the subject-matter of its interest. With the concurrence of the Attorney General of the United States and the encouragement of the President, it has proceeded with the publication of this Part II of its report, a compilation of the court decisions and legal opinions it weighed in the course of its study of the subject of Legislative jurisdiction.

## LAW OF LEGISLATIVE JURISDICTION

Legal Problems many. -- In view of the vastness of Federal real estate holdings, the large variety of activities conducted upon them, and the presence on many areas of resident employees and other persons, it is to be expected that many legal problems will arise on or with respect to these holdings. In addition to the problems normally encountered in administering and enforcing Federal laws, complicated by occasional conflict with over lapping State laws, the ownership and operation by the Federal Government of areas within the States gives rise to a host of legal problems largely peculiar to such areas. They arise not only because of the fact of Federal ownership and operation of these properties, but also because in numerous instances the Federal Government has with respect to such properties a special jurisdiction which excludes, in varying degrees, the Jurisdiction of the State over them, and which in other instances is, to varying extents, concurrent with that of the State.

## FEDERAL POSSESSION OF EXCLUSIVE JURISDICTION

By constitutional consent. -- This special jurisdiction which is often possessed by the United States stems, basically, out of Article I, Section 8, Clause 17, of the Constitution of the United States, which provides, in legal effect, that the Federal Government shall have exclusive legislative jurisdiction over such area, not exceeding 10 miles square, as may become the seat of government of the United States, and like authority over all places acquired by the Government, with the consent of the State involved, For various Federal purposes. It is the latter part of the clause, the part which has been emphasized, with which this study is particularly concerned. There is a general public awareness of the fact that the United States Government exercises all governmental authority over the District of Columbia, by virtue of power conferred upon it by a clause of the Constitution. There is not the same awareness that under another provision of this same clause the United States has acquired over several thousand areas within the States some or all of those powers, judicial and executive as well as legislative, which under our Federal-State system of government ordinarily are reserved to the States.

By Federal reservation or State cession. For many years after the adoption of the Constitution, Federal acquisition of State-type legislative jurisdiction occurred only by direct operation of Clause 17. The clause was activated through the enactment of State statutes consenting to the acquisition by the Federal Government either of any land, or of specific tracts of land, within the State. In more recent years the Federal Government has in several instances made reservations of jurisdiction over certain areas in connection with the admission of State into the Union. A third means for transfer of legislative jurisdiction now

has come into considerable use, whereby in a general or special statute a State makes a cession of jurisdiction to the Federal Government. Courts and other legal authorities have distinguished at various times between Federal legislative jurisdiction derived, on the one hand, directly from operation of Clause 17, and, on the other, from a Federal reservation or a State cession of jurisdiction. In the main, however, the characteristics of a legislative Jurisdiction status are the same no matter by which of the three means the Federal Government acquired such status. Differences in these characteristics will be specially pointed out in various succeeding portions of this work.

Governmental Power merged in Federal Government. -- Whether by operation of Clause 17, by reservation of jurisdiction by the United States, or by cession of jurisdiction by States, in many areas all governmental authority (with recent exceptions which will be noted) has been merged in the Federal Government, with none left in any State. By this means some thousands of areas have become Federal islands, sometimes called "enclaves,..., in many respects foreign to the States in which they are situated. In general, not State but Federal law is applicable in an area under the exclusive legislative jurisdiction of the United States, for enforcement not by State but Federal authorities, and in many instances not in State but in Federal courts. Normal authority of a State over areas within its boundaries, and normal relationships between a State and its inhabitants, are disturbed, disrupted, or eliminated, as to enclaves and their residents.

The State no longer has the authority to enforce its criminal laws in areas under the exclusive jurisdiction of the United States. Privately owned property in such areas is beyond the taxing authority of the State. It has been generally held that residents of such areas are not residents of the State, and hence not only are not subject to the obligations of residents of the State but also are not entitled to any of the benefits and privileges conferred by the State upon its residents. Thus, residents of Federal enclaves usually cannot vote, serve on juries, or run for office. They do not, as a matter of right, have access to State schools, hospitals, mental institutions, or similar establishments. The acquisition of exclusive jurisdiction by the Federal Government renders unavailable to the residents of the affected areas the benefits of the laws and judicial and administrative processes of the State relating to adoption, the probate of wills and administration of estates, divorce, and many other matters. Police, fire-fighting, notarial, coroner, and similar services performed by or under the authority of a State may not be rendered with legal sanction, in the usual case, in a Federal enclave.

## EXERCISE OF EXCLUSIVE FEDERAL JURISDICTION

Legislative authority little exercised. -- States do not have authority to legislate for areas under the exclusive legislative Jurisdiction of the United States, but the Congress has not legislated for these areas either,, except in some minor particulars.

Exercise as to crimes. -- With respect to crimes occurring within Federal enclaves the Federal Congress has enacted the Assimilative Crimes Act, which adopts for enclaves, as Federal law, the State law which is in effect at the time the crime is committed. The Federal Government also has specifically defined and provided for the punishment of a number of crimes which may occur in Federal enclaves, and in such cases the specific provision, of course, supersedes the Assimilative Crimes Act.

Exercise as to civil matters. -- Federal legislation has been enacted authorizing the

extension to Federal enclaves of the workmen's compensation and unemployment compensation laws of the States within the boundaries of which the enclaves are located. The Federal Government also has provided that State law shall apply in suits arising out of the death or injury of any person by the neglect or wrongful act of another in an enclave. It has granted to the States the right to impose taxes on motor fuels sold on Government reservations, and sales, use, and income taxes on transactions or uses occurring or services performed on such reservations; it has allowed taxation of leasehold interests in Federal property including property located on Federal enclaves; and it has retroceded to the States jurisdiction pertaining to the administration of estates of residents of Veterans Administration facilities. This is the extent of Federal legislation enacted to meet the special problems existing on areas under the exclusive legislative jurisdiction of the United States.

## RULE Of INTERNATIONAL LAW

Extended by courts to provide civil law. -- The vacuum which would exist because of the absence of State law or Federal legislation with respect to civil matters in areas under Federal exclusive legislative jurisdiction has been partially filled by the courts, through extension to these areas of a *Rule of International Law* that when one sovereign takes over territory of another the laws of the original sovereign in effect at the time of the taking which are not inconsistent with the laws or policies of the second continue in effect, as laws of the succeeding sovereign, until changed by that sovereign.

## ACQUISITION OF LEGISLATIVE JURISDICTION
## THREE METHODS FOR FEDERAL ACQUISITION OF JURISDICTION

Constitutional Consent. -- The Constitution gives express recognition to but one means of Federal acquisition of legislative jurisdiction -- by State consent under Article I, Section 8, Clause 17. The debates in the Constitutional Convention and State ratifying conventions leave little doubt that both the opponents and proponents of Federal exercise of exclusive legislative jurisdiction over the seat of government were of the view that a constitutional provision such as Clause 17 was essential if the Federal Government was to have such jurisdiction. At no time was it suggested that such a provision was unessential to secure exclusive Legislative jurisdiction to the Federal Government over the seat of government. While, as has been indicated in the preceding chapter, little attention was given in the course of the debates to Federal exercise of exclusive legislative jurisdiction over areas other than the seat of government, it is reasonable to assume that it was the general view that a special constitutional provision was essential to enable the United States to acquire exclusive legislative jurisdiction over any area. Hence, the proponents of exclusive legislative jurisdiction over the seat of government and over federally owned areas within the States defended the inclusion in the Constitution of a provision such as Article I, Section 8, clause 17. And in United States v. Railroad Bridge Co., 27 Fed. Cas. 686, 693, No. 16,114 (C. C. N. D. Ill., 1855), Justice McLean suggested that the Constitution provided the sole mode for transfer of jurisdiction, and that if this mode is not pursued no transfer of jurisdiction can take place.

State cession. -- However, in Fort Leavenworth *R. R. v. Lowe*, 114 U. S. 525 (1885), the United States Supreme Court sustained the validity of an act of Kansas ceding to the

United States legislative jurisdiction over the Fort Leavenworth military reservation, but reserving to itself the right to serve criminal and civil process in the reservation and the right to tax railroad, bridge, and other corporations, and their franchises and property on the reservation. In the course of its opinion sustaining the cession of legislative jurisdiction, the Supreme Court said (p. 540):

> We are here met with the objection that the Legislature of a State has no power to cede away her jurisdiction and legislative power over any portion of her territory, except as such cession follows under the Constitution from her consent to a purchase by the United States for some one of the purposes mentioned. If this were so, it could not aid the railroad company; the jurisdiction of the State would then remain as it previously existed. But aside from this consideration, it is undoubtedly true that the State, whether represented by her Legislature, or through a convention specially called for that purpose, is in competent to cede her political jurisdiction and legislative authority over any part of her territory to a foreign country, without the concurrence of the general government. The jurisdiction of the United States extends over all the territory within the States, and, therefore, their authority must be obtained, as well as that of the State within which the territory is situated, before any cession of sovereignty or political jurisdiction can be made to a foreign country. * * * In their relation to the general government, the States of the Union stand in a very different position from that which they hold to foreign governments. Though the jurisdiction and authority of the general government are essentially different from those of the State, they are not those of a different country; and the two, the State and general government, may deal with each other in any way they may deem best to carry out the purposes of the Constitution. It is for the protection and interests of the States, their people and property, as well as for the protection and interests of the people generally of the United States, that forts, arsenals, and other buildings for public uses are constructed within the States. As instrumentalities for the execution of the powers of the general government, they are, as already said, exempt from such control of the States as would defect or impair their use for those purposes; and if, to their more effective use, a cession of legislative authority and political jurisdiction by the State would be desirable, we do not perceive any objection to its grant by the Legislature of the State. Such cession is really as much for the benefit of the State as it is for the benefit of the United States.

Had the doctrine thus announced in Fort Leavenworth *R. R. v. Lowe*, supra, been known at the time of the Constitutional Convention, it is not improbable that Article I, Section 8, Clause 17, at least insofar as it applies to areas other than the seat of government, would not have been adopted. Cession as a method for transfer of jurisdiction by a State to the United States is now well established, and quite possibly has been the method of transfer in the majority of instances in which the Federal .......

Federal Reservation. -- In Fort Leavenworth *R. R. v. Lowe*, supra, the Supreme Court approved a second method not specified in the Constitution of securing legislative jurisdiction in the United States. Although the matter was not in issue in the case, the Supreme Court said (p. 526):

The land constituting the Reservation was part of the territory acquired in 1803 by cession from France, and, until the formation of the State of Kansas, and her admission into the Union, the United States possessed the rights of a proprietor, and had political dominion and sovereignty over it. For many years before that admission it had been reserved from sale by the proper authorities of the United States for military purposes, and occupied by them as a military post. The jurisdiction of the United States over it during this time was necessarily paramount. But in 1861 Kansas was admitted into the Union upon an equal footing with the original States, that is, with the same rights of political dominion and sovereignty, subject like them only to the Constitution of the United States. Congress might undoubtedly, upon such admission, have stipulated for retention of the political authority, dominion and legislative power of the United States over the Reservation, so long as it should be used for military purposes by the government; that is, it could have excepted the place from the jurisdiction of Kansas, as one needed for the uses of the general government. But from some cause, inadvertence perhaps, or over-confidence that a recession of such jurisdiction could be had whenever desired, no such stipulation or exception was made.

Almost the same language was used by the Supreme Court of Kansas in *Clay v. State*, 4 Kan. 49 (1866), and another suggestion - of judicial recognition of this doctrine is to be found in an earlier case in the Supreme Court of the United States, *Langford v. Montieth*, 102 U. S. 145 ( 1880), in which it was held that when an act of Congress admitting a State into the Union provides, in accordance with a treaty, that the lands of an Indian tribe shall not be a part of such State or Territory, the new State government has no jurisdiction over them. "The enabling acts governing the admission of several of the States provided that exclusive jurisdiction over certain areas was to be reserved to the United States" in view of these developments, an earlier opinion of the United States Attorney General indicating that a State legislature, as distinguished from a State constitutional convention, had to give the consent to transfer jurisdiction specified in the Federal Constitution (12 Ops. A. G. 428 (1868)), would seem inapplicable to a Federal reservation of jurisdiction.

Since Congress has the power to create States out of Territories and to prescribe the boundaries of the new States, the retention of exclusive legislative jurisdiction over a federally owned area within the State at the time the State is admitted into the Union would not appear to pose any serious constitutional difficulties.

No Federal Legislative Jurisdiction without consent cession, or reservation. -- It scarcely needs to be said that unless there has been a transfer of jurisdiction (1) pursuant to Clause 17 by a Federal acquisition of land with State consent, or (2) by cession from the State to the Federal Government, or unless the Federal Government has reserved jurisdiction upon the admission of the State, the Federal Government possesses no legislative jurisdiction over any area within a State, such jurisdiction being for exercise entirely by the State, subject to non-interference by the State with Federal functions, and subject to the free exercise by the Federal Government of rights with respect to the use, protection, and disposition of its property.

## NECESSITY OF STATE ASSENT TO TRANSFER OF JURISDICTION TO FEDERAL GOVERNMENT

Constitutional Consent --The Federal Government cannot, by unilateral action on its part, acquire legislative jurisdiction over any areas within the exterior boundaries of a State Article I, Section 8, Clause 17, of the Constitution, provides that legislative jurisdiction may be transferred pursuant to its terms only with the consent of the legislature of the State in which is located the area subject to the jurisdictional transfer. As was indicated in Chapter II, the consent requirement of Article I, Section 8, Clause 17, was intended by the framers of the Constitution to preserve the States Jurisdictional integrity against Federal encroachment.

State cession or Federal reservation. -- The transfer of legislative Jurisdiction pursuant to either of the two means not spelled out in the Constitution likewise requires the assent of the State in which is located the area subject to the jurisdictional transfer. Where legislative jurisdiction is transferred pursuant to a State cession statute, the State has quite clearly assented to the transfer of legislative jurisdiction to the Federal Government, since the enactment of a State cession statute is a voluntary act on the part of the legislature of the State.

The second method not spelled out in the Constitution of vesting legislative jurisdiction in the Federal Government, namely, the reservation of legislative jurisdiction by the Federal Government at the time statehood is granted to a Territory, does not involve a transfer of legislative jurisdiction to the Federal Government by a State, since the latter never had jurisdiction over the area with respect to which legislative jurisdiction is reserved. While, under the second method of vesting legislative jurisdiction in the Federal *Government,* the latter may reserve such jurisdiction without inquiring as to the wishes or desires of the people of the Territory to which statehood has been granted, nevertheless, the people of the Territory involved have approved, in at least a technical sense, such reservation. Thus, the reservation of legislative jurisdiction constitutes, in the normal case, one of the terms and conditions for granting statehood, and only if all of the terms and conditions are approved by a majority of the voters of the Territory, or by a majority of the Territorial legislature, is statehood granted.

## NECESSITY OF FEDERAL ASSENT

Express Consent Required by R. S. 355.— Acquiescence, or acceptance, by the Federal Government, as well as by the State, is essential to the transfer of legislative jurisdiction to the Federal Government. When legislative jurisdiction is reserved by the Federal Government at the time statehood is granted, to a Territory, it is, of course, obvious that the possession of legislative jurisdiction meets with the approval of the Federal Government. When legislative jurisdiction is to be transferred by a State to the Federal Government either pursuant to Article I, Section 8, Clause 17, of the Constitution, or by means of a State cession statute, the necessity of Federal assent to such transfer of legislative jurisdiction has been firmly established by the enactment of the February 1, 1940, amendment to R. S. 355. While this amendment in terms specifies requirement for formal Federal acceptance prior to the transfer of exclusive or partial legislative jurisdiction, it also applies to the transfer of concurrent jurisdiction. The United States Supreme Court, in ___Adams v. United States___, 319 U. S. 312 (1943), in the course of its opinion said (pp. 314-315):

Both the Judge Advocate General of the Army and the Solicitor of the Department of Agriculture have construed the 1940 Act as requiring that notice of acceptance be filed if the government is to obtain *concurrent* jurisdiction. The Department of Justice has abandoned the view of jurisdiction which prompted the institution of this proceeding, and now advises us of its view that concurrent jurisdiction can be acquired only by the formal acceptance prescribed in the Act. These agencies cooperated in developing the Act, and their view's are entitled to great weight in its interpretation. * * * Besides, we can think of no other rational meaning for the phrase "jurisdiction, exclusive or partial," than that which the administrative construction gives it. Since the govern merit had not accepted jurisdiction in the manner required by the Act, the federal court had no jurisdiction of this proceeding. In this view it is immaterial that Louisiana statutes authorized the government to take jurisdiction, since at the critical time the jurisdiction had not been taken.

Former Presumption of Federal acquiescence in absence of dissent. -- Even before the enactment of the 1940 amendment to R. S. 355, it was clear that a State could not transfer, either pursuant to Article I, Section 8, Clause 17, of the Constitution, or by means of a cession statute, legislative jurisdiction to the Federal Government without the latter's consent Prior to the 1940 amendment to R. S. 355, However, it was not essential that the consent of the Federal *Government* be expressed formally or in accordance with, any prescribed procedure. Instead, it was presumed that the Federal Government accepted the benefits of a State enactment providing for the transfer of legislative jurisdiction. As discussed more fully below, this presumption of acceptance was to the effect that once a State legislatively indicated a willingness to transfer exclusive jurisdiction such jurisdiction passed automatically to the Federal 'Government without any action having to be taken by the United                                                                                                States.
However, the presumption would not operate where Federal action was taken demonstrating dissent from the acceptance of proffered jurisdiction.

Presumption in transfers by cession. -- In Fort Leavenworth *R. R. R. v. Lowe*, supra, in which a transfer of legislative jurisdiction by means of a State cession statute was approved for the first time, the court said (p. 528) that although the Federal Government had not in that case requested a cession of *jurisdic*tion, nevertheless, "as it conferred a benefit, the acceptance of the act is to be presumed in the *absence* of any dissent on their part." See also *United States v. Johnston*, 58 F. Supp. 208, aff'd., 146 F. 2d 268 (C. A. 9, 1944), cert. den., 324 U. S. 876; 38 Ops. A. G. 341 (1935). A similar view has been expressed by a number of courts to transfers of jurisdiction by cession. In some instances, however, the courts have indicated the existence of affirmative grounds supporting Federal acceptance of such transfers. In *Yellowstone Park Transp. Co. v. Gallatin County*, 31 F. 2d 644 (C. A. 9, 1929), cert. den., 280 U. S. 555, it was stated that acceptance by the United States of a cession of jurisdiction by a State over a national park area within the State may be implied from acts of Congress providing for exclusive jurisdiction in national parks. See also *Columbia River Packers, Ass'n v. United States*, 29 F. 2d 91 (C. A. 9, 1928); *United States v. Unzeuta*, 281 U. S. 138 (1930).

Presumption in transfers by constitutional consent.-- Until recent years, it was not clear *but* that the consent granted by a State pursuant to Article I, Section 8, Clause 17, of the Constitution, would under all circumstances serve to transfer legislative jurisdiction to the

Federal Government where the latter had "purchased" the area and was using it for one of the purposes enumerated in Clause 17. In *United States v. Cornell*, 25 Fed. Cas. 646, No. 14,867 (C. C. D. R. I., 1819), Justice Story expressed the view that Clause 17 is self-executing, and acceptance by the United States of the "benefits" of a State consent statute was not mentioned as an essential ingredient to the transfer of legislative jurisdiction under Clause 17. In the course of his opinion in that case, Justice Story said (P. 648):

> The constitution of the United States declares that congress shall have power to exercise "exclusive legislation" in all "cases whatsoever" over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards and other needful buildings. When therefore a purchase of land for any of these purposes is made by the national government, and the state legislature has given its consent to the purchase, the land so purchased by the very terms of the constitution ipso facto falls within exclusive legislation of congress, and the state jurisdiction is completely ousted. [Italics added.]

As late as 1930, it was stated in *Surplus Trading Co. v. Cook*, 281 U. S. 647, that (p. 652):

> It long has been settled that where lands for such a purpose [one of those mentioned in Clause 17] are purchased by the United States with the consent of the state legislature "the jurisdiction theretofore residing in the State passes," in virtue of the constitution provision, "to the United States," thereby making the jurisdiction of the latter the sole jurisdiction. [Italics added.]

The italicized portions of the quoted excerpts suggest that Article I, Section 8, Clause 17, of the Constitution, may be selfexecuting where the conditions specified in that clause for the, transfer of jurisdiction have been satisfied.

In *Mason Co. v. Tax Comm'n*, 302 U. S. 186 (1937), however, the Supreme Court clearly extended the acceptance doctrine, first applied to transfers of legislative jurisdiction by State cession statutes in Fort Leavenworth *R. R. v. Lowe*, supra, to transfers pursuant to Article I, Section 8, Clause 17, of the Constitution. The court said (p. 207):

> Even if it were assumed that the state statute should be construed to apply to the federal acquisitions here involved, we should still be met by the contention of the Government that it was not compelled to accept, and has not accepted, a transfer of exclusive jurisdiction. As such a transfer rests upon a grant by the State, through consent or cession, it follows, in accordance with familiar principles applicable to grants, that the grant may be accepted or declined. Acceptance may be presumed in the absence of evidence of a contrary intent, but we know of no constitutional principle which compels acceptance by the United States of an exclusive jurisdiction contrary to its own conception of its interests. * * *

What constitutes dissent. -- Only in a few instances have the courts indicated what may constitute a "dissent" (*See Fort Leavenworth R. R. v. Lowe*, supra) by the Federal Government from a State's proffer of legislative jurisdiction. In *Mason Co. v. Tax Comm'n*,

supra, the court concluded that a validation by Congress of contracts entered into by Federal administrative officials granting to State, officials certain authority with respect to schools, police protection, etc., reflected a Congressional intent not to accept the legislative jurisdiction offered to the Federal Government by the State by the latter's enactment of a consent statute. In a State case (*International Business Machines Corporation v. Ott*, 230 La. 666, 89 So. 2d 193 (1956)), use by the Federal installation of similar State services, with no indication of Congressional knowledge in the latter, was held to have negative Federal acceptance of jurisdiction proffered under a general consent and cession statute of the State. It may be noted that extension of this decision would put in doubt the status of many, if not most, Federal areas now considered to be under the legislative jurisdiction of the United States. In *Atkinson v. State Tax Commission*, 303 U. S. 20 (1933), the court indicated that the enforcement of the Oregon workmen's compensation law in the Federal area was incompatible with exclusive Federal legislative jurisdiction, and, since the Federal Government did not seek to prevent the enforcement of this law, the presumption of Federal acceptance of legislative jurisdiction was effectively rebutted.

## CRIMINAL JURISDICTION

*Right of Defining and Punishing For Crimes:* Exclusive Federal Jurisdiction. -- Areas over which the Federal Government has acquired exclusive legislative jurisdiction are subject to the exclusive criminal jurisdiction of the United States. *Bowen v. Johnston*, 306 U. S. 19 (1939); *United States v. Watkins*, 22 F. 2d 437 (N. D. Cal., 1927). That the States can neither define nor punish for crimes in such areas is made clear in the case of In re Ladd, 74 Fed. 31 (C. C. N. D. Neb., 1896), (p. 40):

* * * The cession of jurisdiction over a given territory takes the latter from within, and places it without, the jurisdiction of the ceding sovereignty. After a state has parted with its political jurisdiction over a given tract of land, it cannot be said that acts done thereon are against the peace and dignity of the state, or are violations of its laws; and the state certainly cannot claim jurisdiction criminally by reason of acts done at places beyond, or not within, its territorial jurisdiction, unless by treaty or statute it may have retained jurisdiction over its own citizens, and even then the jurisdiction is only over the person as a citizen. * * *

The criminal jurisdiction of the Federalize Government extends to private lands over which legislative jurisdiction has been vested in the Government, as well] as to federally owned lands. *United States v. Unzeuta*, supra; see also *Petersen v. United States*, 191 F. 2d 154 (C. A. 9, 1951), cert. denied 342 U. S. 885. Indeed, the Federal Government's power derived from exclusive legislative jurisdiction over an area may extend beyond the boundaries of the area, as may be necessary to make exercise of the Government's jurisdiction effective; thus, the Federal Government may punish a person not in the exclusive jurisdiction area for concealment of his knowledge concerning the commission of a felony within the area. *Cohens v. Virginia*, 6 Wheat. 264, 426-429 (1821).    In *Hollister v. United States*, 145 Fed. 773 (C. A. 8, 1906), the court said (p. 777):

Instances of relinquishment and acceptance of criminal jurisdiction by state

Legislatures *and* the national Congress, respectively, over forts, arsenals, public buildings, and other property of the United States situated within the states, are common, and their legality has never, so far as we know, been questioned.

On the other hand, while the Federal Government has power under various provisions of the Constitution to define, and prohibit as criminal, certain acts or omissions occurring anywhere in the United States, it has no power to punish for various other crimes, jurisdiction over which is retained by the States under our Federal-State system of government, unless such crimes occur on areas as to which legislative *jurisdiction* has been vested in the Federal Government. The absence of jurisdiction in a State, or in the Federal Government, over a criminal act occurring in an area as to which only the other of these governments has legislative jurisdiction is demonstrated by the case of *United States v. Tully*, 140 Fed. 899 (C. C. D. Mont., 1905). Tully had been convicted by a State court in Montana of first degree murder, and sentenced to be hanged. The Supreme Court of the State reversed the conviction on the ground that the homicide had occurred on a military reservation over which exclusive jurisdiction was vested in the Federal Government. The defendant was promptly indicted in the Federal court, but went free as the result of a finding that the Federal Government did not, have legislative jurisdiction over the particular land on which the homicide had occurred. The Federal court said (id. p. 905):

> It is unfortunate that a murderer should go unwhipped of justice, but it would be yet more unfortunate if any court should assume to try one charged with a crime without jurisdiction over the offense. In this case, in the light of the verdict of the jury in the state court, we may assure that justice would be done the defendant were he tried and convicted by any court and executed pursuant to its judgment. But in this court it would be the justice of the vigilance committee wholly without the pale of the law. The fact that the defendant is to be discharged may furnish a text for the thoughtless or uninformed to say that a murderer has been turned loose upon a technicality; but this is not a technicality. It goes to the very right to sit in judgment. * * · These sentiments no doubt appealed with equal force to the Supreme Court of Montana, and it is to its credit that it refused to lend its aid to the execution of one for the commission of an act which, in its judgment, was not cognizable under the laws of its state; but I cannot bring myself to the conclusion reached by that able court, and it is upon the judgment and conscience of this court that the matter of jurisdiction here must be decided.

The United States and each State are in many respects separate sovereigns, and ordinarily one cannot enforce the laws of the other.

State and local police have no authority to enter an exclusive Federal area to make investigations, or arrests, for crimes committed within such areas since Federal, not State, offenses are involved. Only Federal law enforcement officials, such as representatives of the Federal Bureau of Investigation and United States marshals and their deputies, would be authorized to investigate such of offenses and make arrests in connection with them. The policing of Federal exclusive jurisdiction areas must be accomplished by Federal personnel, and an offer of a municipality to police a portion of a road on such an area could not be accepted by the Federal official in charge of the area, as police protection by a municipality

to such an area would be inconsistent with Federal exclusive jurisdiction

Concurrent Federal and State criminal jurisdiction.--There are, of course, Federal areas as to which a State, in ceding legislative jurisdiction to the United States, has reserved some measure of jurisdiction, including criminal jurisdiction, concurrently to itself. In general, where a *crime* has been committed in an area over which the United States and a State have concurrent criminal jurisdiction, both governments may try the accused without violating the double jeopardy clause of the Fifth Amendment. *Grafton v. United States*. 206 U. S. 333 (1907), held that the same acts constituting a crime cannot, after a defendant's acquittal or conviction in a court of competent jurisdiction of the Federal Government, be made the basis of a second trial of the defendant for that crime in the same or in another court, civil or military, of the same government. However, where the same act is a crime under both State and Federal law, the defendant may be punished under each of them. *Hebert v. Louisiana*, 272 U. S. 377 (1922). (p.382):

> It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each. The Fifth Amendment, like all the other guaranties in the first eight amendments, applies only to proceedings by the Federal Government, *Barron v. Baltimore*, 7 Pet. 243, and the double jeopardy therein forbidden is a second prosecution under authority of the Federal Government after a first trial for the same offense under the same authority., ,
>
> ,

It is well settled, of course, that where two tribunals have concurrent jurisdiction that which first takes cognizance of a matter has the right, in general, to retain it to a conclusion, to the exclusion of the other. The rule seems well stated in *Mail v. Maxwell*, 107 Ill. 554 (1883), (p. 561):

> Where one court has acquired jurisdiction, no other court, State or Federal, will, in the absence of supervising or appellate jurisdiction, interfere, unless in pursuance of some statute, State or Federal, providing for such interference.

Other courts have held similarly. There appears to be some doubt concerning the status of a court-martial as a court, within the meaning of the Judicial Code, however.

Law *enforcement* on areas of exclusive or concurrent jurisdiction. -- The General Services Administration is authorized by statute to appoint its uniformed guards as special policemen, with the same powers as sheriffs and constables to enforce Federal laws enacted for the protection of persons and property, and to prevent breaches of the peace, to suppress affrays or unlawful assemblies, and to enforce rules made by the General Services Administration for properties under its jurisdiction; but the policing powers of such special policemen are restricted to Federal property over which the United States has acquired exclusive or concurrent jurisdiction. Upon the application of the head of any Federal department or agency having property of the United States under its administration or control and over which the United States has exclusive or concurrent jurisdiction, the General Services Administration is authorized by statute to detail any such special policeman for the protection of such property and, if it is deemed desirable, to extend to such property the applicability of regulations governing property promulgated by the General Services

Administration. The General Services Administration is authorized by the same statute to utilize the facilities of existing Federal law-enforcement agencies, and, with the consent of any State or local agency, the facilities and services of such State or local law enforcement agencies.

Although the Department of the Interior required protection for an installation housing important secret work, the General Services Administration was without authority to place uniformed guards on the premises in the absence in the United States of exclusive or concurrent jurisdiction over the property, and notwithstanding the impropriety of permitting the policing of the property by local officials, if they were willing, without necessary security clearances.

Civilian Federal employees may be assigned to guard duty on Federal installations, but there is no Federal statute (other than that appertaining to General Services Administration and three statutes of even less effect 16 U.S.C. 559 (Forest Service), and 16 U.S.C. 10 and 10a (National Park Service) conferring any special authority on such guards. They are not peace officers with the usual powers of arrest; and have no greater powers of arrest than private citizens. As citizens, they may protect their own lives and property and the safety of others, and as agents of the Government they have a special right to protect the property of the Government. For both these purposes they may use reasonable force, 'and for the latter purpose they may bear arms irrespective of State law against bearing arms. Such guards, unless appointed as deputy sheriffs (where the State has at least concurrent criminal jurisdiction), or deputy marshals (where the United States has at least concurrent criminal jurisdiction), have no more authority than other private individuals so far as making arrests is concerned.

State and local officers may, by special Federal statute, preserve the peace and make arrests for crimes under the laws of States, upon immigrant stations, and the jurisdiction of such officers and of State and local courts has been extended to such stations for the purposes of the statute.

Partial jurisdiction. -- In some instances States in granting to the Federal Government a measure of exclusive legislative jurisdiction over an area have reserved the right to exercise, only by themselves, or concurrently by themselves as well as by the Federal Government, criminal jurisdiction over the area. In instances of complete State retention of criminal jurisdiction. whether with respect to all matters or with respect to a specified category of matters, the rights of the States, of the United States, and of any defendants, with respect to crimes as to which State jurisdiction is so retained are as indicated in this chapter for areas as to which the Federal Government has no criminal jurisdiction. In instances of concurrent State and Federal criminal jurisdiction with respect to any matters the rights of all parties are, of course, determined with respect to such matters according to the rules of law generally applicable in areas of concurrent jurisdiction. Accordingly, there is no body of law specially applicable to criminal activities in areas under the partial legislative jurisdiction of the United States.

State criminal jurisdiction retained. -- State criminal jurisdiction extends into areas owned or occupied by the Federal Government, but as to which the Government has not acquired exclusive legislative jurisdiction with respect to crimes. And as to many areas owned by the Federal Government for its various purposes it has not acquired legislative jurisdiction. The Forest Service of the Department of Agriculture, for example, in accordance with a provision of Federal law (16 U. S. C. 480), has not accepted the jurisdiction proffered

by the statutes of many States, and the vast majority of Federal forest lands are held by the Federal Government in a proprietorial status only.

The Federal Government may not prosecute for ordinary crimes committed in such areas. Federal civilians who may be appointed as guards in the areas do not have police powers, but possess only the powers of arrest normally had by any citizen unless they receive appointments as State or local police officers.

The foregoing present several questions concerning the purported jurisdiction of the Court in the above styled action. Some of which are:

1.    Did the federal government ever obtain jurisdiction over the geographical areas described in the governments charging instruments as being the Locus in Quo whereon the purportedly prohibited acts of the undersigned took place ?

      a.    If so, when?

      b.    If so, to what extent?

2.    Are the governments charging instruments defective on their face where they fail to establish on their face or at any subsequent juncture therein, that the locus in quo was within the legislative, territorial or admiralty jurisdiction of the federal United States?

      a.    Was the Grand Jury informed that the locus in quo, as described by the government, not within the legislative, territorial or admiralty jurisdiction of the United States?

      b.    Did the United States district court commit reversible error where it failed to render a legal determination on the record as to whether or not the Court had jurisdiction to entertain the cause.

3.    Did the federal government establish on the record that it had Subject Matter jurisdiction over the alleged prohibited act(s), where the government failed to charge the undersigned with an alleged violation of the federal "Interstate Commerce" clause?

      a.    Did the federal government inform the Grand Jury that the sine qua non to the legitimate application of the enumerated subsections of the Controlled Substances Act is Commerce?

      b.    Did the United States district court error where it failed to notice the missing element in the charged offense, and failed to render a legal determination as to the obvious defect?

JUDICIAL NOTICE

FACTS AND FINDINGS OF LAW

FACT AND FINDING:

Fact, a thing done; an action performed or an incident trans-
piring, an event or circumstance; an actual occurance.

(SPECIAL) FINDING:

Is a specific setting forth of the ultimate facts established
by the evidence and which are determinative of the judgment which
must be given.  It is only a determination of the ultimate facts
on which the law must be determined.  A special finding may also
be said to be one limited to the fact issue submitted.

ULTIMATE FACTS:

One that is essential to the right of action or matter of
defense, and the trial court is under the duty of submitting only
ultimate or controlling issues.

1.    Title 42 U.S.C.A. 1986 "Action for neglect to prevent,"
Every person who having knowledge that any of the wrongs conspired
to be done, and mentioned in Section 42 U.S.C. 1985 of this title,
are about to be committed, and having power to prevent or aid in
preventing the commission of the same, neglects or refuses to do
so, if such wrongful act be committed, shall be liable to the party
injured, or persons legal representatives, for all damages caused
by such wrongful act, which such person by reasonable diligence
could have prevented; and such damages may be recovered in an action
on case; and any number or persons guilty of such wrongful neglect
or refusal may be joined as defendants in action. (42 U.S.C.S. 1986
is a derivative of 1985 and provides remedy for persons injured by
neglect or refusal of those having power to do so to prevent wrongs
specified in 1985.)

///// - 22 Judicial Notice Rule 201(d) - N

2.    Title 28 U.S.C.A. Section 453: Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I,__do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as___, under the Constitution and laws of the United States so help me God." (Note: It does not say "United States of America").

3.    7th Amendment:  In suits of common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved, and no fact tried except by jury.

4.    Title 18 U.S.C.A. Sect. 1621 "Perjury" Whoever

(1)  having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

(2)  in any declaration, certificate, verification, or statement under penalty of perjury as permitted under Section 1746 of Title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true; is guilty of perjury and shall, except otherwise expressly by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.  See: 18 U.S.C. 1622, 18 U.S.C. 1623, and 18 U.S.C. 1001

5.    "perjury of Oath of Office": Perjury; Inforjudgemental law, the willful assertion as to a matter of fact, opinion, belief

///// - 23  Judicial Notice Rule 201(d) - N

or knowledge, made by a witness in a judicial proceeding as part of his or her evidence, either upon oath or in any form allowed by law to be substituted for an oath or in any form allowed by law whether such evidence is given in open court, or in affidavit, such assertion being material to the issue or point of inquiry and known to such witness to be false. Perjury is a crime committed when a lawful oath is administered, in some judicial proceeding, to a person who swears willfully, and falsely, in matters material to the issue or point in question. (Reference **Gatewood v. State**, 15 MD. App. 314, 290 A.2d 551, 553; F.R.C.P. Rule 9(b), 12(d)(1), (2),(7); Title 42 U.S.C. 1986, 1985, 1983 Note 349, 14th Amendment U.S. Constitution.

6.    **F.R.C.P. Rule 56(e):** Form of Affidavits; Further Testimony; Defence Required; Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissable in evidence, and shall show affirmatively that the Affiant is competent to testify to the matters stated herein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto and served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

///// - 24 Judicial Notice - Rule 201(d) - N

7.  Stare Decisis: Policy of Courts to stand by precedent and not to disturb settled point. **Neff v. George**, 364 Ill. 306, 4 N.E. 2d 388, 390, 391. Doctrine that, when a court has once laid down a principal of law as applicable to a certain state of facts; regardless of whether parties and property are the same. **Horne v. Moody Tex Civ.**, App., 146 S.W. 2d 505, 509, 510. Under doctrine a deliberate or solemn decision of court made after argument on question of law fairly arising in the case, and necessary to its determination, **is an authority or binding precedent in the same court** or in other courts of equal or lower rank in subsequent cases where the very point is again in controversy. **State v. Mellenberger**, 163 Or.233, 95 P2d. 709, 719, 720. Blacks Law Dictionary 5th Edition pg. 1261. (Further referrence: Defendants knowledge of wrongful acts is statutory prerequisite to suit under 42 U.S.C. 1986. **Buck v. Board of Elections**, (1976, CA;2, NY) 536 F2d 522. Prior, unreviewed state administrative adjudication may have no preclusive effect on claims subsequently asserted under 42 U.S.C.S. 1981, 1983, 1985, 1986, 1988. **Elliot v. University of Tennessee**, (1985, CA6 Tenn) 766 F2d 982, 38 BNA FEP Cas 522, 37 CCH EPD 25419, cert gr 474 U.S. 788, 92 L Ed. 2d 635, 106 S. Ct. 3220, 41 BNA FEP Cas 177, 40 CCH EPD 36205.).

8.  F.R.C.P. 12(b)(6): Rule 12 is Defenses; Rule 12(b) states with particularity, " How Presented. Every defense in law or fact, to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the opinion of the pleader be made Section 8; 12(b)(6): failure to state a claim upon which relief can be granted. (Refer Note 7.)

///// - 25 Judicial Notice Rule 201(d) - N

9.    F.R.C.P. 12(b)(2): Rule 12 is Defenses; Rule 12(b) states with particularity, " How Presented. Every defense in law or fact, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: 12(b)(2): lack of jurisdiction over the person. (Refer F.R.C.P. 12(b)(7): Failure to join a party under Rule 19.) (F.R. IZP. Rule 19(b).

10.    F.R.C.P. 12(b)(1): Rule 12 is Defenses; Rule 12(b) states with particularity, "How Presented. Every defense in law or fact, to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: 12 (b)(1): lack of jurisdiction over the subject matter. (Refer Note 7.)

11.    F.R.C.P. 12(b)(7): Rule 12 is Defenses; Rule 12(b) states with particularity. "How Presented. Every defense in law or fact, to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: 12(b)(7): Failure to join a party under Rule 19. (See Joining F.R.C.P. Rule 19 (3)0.

12.    14th Amendment: No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the U.S., nor shall any state deprive any person of life, liberty, or property without due process of the law; nor to any person the equal protection of the law.

13.    Title 18 U.S.C.A. Section 872: Extortion by officers
///// - 26 Judicial Notice Rule 201(d) - N

or employees of the United States Whoever, being an officer, or
employee of the United States or any department or agency thereof,
or representing himself to be or assuming to act as such, under
color or pretense of office or employment commits or attempts an
act of extortion, shall be fined under this title or imprisoned
not more than 3 years, or both; but if the ammount so extorted or
demanded does not exceed $100, he shall be fined under this title
or imprisoned not more than one year. (As amended Oct. 31,1951,
c. 655 subsect. 24(3), 65 stat. 720; Sept. 13, 1994, Pub. L 103-322,
Title XXXIII, Subsect. 3 30016(I)(G)(K), 108 Stat. 2147).

14.    1st Amendment: Freedom of speech and press, and to petit-
ion for a redress of grievances. 5th Amendment: No person shall
be deprived of life, liberty, or property without due process of
law. 6th Amendment: Right to a speedy and public trial, by an im-
partial jury of the state and district wherein the crime shall have
been committed, and informed of the nature and cause of the accus-
ation. 7th Amendment: In suits of common law, where the value in
controversy shall exceed twenty dollars, the right to trial by jury
shall be preserved, and no fact tried except by jury.

15.    Title 18 U.S.C.A. Section 242: provides in pertinent part;
"Whoever, under color of law, statute, ordinance, regulation, or
custom, willfully subjects any inhabitant of any state, territory,
or district to the deprivation of any rights, privileges, or im-
munities secured or protected by the Constitution or laws of the
United States...shall be fined not more than $1000 dollars or im-
prisoned not more than one year, or both." Question was not whether
state law had been violated but whether inhabitant of state had been deprived
of federal right by one who acted under color of any law.    **Screws v. United
States**, (1945) 325 U.S. 91, 89 L Ed 1495,65 S. Ct 1031, 162 ALR 1330.
///// - 27 Judicial Notice Rule 201(d) - N

16.    Title 42 U.S.C.A. Section 1985: (2) Ref. Obstructing justice: intimidating party, witness, (2) if two or more persons in any state or territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from "attending such court or from testifying to any matter pending" therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit jury or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been seen such juror: or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any matter, the due course of justice in any state or territory, with intent to deny to any citizen the equal protecetion of the law or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the law.

Discrimination: A failure to treat all persons equally where no reasonable distinction can be found between those favored and those not favored. Ref. **Baker v. Cal. Land Title Co.,** D.C. Cal. 349, F. Supp. 23, 238 239.  Title VII of the 1964 Civil Rights Act.

17.    Title 18 U.S.C.A. 241; "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States or because of his having so exercised the same;" or

"If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured,"

///// - 28 Judicial Notice Rule 201(d) -  N

"They shall be fined not more than $10,000 or imprisoned more than ten years, or both."

18.    Title 42 U.S.C.A. Section 1983; Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

19.    4th Amendment: Unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause and supported by "oath or affirmation," and particularly describing the place to be searched and the person or thing to be seized.

20.    Although city is not "person" amenable to action under 42 U.S.C.S. 1986, city officials acting in their official capacities are subject to action under this. **Black Bros. Combined Inc. v. Richmond,** (1974, ED Va) 386 F. SUPP 147, 12 BNA FEP Cas 432, 10 CCH EPD 10267.  If city or orther municipal corporation had policy or custom of refusing or neglecting to prevent violations of 42 U.S.C.S. 1985, and city's agents, servants, and employees followed that policy or custom, then city should be held liable under 42 U.S.C.S. 1986.  **Vasquez v. Reno,** (1978, DC Nev) 461 F. SUPP. 1098, 21 BNA FEP Cas 1281, 19CCH EPD 9091.  Municipality is directly liable under 42 U.S.C.S. 1985(2), 1985(3), and 1986 only where it is shown that deprivation of rights was pursuant to <u>policy statement, ordinance, regulation, a decision of an official adopted and promulgated, or or custom, usage</u> **Bell v. Milwaukee,** (1982, ED Wis) 536 F. Supp. 462,

///// 29 - Judicial Notice  Rule 201(d) - N

affd in part and revd in part on other grounds (CA7 Wis) 746 F2d 1205, 16 Fed Rules Evid Serv 279. (Further reference; 41 ALR 3d 700 Personal liability of policeman, sheriff, or similar peace officer or his bond for injury suffered as a result of failure to enforce law or arrest lawbreaker.)

21.    Color of Law: The appearance or semblance without the substance, of legal right. **State v. Brechler**, 185 Wis. 599, 202 N.W. 144, 148 (refer Blacks Law Dictionary 4th Edition, page 331.)

22.    Ratification: In a broad sense, the confirmation of a previous act done either by the party himself or another; confirmation of a voidable act., **Story**, ag. subsection 250, 251; 2 Kent, Comm. 237; **Norton v. Shelby County**, 6 S. Ct. 1121, 118 U.S. 435, 30 L.Ed. 178; **Gallup v. Fox**, 30 A. 756, 64 Conn. 491.  In the law of principal and agent, the adoption and confirmation by one person with knowledge of all material fact, of an act or contract performed or entered into in his behalf by another who at the time assumed without authority to act as his agent. **Maryland Casualty Co. v. First State Bank of Delaware**, 101 Okl. 71, 223 P. 701, 705. (Refer Blacks Law Dictionary 4th Edition, page 1428.)

23.    Stipulation: A material article in agreement. (Refer Blacks Law Dictionary 4th Edition, page 1586.)

24.    F.R.C.P. Rule 11: Signing of Pleadings, and Other Papers; Representations to Court; Sanctions. 11(b): By presenting to the court (whether by signing, filing, submitting, or later advocating) a Pleading, written Motion, or other paper, an attorney or unrepresented party is certifying that to the best of the Persons knowledge, information and belief, formed after an inquiry reasonable under the circumstances:  11(b)(2): the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivilous

argument for the extension, modification, or reversal of existing law or the establishment of new law.

25.   Fiduciary: A person having a duty, created by an undertaking, to act primarily for another benefit in matters connected with such undertaking. (Refer Blacks Law Dictionary 5th Edition pg. 563.)

Malice in law is not necessarily personal hate or ill will, but is the state of mind which is reckless of the law and of the legal right of the citizen. (Refer **Chrisman v. Terminal R. Ass'n. of St. Louis**, 237 Mo. APP. 181 157 S.W. 1d 230,235.)

26.   Fraud: An intentional perversion of Truth, for the purpose of inducing another in reliance upon it in part with some valuable thing belonging to him or to surrender a legal right: a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations or by concealment of that which should have been disclosed, which decieves and is intended to decieve another so that he shall act upon it to his legal injury. **Brainerd Dispatch Newspaper Co. v. Crow Wing County**, 196 Minn. 194, 264 N.W. 779,780. Any kind of artifice employed by one person to decieve another. **Goldstein v. Eqitable Life Assur. Soc. of U.S.**, 160 Misc. 364, 289 N.Y.S. 1064,1067. A generic term, embracing all multifarious means which human ingenuity can devise, and which are resorted to by one individual to get advantage over another by false suggestions or by suppression of truth and includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated. **Johnson v. McDonald**, 170 Okl. 117, 39 P2.d 150. "Bad Faith" and "Fraud" are synonymous and also synonymous of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc. **Joiner v. Joiner**, Tex. Civ. App., 87 S.W. 2d 903, 914, 915. (Refer Blacks Law Dictionary 4th Edition pg. 788, 789.)

Note:

Because everyone is deemed to know the law, inaccurate representations regarding legal matters are not generally actionable.  Of course, were one to make a representation regarding a matter of law that the misrepresenter himself knew to be inaccurate, a "fraud" action would lie.  (Refer **White v. Mulvania**, 575 S.W. 2d 184 (Mo. 1978) (party's "superior" knowledge of the law)[see note 1 fact and finding sheet] held to be an exception from general rule that a misrepresentation, synonymous of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc. **Joiner v. Joiner**, Tex. Civ. App., 87 S.W. 2d 903, 914,915.  (Refer Blacks Law Dictionary 4th Edition pg. 788, 789.)

Note;

Because everyone is deemed to know the law, inaccurate representations regarding legal matters are not generally actionable.  Of course, were one to make a representation regarding a matter of law that the misrepresenter himself knew to be inaccurate, a "Fraud" action would lie.  (Refer **White v. Mulvania**, 575 S.W. 2d 184 (Mo. 1978) (party's "superior" knowledge of the law (see Note 1 Fact and Finding Sheet) [held to be an exception from general rule that a misrepresentation of law is not actionable.]

Whereby, the government's cause against petitioner is premised upon an unlawful application of Law, viz:

1.    Lack of subject jurisdiction;

2.    Lack of jurisdiction over defendant, a citizen party;

3.    No Fourth Amendment Search Warrant;

4.    Unlawful indictment;

5.    Wrongful application of U.S. Codes;

6. Lack of published regulations in the Federal Register;

7. Failing to give notice under due process and denial of due process;

8. Usurpation of power not delegated or legislated;

9. Unauthorized prosecution under Admiralty/Maritime law;

10. And the denial of the effective assistance of counsel.

## CONCLUSION

In the **Nature of Rule 201(d)**, of the Federal Rules of Evidence, the Court is **compelled to take Judicial Notice** of the foregoing, where it is shown that the legislative jurisdiction of the Federal Government is strictly limited and defined. The Federal Government has no Constitutional or Congressional authority to restrict or compel the activities of private citizens, domociled without the legislative, territorial or admiralty jurisdiction of the Federal United States. The jurisdiction of the Court is limited by and does not exceed that of the Federal Government. Where the instant matter is concerned, neither the Federal Government or the district court have established, on the record, documented proof that the alleged prohibitive conduct of the undersigned was committed within the jurisdiction of the Federal United States or that such alleged prohibitive conduct violated a provision of the Federal Interstate Commerce Clause.

**WHEREFORE,** the undersigned respectfully prays that the court will take **Judicial Notice** of the foregoing and find as a matter of law and fact that the Federal Government lacked both, legislative and subject matter jurisdiction.

Date: _/-/7_ ,2007

Respectfully Submitted by,

_Carl Morgan_

Carl Morgan/pro-se

///// - 33 Judicial Notice - Rule 201(d) - N

Carl Morgan/05428-089
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL MORGAN, | ) | CASE No. <u>98-CR-218 RTR</u> |
| Petitioner, | ) | RE: CASE No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| ALBERTO GONZALES, ESQ., | ) | ADMINISTRATIVE |
| ATTORNEY GENERAL FOR THE | ) | AND |
| "UNITED STATES," | ) | QUASI-JUDICIAL |
| | ) | NOTICE |
| and | ) | |
| | ) | |
| HARLEY G. LAPPIN, DIR., | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondents. | ) | |

BEFORE THIS HONORABLE COURT:

**COMES NOW,** Carl Morgan, the Petitioner, in want of counsel,

and submits this Judicial Notice, to apprise the court of the

following, by and through said notice:

1.

Subsection §2255, of Title 28, of the United States Code, is

inapplicable and without the force or effect of law where it is

shown not to have been enacted by Congress, into Federal Law.

The Congressional Record, Vol. 94-Part 7 (June 15, 1948 to June 19,

1948) pp. 8229-9169, and Vol. 94-Part 8 (July 26, 1948 to December

31, 1948) pp. 9353, reveal that Congress was not assembled in session

on the date(s) that Title 3, 18, 21, and 28 are purported to have

been enacted into law by Congress.

///// - 1 Admin. & Quasi Judicial Notice via Show Cause Order

2.

The United States District Court, wherein the cause herein complained of, arose, is shown to be an Executive Tribunal, without Article III judicial authority. This assertion is supported by consulting Supreme Court Rule 45, The Revised Statutes of 1878, The Judiciary ACT of March 3, 1911, Executive Order 6166, **Balzac v. Porto Rico**, (1922). **Mookine v. United States**, (1938). Thus, not authorized to entertain the cause now before the court.

3.

Thus the Court, in similar matters (**Common Law Writ of Habeas Corpus**), appears to be resorting to inapplicable statutory provisions to remove the cause to a court which the court knows lacks the authority under Article III to entertain the matter. Thereby the sustainment of an unlawful conviction and term of imprisonment **via** subterfuge and non-compliance with the law (a Malum In Se Crime?) whereby the Accused/Petitioner is deprived a remedy in law to redress a grievance.

4.

It is the foregoing, and following reasons that the Petitioner has brought his instant cause **under  the common law, Writ of Habeas Corpus,** and invoked the venue and jurisdiction of an Article III, Constitutional Court.

5.

It is therefore incumbent upon this Court, in the interest of justice, by and through this Judicial Notice, as a neutral party between both Petitioner and Respondents, upon its own motion

to issue an **ORDER TO SHOW CAUSE** to the respondent why a **WRIT OF HABEAS CORPUS** should not issue, in their 'showing' based upon the facts and points raised in the Writ itself.

Date:___/-/7___,2007

Respectfully Submitted by:

_Carl Morgan_

Carl Morgan/pro-se

///// - 3 Admin. & Quasi Judicial Notice via Show Cause Order

AO 245S (Rev. 8/96) Judgment in a Criminal Case
Sheet 1

SEALED

U.S. DISTRICT COURT EAST. DIST. WISC.

OCT 21 1999

AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

**CARL MORGAN**

## JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: **98-Cr-218**

**William J. Reddin**
Defendant's Attorney

**Daniel H. Sanders**
Assistant United States Attorney

### THE DEFENDANT:

☒ pleaded guilty to count(s) **One (1) of the Indictment and One (1) of the Information.**

☐ pleaded nolo contendere to count(s)_____
which was accepted by the court.

☐ was found guilty on count(s)_____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a Firearm | February 22, 1998 | Indictment 1 |
| 21 U.S.C. §§ 841(a)(1) & 846 | Conspiracy to Possess with Intent to Distribute and Distribute Cocaine | October 29, 1998 | Information 1 |

The defendant is sentenced as provided in Pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

OCT 25 1999

☐ The defendant has been found not guilty on count(s)_____

☐ Count(s) _____ (is) (are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **February 21, 1960 a/k/a 2/21/59**
Defendant's USM No.: **05428-089**

Defendant's Residence Address:

Defendant's Mailing Address:

**1308 East Walnut Street**

**Green Bay, Wisconsin 54304**

October 21, 1999

Date of Imposition of Judgment

Signature of Judicial Officer

**Rudolph T. Randa**

**United States District Judge**

Name & Title of Judicial Officer

**10/21/99**

Date

U.S. District Court
Eastern Div. of Wis.
I hereby certify that this is
true and correct copy of the original now
remaining of record in my office.

SOFRON B. NEDILSKY, Clerk

DATED 10-21-99

BY_____ Deputy

EXHIBIT (a)

AO 245B (Rev. 8/96) Judgment in a Criminal Case:
    Sheet 2 - Imprisonment

Defendant:  **Carl Morgan**
Case Number:  **98-Cr-218**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of  **120 months as to Count One (1) of the Indictment and 188 months as to Count Two (2) of the Information.  Terms to run concurrently for a total term of 188 months imprisonment.**

**Defendant shall be given credit for time served.**

☒ The court makes the following recommendations to the Bureau of Prisons:

1. FCI - Oxford, Wisconsin
2. Defendant participate in the Bureau of Prison's Drug Treatment Program

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

   ☐ at _____a.m./p.m. on _____.

   ☐ as notified by the United States Marshal.

☒ **The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,**

   ☒ **before 2 p.m. on or before December 29, 1999.**

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

                                                    _____
                                                    UNITED STATES MARSHAL

                                        By  _____
                                                    Deputy U.S. Marshal

# Congressional Record

United States
of America

PROCEEDINGS AND DEBATES OF THE 80th CONGRESS, SECOND SESSION

## SENATE

### MONDAY, JULY 26, 1948

The Senate reassembled this day in its Chamber at the Capitol, in the city of Washington, in pursuance of the proclamation of the President of the United States of the 15th day of July 1948.

ARTHUR VANDENBERG, President pro tempore, called the Senate to order at 12 o'clock noon.

Rev. Bernard Braskamp, D. D., pastor of the Gunton-Temple Memorial Presbyterian Church, Washington, D. C., offered the following prayer:

O Thou God of infallible wisdom, we have entered upon days which are fraught with perplexing problems and heavy responsibilities, but also with glorious opportunities and possibilities.

We pray that we may have the interpreting light and the clear and confident leading of Thy spirit in all our deliberations and decisions.

May the ideals and principles of our blessed Lord not only stir our emotions but our wills, and may every lofty God-inspired sentiment be translated into action and achievement.

Grant that it may be the goal of all our aspirations to glorify Thy great and holy name and to build Thy kingdom of peace and good will among men and nations.

Hear us for the sake of the Christ. Amen.

The PRESIDENT pro tempore. The proclamation of the President reconvening the Congress will be read by the clerk.

The Chief Clerk (Edward E. Mansur, Jr.) read the proclamation, as follows:

CONVENING THE CONGRESS BY THE PRESIDENT OF THE UNITED STATES OF AMERICA—A PROCLAMATION

Whereas the public interest requires that the Congress of the United States should be convened at 12 o'clock noon on Monday, the 26th day of July 1948, to receive such communication as may be made by the Executive:

Now, therefore, I, Harry S. Truman, President of the United States of America, do hereby proclaim and declare that an extraordinary occasion requires the Congress of the United States to convene at the Capitol in the city of Washington on Monday, the 26th day of July 1948, at 12 o'clock noon, of which all persons who shall at that time be entitled to act as Members thereof are hereby required to take notice.

In witness whereof, I have hereunto set my hand and caused to be affixed the great seal of the United States.

Done at the city of Washington this 15th day of July, in the year of our Lord 1948, and of the independence of the United States of America the one hundred and seventy-third.

HARRY S. TRUMAN.

By the President:
G. C. MARSHALL,
Secretary of State.

## CALL OF THE ROLL

Mr. WHERRY. I suggest the absence of a quorum.

The PRESIDENT pro tempore. The clerk will call the roll.

The Chief Clerk called the roll, and the following Senators answered to their names:

| | | |
|---|---|---|
| Aiken | Hickenlooper | O'Daniel |
| Baldwin | Hill | O'Mahoney |
| Barkley | Hoey | Pepper |
| Brewster | Holland | Reed |
| Brooks | Jenner | Revercomb |
| Butler | Johnson, Colo. | Robertson, Va. |
| Byrd | Johnston, S. C. | Robertson, Wyo. |
| Cain | Eaton | Russell |
| Capehart | Kilgore | Saltonstall |
| Capper | Knowland | Smith |
| Connally | Langer | Sparkman |
| Cooper | Lodge | Stennis |
| Cordon | Lucas | Stewart |
| Donnell | McCarthy | Taft |
| Downey | McClellan | Taylor |
| Eastland | McFarland | Thomas, Okla. |
| Ecton | McGrath | Thomas, Utah |
| Ellender | McMahon | Thye |
| Fennel | Magnuson | Tobey |
| Ferguson | Martin | Umstead |
| George | Maybank | Vandenberg |
| Green | Millikin | Watkins |
| Gurney | Moore | Wherry |
| Hatch | Murray | Wiley |
| Hawkes | Myers | Williams |
| Hayden | O'Conor | Young |

Mr. WHERRY. I announce that the Senator from Minnesota [Mr. BALL], the Senator from Ohio [Mr. BRICKER], the Senator from Delaware [Mr. BUCK], the Senator from South Dakota [Mr. BUSHFIELD], the Senator from Vermont [Mr. FLANDERS], the Senator from Oregon [Mr. MORSE], and the Senator from Iowa [Mr. WILSON] are necessarily absent.

The Senator from New Hampshire [Mr. BRIDGES] is detained on official business.

The Senator from Idaho [Mr. DWORSHAK] is absent on official state business.

The Senator from New York [Mr. IVES] is absent because of illness in his family.

The Senator from Nevada [Mr. MALONE] is absent on official committee business of the Committee on Public Works.

Mr. LUCAS. I announce that the Senator from New Mexico [Mr. CHAVEZ] is unavoidably detained.

The Senator from Arkansas [Mr. FULBRIGHT], the Senator from Nevada [Mr. McCARRAN], the Senator from Tennessee [Mr. McKELLAR], the Senator from Maryland [Mr. TYDINGS], and the Senator from New York [Mr. WAGNER] are necessarily absent.

The PRESIDENT pro tempore. Seventy-eight Senators having answered to their names, a quorum is present.

## THE JOURNAL

Mr. WHERRY. Mr. President, I ask unanimous consent that, without reading, the Journal of the proceedings of the Senate for the calendar days Friday, June 18, Saturday, June 19, and Sunday, June 20, 1948, be approved.

The PRESIDENT pro tempore. Without objection, the order is made.

## ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED AFTER ADJOURNMENT

Subsequent to the adjournment of the Senate on June 20, 1948, the President pro tempore, under the authority of House Concurrent Resolution 219, signed the following enrolled bills and joint resolutions, which had previously been signed by the Speaker of the House of Representatives:

S. 165. An act for the relief of Doris E. Snyder;

S. 418. An act to provide for water-pollution-control activities in the Public Health Service of the Federal Security Agency and in the Federal Works Agency, and for other purposes;

S. 595. An act to provide that the rates of compensation for disabilities incurred in active military or naval service other than in a period of war service shall be equal to 80 percent of the rates payable for similar disabilities incurred during active service in time of war;

S. 1243. An act to provide for the payment of revenues from certain lands into the tribal funds of the Confederated Tribes of the Warm Springs Reservation of Oregon, and for other purposes;

S. 1260. An act to create a commission to hear and determine the claims of certain motor carriers;

S. 1322. An act to provide a Federal charter for the Commodity Credit Corporation;

S. 1683. An act to confer jurisdiction on the State of New York with respect to offenses committed on Indian reservations within such State;

S. 1715. An act for the relief of Archie Hamilton and Delbert Hamilton;

S. 1717. An act for the relief of the estate of William R. Stigall, deceased;

S. 1969. An act to amend the Philippine Rehabilitation Act of 1946 in connection with the training of Filipinos as provided for in title III;

S. 2217. An act conferring jurisdiction upon the Court of Claims of the United States to hear, determine, and render judgment upon the joint claims of Silas Mason Co., Inc.; Walsh Construction Co.; and Atkinson-Kier Co.;

S. 2242. An act to authorize for a limited period of time the admission into the United States of certain European displaced persons for permanent residence, and for other pur-

[CHAPTER 646]

## AN ACT

To revise, codify, and enact into law title 28 of the United States Code entitled "Judicial Code and Judiciary".

June 25, 1948
[H. R. 3214]
[Public Law 773]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That title 28 of the United States Code, entitled "Judicial Code and Judiciary" is hereby revised, codified, and enacted into law, and may be cited as "Title 28, United States Code, section —," as follows:

Title 28, U. S. Code.
Codification and
enactment into law.

# TITLE 28, JUDICIARY AND JUDICIAL PROCEDURE

| Part | | Sec. | |
|------|---|------|---|
| I. | Organization of courts | 1 | *Infra.* |
| II. | United States attorneys and marshals | 501 | *Post,* p. 909. |
| III. | Court officers and employees | 601 | *Post,* p. 913. |
| IV. | Jurisdiction and venue | 1251 | *Post,* p. 927. |
| V. | Procedure | 1651 | *Post,* p. 943. |
| VI. | Particular proceedings | 2201 | *Post,* p. 964. |

## PART I.—ORGANIZATION OF COURTS

| Chapter | | Sec. |
|---------|---|------|
| 1. | Supreme Court | 1 |
| 3. | Courts of appeals | 41 |
| 5. | District courts | 81 |
| 7. | Court of Claims | 171 |
| 9. | Court of Customs and Patent Appeals | 211 |
| 11. | Customs Court | 251 |
| 13. | Assignment of judges to other courts | 291 |
| 15. | Conferences and councils of judges | 331 |
| 17. | Resignation and retirement of judges | 371 |
| 19. | Distribution of reports and digests | 411 |
| 21. | General provisions applicable to courts and judges | 451 |

## CHAPTER 1—SUPREME COURT

Sec.
1. Number of justices; quorum.
2. Terms of court.
3. Vacancy in office of Chief Justice; disability.
4. Precedence of associate justices.
5. Salaries of justices.
6. Records of former court of appeals.

### § 1. Number of justices; quorum

The Supreme Court of the United States shall consist of a Chief Justice of the United States and eight associate justices, any six of whom shall constitute a quorum.

### § 2. Terms of court

The Supreme Court shall hold at the seat of government a term of court commencing on the first Monday in October of each year and may hold such adjourned or special terms as may be necessary.

### § 3. Vacancy in office of Chief Justice; disability

Whenever the Chief Justice is unable to perform the duties of his office or the office is vacant, his powers and duties shall devolve upon the associate justice next in precedence who is able to act, until such disability is removed or another Chief Justice is appointed and duly qualified.

### § 4. Precedence of associate justices

Associate justices shall have precedence according to the seniority of their commissions. Justices whose commissions bear the same date shall have precedence according to seniority in age.

[CHAPTER 645]

## AN ACT

To revise, codify, and enact into positive law, Title 18 of the United States Code, entitled "Crimes and Criminal Procedure".

June 25, 1948
[H. R. 3190]
[Public Law 772]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That Title 18 of the United States Code, entitled "Crimes and Criminal Procedure", is hereby revised, codified, and enacted into positive law, and may be cited as "Title 18, U. S. C., § ——", as follows:

Title 18, U. S. Code.
Codification and enactment into positive law.

## TITLE 18—CRIMES AND CRIMINAL PROCEDURE

| Part | | Sec. | |
|---|---|---|---|
| I. | CRIMES | 1 | *Infra.* |
| II. | CRIMINAL PROCEDURE | 3001 | *Post,* p. 813. |
| III. | PRISONS AND PRISONERS | 4001 | *Post,* p. 847. |
| IV. | CORRECTION OF YOUTHFUL OFFENDERS | 5001 | *Post,* p. 856. |

### PART I—CRIMES

| Chapter | | Sec. |
|---|---|---|
| 1. | General provisions | 1 |
| 3. | Animals, birds and fish | 41 |
| 5. | Arson | 81 |
| 7. | Assault | 111 |
| 9. | Bankruptcy | 151 |
| 11. | Bribery and graft | 201 |
| 13. | Civil rights | 241 |
| 15. | Claims and services in matters affecting government | 281 |
| 17. | Coins and currency | 331 |
| 19. | Conspiracy | 371 |
| 21. | Contempts constituting crimes | 401 |
| 23. | Contracts | 431 |
| 25. | Counterfeiting and forgery | 471 |
| 27. | Customs | 541 |
| 29. | Elections and political activities | 591 |
| 31. | Embezzlement and theft | 641 |
| 33. | Emblems, insignia, and names | 701 |
| 35. | Escape and rescue | 751 |
| 37. | Espionage and censorship | 791 |
| 39. | Explosives and combustibles | 831 |
| 41. | Extortion and threats | 871 |
| 43. | False personation | 911 |
| 45. | Foreign relations | 951 |
| 47. | Fraud and false statements | 1001 |
| 49. | Fugitives from justice | 1071 |
| 51. | Homicide | 1111 |
| 53. | Indians | 1151 |
| 55. | Kidnaping | 1201 |
| 57. | Labor | 1231 |
| 59. | Liquor traffic | 1261 |
| 61. | Lotteries | 1301 |
| 63. | Mail fraud | 1341 |
| 65. | Malicious mischief | 1361 |
| 67. | Military and Navy | 1381 |
| 69. | Nationality and citizenship | 1421 |
| 71. | Obscenity | 1461 |
| 73. | Obstruction of justice | 1501 |
| 75. | Passports and visas | 1541 |
| 77. | Peonage and slavery | 1581 |
| 79. | Perjury | 1621 |
| 81. | Piracy and privateering | 1651 |
| 83. | Postal service | 1691 |
| 85. | Prison-made goods | 1761 |
| 87. | Prisons | 1791 |
| 89. | Professions and occupations | 1821 |
| 91. | Public lands | 1851 |
| 93. | Public officers and employees | 1901 |
| 95. | Racketeering | 1951 |

672                    PUBLIC LAWS—CH. 644—JUNE 25, 1948          [62 Stat.

[CHAPTER 644]

June 25, 1948
[H. R. 6412]
[Public Law 771]

Title 3, U. S. Code.
Codification and en-
actment into positive
law.

Infra.
Post, p. 678.
Post, p. 679.

## AN ACT

To codify and enact into law Title 3 of the United States Code, entitled "The President".

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That Title 3 of the United States Code, entitled "The President", is codified and enacted into positive law and may be cited as "3 U. S. C., § ——", as follows:

## TITLE 3—THE PRESIDENT

Chap.                                                                          Sec.
1. PRESIDENTIAL ELECTIONS AND VACANCIES_____     1
2. OFFICE AND COMPENSATION OF PRESIDENT_____   101
3. PROTECTION OF THE PRESIDENT; THE WHITE HOUSE POLICE_____   201

CHAPTER 1—PRESIDENTIAL ELECTIONS AND VACANCIES

Sec.
1. Time of appointing electors.
2. Failure to make choice on prescribed day.
3. Number of electors.
4. Vacancies in electoral college.
5. Determination of controversy as to appointment of electors.
6. Credentials of electors; transmission to Secretary of State and to Congress;
    public inspection.
7. Meeting and vote of electors.
8. Manner of voting.
9. Certificates of votes for President and Vice President.
10. Sealing and endorsing certificates.
11. Disposition of certificates.
12. Failure of certificates of electors to reach President of Senate or Secretary
    of State; demand on State for certificate.
13. Same; demand on district judge for certificate.
14. Forfeiture for messenger's neglect of duty.
15. Counting electoral votes in Congress.
16. Same; seats for officers and Members of two Houses in joint meeting.
17. Same; limit of debate in each House.
18. Same; parliamentary procedure at joint meeting.
19. Vacancy in offices of both President and Vice President; officers eligible to act.
20. Resignation or refusal of office.

## CHAPTER 1—PRESIDENTIAL ELECTIONS AND VACANCIES

### TIME OF APPOINTING ELECTORS

§ 1. The electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President.

### FAILURE TO MAKE CHOICE ON PRESCRIBED DAY

§ 2. Whenever any State has held an election for the purpose of choosing electors, and has failed to make a choice on the day prescribed by law, the electors may be appointed on a subsequent day in such a manner as the legislature of such State may direct.

### NUMBER OF ELECTORS

§ 3. The number of electors shall be equal to the number of Senators and Representatives to which the several States are by law entitled at the time when the President and Vice President to be chosen come into office; except, that where no apportionment of Representatives has been made after any enumeration, at the time of choosing electors,

## CERTIFICATE OF SERVICE

I, **CARL MORGAN, HEREBY CERTIFY,** that I (the petitioner) avers in the nature of 28 U.S.C. §1746(1), that one true copy of Petition for Common Law Writ of Habeas Corpus, Application for Common Law Writ of Habeas Corpus, Memorandum of Law with Incorporated Points and Authorities, Judicial Notice, Administrative and Quasi-Judicial Notice via Show Cause Order and Exhibits, has been deposited into U.S. Mail, with sufficient First Class Postage affixed and properly addressed to:

> Solicitor General of the United States
> U.S. Department of Justice
> Constitution Ave. & 10th St. NW
> C/O Paul D. Clement, act.

Note: in the nature of 28 U.S.C. §1254(2), and Supreme Court Rule 29-4(a) and (b), and 28 U.S.C. §2403 (62 Stat. 971, June 25, 1984) the petitioner serves a conformed copy of the foregoing and attached documents (Exhibits) upon the Solicitor General of the United States as required when a question of Law concerning the Constitutionality, or Legitimate application of an unenacted Congressional act is called into question.

Date:_____,2007                Submitted by:

                                    _____
                                    Carl Morgan

# PARALLEL TABLE OF AUTHORITIES AND RULES

The following table lists rulemaking authority (except 5 U.S.C. 301) for regulations codified in the *Code of Federal Regulations*. Also included are statutory citations which are noted as being interpreted or applied by those regulations.

The table is divided into four segments: United States Code citations, United States Statutes at Large citations, public law citations, and Presidential document citations. Within each segment the citations are arranged in numerical order:

For the United States Code, by title and section;

For the United States Statutes at Large, by volume and page number;

For public laws, by number; and

For Presidential documents (Proclamations, Executive orders, and Reorganization plans), by document number.

Entries in the table are taken directly from the rulemaking authority citation provided by Federal agencies in their regulations. Federal agencies are responsible for keeping these citations current and accurate. Because Federal agencies sometimes present these citations in an inconsistent manner, the table cannot be considered all-inclusive.

The portion of the table listing the United States Code citations is the most comprehensive, as these citations are entered into the table whenever they are given in the authority citations provided by the agencies. United States Statutes at Large and public law citations are carried in the table only when there are no corresponding United States Code citations given.

This table is revised as of January 1, 1998.

**EXHIBIT B**

# CFR Index

| 16 U.S.C.—Continued | CFR |
|---|---|
| | 355, 356, 330 |
| | 50 Parts 11, 12, 14, 17, 24 |
| 1561 et seq | 50 Part 227 |
| 1603 | 36 Part 200 |
| 1604 | 36 Part 219 |
| 1606 | 7 Part 701 |
| 1608—1610 | 23 Part 660 |
| 1612 | 36 Part 216 |
| 1612 note | 36 Part 215 |
| 1613 | 36 Part 219 |
| 1620 | 7 Part 1 |
| 1704 | 43 Part 26 |
| 1801 et seq | 50 Parts 268, 300, 600, 622, 630, 640, 644, 648, 649, 654, 660, 662, 674, 678, 679 |
| 1801—1882 | 15 Part 904 |
| 1851 note | 15 Part 904 |
| | 50 Part 697 |
| 1853 | 15 Part 905 |
| | 50 Part 605 |
| 1901 et seq | 36 Part 9 |
| 1901—1912 | 43 Part 3830 |
| 1907 | 43 Part 3830 |
| 2001—2645 | 18 Part 290 |
| 2001—2009 | 7 Part 601 |
| 2101 et seq | 36 Part 200 |
| 2101—2111 | 7 Part 701 |
| 2103b | 36 Part 230 |
| 2114 | 36 Part 230 |
| 2201—2205 | 7 Part 701 |
| 2203—2205 | 7 Part 601 |
| 2203 | 7 Part 624 |
| 2309 | 16 Part 455 |
| 2401 et seq | 45 Part 672 |
| | 40 Part 8 |
| 2401—2412 | 15 Part 904 |
| | 45 Part 670 |
| 2401 | 45 Part 670 |
| 2403 | 40 Part 8 |
| 2405 | 45 Part 671 |
| 2431 et seq | 50 Part 300 |
| 2431—2444 | 15 Part 904 |
| 2501—2514 | 36 Part 72 |
| 2601—2645 | 18 Parts 2—4, 32—35, 37, 41, 45, 46, 101, 116, 131, 141, 154, 281, 286, 290, 292, 375, 381, 382, 385 |
| 2901 | 50 Part 83 |
| 3101 et seq | 36 Parts 9, 13 |
| | 43 Parts 36, 3000, 3110, 3120, 3150 |
| | 50 Part 36 |
| 3101—3126 | 36 Part 242 |
| | 50 Part 100 |
| 3124 | 43 Part 2090 |
| 3142 | 50 Part 37 |
| 3170 | 36 Part 251 |
| 3197 | 36 Part 13 |
| 3210 | 36 Part 251 |
| 3371 et seq | 50 Parts 10—12, 14 |
| 3371—3378 | 15 Part 904 |
| | 50 Parts 10, 14, 300 |
| 3372 | 25 Part 244 |
| 3373 | 7 Parts 1, 380 |
| 3374 | |

| 16 U.S.C.—Continued | CFR |
|---|---|
| | 50 Part 13 |
| 3501 et seq | 13 Part 116 |
| 3601—3608 | 15 Part 904 |
| 3631 et seq | 50 Part 674 |
| 3631—3644 | 15 Part 904 |
| 3636 | 50 Part 300 |
| 3801 et seq | 7 Part 12, 601 |
| 3801 | 7 Part 610 |
| 3834 | 7 Part 1400 |
| 3837 et seq | 7 Part 1467 |
| 3837—3837f | 7 Part 623 |
| 3839aa—3839aa-8 | 7 Part 1466 |
| 3841—3844 | 7 Part 12 |
| 3843 | 7 Part 614 |
| 3844 | 7 Part 1940 |
| 3901 et seq | 50 Part 25 |
| 4101 et seq | 50 Part 253 |
| 4201—4245 | 50 Part 17 |
| 4223—4244 | 50 Part 14 |
| 4301—4309 | 36 Part 290 |
| | 43 Part 37 |
| 4601–6a | 36 Part 291 |
| 4901—4916 | 50 Parts 13, 14 |
| 5101 et seq | 50 Part 697 |
| 5501 et seq | 50 Part 300 |

**17 U.S.C.**

| | |
|---|---|
| 101 | 19 Part 133 |
| 111 | 37 Parts 801, 803 |
| 116 | 37 Part 254 |
| 118 | 37 Part 253 |
| 119 | 37 Part 257, 258 |
| 509 | 28 Part 9 |
| 601—603 | 19 Part 133 |
| 702 | 37 Parts 201—204, 211, 256, 310 |
| 801—803 | 37 Part 251 |
| 801 | 37 Parts 252—255, 304 |
| 802 | 37 Parts 256, 310 |
| 803 | 37 Parts 252, 253, 255 |
| 804 | 37 Part 306 |
| 908 | 37 Part 211 |
| 1007 | 37 Part 259 |

**18 U.S.C.**

| | |
|---|---|
| 13 | 32 Parts 210, 263, 1290 |
| | 39 Part 232 |
| 42—44 | 50 Part 11 |
| 42 | 19 Part 12 |
| | 50 Parts 10, 13, 14, 16 |
| 43—44 | 50 Part 12 |
| 47 | 43 Part 4700 |
| 109 | 21 Part 41 |
| 201—212 | 24 Part 0 |
| 201—209 | 12 Part 511 |
| | 29 Part 2202 |
| | 32 Part 1293 |
| 201 | 19 Part 161 |
| 201 note | 20 Part 360 |
| 202 | 14 Part 300 |
| 203 | 7 Part 1 |
| | 31 Part 8 |
| 205 | 7 Part 1 |
| | 14 Part 300 |
| | 31 Part 8 |
| 207 | 5 Parts 1304, 2641 |

Authorities

18 U.S.C.—Continued

| | CFR |
|---|---|
| | 11 Part 7 |
| | 12 Parts 400, |
| | 933, 2434, 2637 |
| | 14 Parts 300, 1207 |
| | 15 Part 0 |
| | 16 Part 1030 |
| | 17 Part 140 |
| | 19 Part 200 |
| | 22 Parts 18, 223, 525, 710 |
| | 28 Part 45 |
| | 29 Part 0 |
| | 31 Part 15 |
| | 36 Part 905 |
| | 39 Part 956 |
| | 41 Part 105–735 |
| | 45 Parts 73b, 500 |
| | 46 Parts 500, 502 |
| | 49 Part 98 |
| 208 | 5 Part 2640 |
| | 10 Part 1010 |
| | 12 Part 264a |
| | 15 Part 0 |
| | 16 Part 5 |
| | 18 Part 1301 |
| | 22 Part 606 |
| | 29 Parts 0 |
| | 34 Part 73 |
| | 45 Part 680 |
| | 46 Part 500 |
| 219 | 32 Part 516 |
| 223 | 28 Part 524 |
| 241 note | 24 Part 573 |
| 437 | 25 Part 140 |
| 474 | 31 Parts 402, 405 |
| 474A | 31 Part 601 |
| 492 | 31 Parts 101, 402, 403 |
| 512 | 28 Part 9 |
| 545 | 19 Parts 145, 161 |
| 546 | 19 Part 162 |
| 550 | 19 Part 191 |
| 641 | 12 Part 4 |
| | 43 Part 8200 |
| | 49 Part 801 |
| 701 | 32 Part 507 |
| | 50 Part 80 |
| 702 | 32 Part 507 |
| 707 | 7 Part 8 |
| 711 | 36 Part 271 |
| 751—752 | 28 Part 511 |
| 751 | 28 Part 570 |
| 798 | 32 Parts 322, 518 |
| 799 | 14 Parts 1203a, 1214 |
| 831—835 | 49 Parts 392, 396, 398 |
| 831—833 | 49 Part 397 |
| 834 | 49 Part 178 |
| 835 | 49 Part 397 |
| 847 | 27 Parts 55, 178 |
| 921—928 | 27 Part 178 |
| 921 | 27 Part 72 |
| 926 | 27 Part 200 |
| 951 | 28 Part 73 |
| 981 | 28 Part 9 |
| | 39 Part 233 |
| 982 | 28 Part 9 |
| 1001 | 7 Part 1443 |
| | 32 Part 525 |

18 U.S.C.—Continued

| | CFR |
|---|---|
| 1001ff | 38 Part 21 |
| 1017 | 36 Part 701 |
| 1114 | 28 Part 64 |
| 1116 | 22 Part 2 |
| 1159 | 25 Part 309 |
| 1261 | 27 Part 72 |
| 1382 | 32 Parts 527, 552, 770 |
| 1467 | 28 Part 9 |
| 1512 | 28 Part 551 |
| 1693—1699 | 39 Parts 310, 320 |
| 1752 | 31 Part 408 |
| 1791—1792 | 28 Part 511 |
| 1791 | 28 Parts 6, 540 |
| 1793 | 28 Part 511 |
| 1851—1861 | 43 Part 9260 |
| 1851—1858 | 43 Part 9230 |
| 1905—1906 | 12 Part 4 |
| 1905 | 19 Part 103 |
| | 20 Part 402 |
| | 21 Part 20 |
| | 45 Part 5 |
| 1955 | 28 Part 9 |
| 1956—1957 | 39 Part 233 |
| 1963 | 28 Part 9 |
| 2071 | 49 Part 801 |
| 2152 | 32 Part 761 |
| 2253 | 28 Part 9 |
| 2254 | 28 Part 9 |
| | 39 Part 233 |
| 2257 | 28 Part 75 |
| 2332d | 31 Parts 500, |
| | 515, 535, 550, 560, 575, 596 |
| 2341—2346 | 27 Part 296 |
| 2386 | 28 Part 10 |
| 2510 et seq | 15 Parts 730, |
| | 738, 742, 774 |
| 2513 | 28 Part 9 |
| 3001 note | 28 Part 42 |
| 3013 | 28 Part 545 |
| 3050 | 28 Part 511 |
| 3056 | 31 Parts 409, 413 |
| 3059 | 28 Part 7 |
| 3061 | 39 Parts 232, 233 |
| 3401—3402 | 32 Part 1290 |
| 3401 | 28 Part 52 |
| | 32 Part 516 |
| 3496 | 22 Part 92 |
| 3500 | 32 Part 518 |
| 3521—3528 | 28 Part 524 |
| 3551 et seq | 43 Part 9260 |
| 3551—3586 | 36 Part 242 |
| | 50 Part 100 |
| 3559 | 10 Part 860 |
| | 42 Part 72 |
| 3565 | 28 Parts 527, 571 |
| 3568—3569 | 28 Part 571 |
| 3568 | 28 Part 523 |
| 3571 | 28 Part 527 |
| 3571 | 10 Parts 860, 1048 |
| | 28 Part 545 |
| | 42 Part 72 |
| 3582 | 28 Part 571 |
| 3621—3622 | 28 Parts 500, 501, |
| | 505, 511—513, 522—524, 527, 540, 541— |
| | 545, 547—552, 570, 571 |
| 3621 | 28 Part 553 |

# CFR Index

**18 U.S.C.—Continued**

|  | CFR |
|---|---|
| 3622 | 28 Part 553 |
| 3624 | 28 Part 553 |
| 3624 | 28 Parts 500, 501, 505, 511—513, 522—524, 527, 540, 541—545, 547—552, 570, 571 |
| 3663 | 28 Part 545 |
| 4001—4002 | 28 Part 26 |
| 4001 | 28 Parts 500, 501, 503—505, 511—513, 522—524, 527, 540—543, 545, 547—553, 570—572 |
| 4001 note | 28 Part 505 |
| 4003 | 28 Parts 503, 504 |
| 4005 | 28 Parts 549, 551 |
| 4012 | 28 Part 511 |
| 4042 | 28 Parts 66, 67, 70, 500, 501, 503—505, 511—513, 522—524, 527, 540—543, 545, 547—550, 552, 553, 570—572 |
| 4044 | 28 Part 504 |
| 4045 | 28 Part 549 |
| 4046 | 28 Part 524 |
| 4081—4082 | 28 Parts 500, 501, 503, 505, 511—513, 522—524, 527, 540—545, 547—550, 552, 553, 570—572 |
| 4081 | 28 Part 504 |
| 4100—4115 | 28 Part 504 |
| 4126 | 28 Part 527 |
| 4126 | 28 Parts 301, 302, 345, 545, 553 |
| 4161—4166 | 28 Parts 501, 522, 523, 527, 541, 544, 550, 570, 571 |
| 4162—4165 | 28 Part 551 |
| 4201—4218 | 28 Parts 527, 571 |
| 4203—4204 | 28 Part 2 |
| 4203 | 13 Part 102 |
| 4203 | 28 Part 16 |
| 4205 | 28 Part 572 |
| 4241—4247 | 28 Part 549 |
| 4251—4255 | 28 Part 550 |
| 4351—4353 | 28 Parts 66, 67, 69, 70 |
| 5003 | 28 Part 527 |
| 5006—5024 | 28 Parts 500, 501, 503, 505, 511—513, 522—524, 527, 542, 543, 545, 547—550, 553, 570, 571 |
| 5006—5014 | 28 Part 541 |
| 5006 | 28 Part 552 |
| 5015 | 28 Parts 543, 551, 572 |
| 5016—5024 | 28 Part 541 |
| 5017 | 28 Part 2 |
| 5024 | 28 Part 552 |
| 5031—5042 | 28 Part 571 |
| 5039 | 28 Parts 500, 501, 503, 505, 511—513, 522—524, 527, 540—543, 545, 547—550, 552, 553, 570, 572 |
| 5041 | 28 Part 2 |
| 6002 | 14 Part 13 |
| 6002 | 16 Parts 2—4 |
| 6004 | 16 Parts 2—4 |

**19 U.S.C.**

|  | CFR |
|---|---|
| 2 | 19 Part 101 |
| 54 | 19 Part 24 |
| 58a—58c | 19 Part 24 |
| 58b | 19 Parts 101, 122 |
| 58c | 19 Part 111 |
| 66 | 19 Parts 4, |

**19 U.S.C.—Continued**

|  | CFR |
|---|---|
| 7, 10—12, 18, 19, 24, 54, 101—103, 111—115, 118, 122, 123, 125, 127, 128, 132—134, 141—148, 151, 152, 158, 159, 161, 162, 171—177, 181, 191, 192 | |
| 81a—81u | 15 Part 400 |
| | 19 Parts 146, 147 |
| 81a—81b | 15 Part 400 |
| 81c | 19 Part 191 |
| | 27 Parts 19, 25, 250, 251, 252 |
| 81f | 15 Part 400 |
| 81j | 15 Part 400 |
| 81l—81s | 15 Part 400 |
| 197—198 | 19 Part 158 |
| 288 | 19 Part 4 |
| 289 | 19 Part 4 |
| 293—294 | 19 Part 4 |
| 482 | 19 Part 162 |
| 794 | 32 Part 1906 |
| 1202 | 7 Parts 6, 1530 |
| | 9 Part 151 |
| | 15 Parts 30, 301, 315 |
| | 19 Parts 7, 10, 12, 18, 19, 24, 54, 101, 102, 111, 114, 125, 128, 132, 134, 141, 145—148, 151, 152, 177, 181, 191 |
| | 27 Parts 251, 252 |
| | 50 Parts 10, 13, 15 |
| 1202 note | 7 Part 6 |
| | 14 Part 1214 |
| | 15 Part 303 |
| | 19 Part 351 |
| 1303 | 19 Parts 12, 207, 353 |
| 1303 note | 19 Part 351 |
| 1304 | 19 Part 134 |
| 1305 | 19 Parts 12, 145 |
| 1306 | 7 Part 330 |
| | 9 Parts 92—94, 98, 130 |
| 1307 | 19 Part 12 |
| 1309 | 19 Parts 10, 191 |
| | 27 Part 252 |
| 1311—1312 | 19 Parts 19, 125 |
| 1311 | 19 Part 151 |
| | 21 Part 1220 |
| | 27 Part 19, 252 |
| 1313 | 19 Parts 10, 191 |
| 1315 | 19 Parts 141, 145, 152 |
| 1317 | 19 Part 10 |
| 1321 | 19 Parts 10, 128, 145, 148 |
| 1322—1333 | 19 Part 18 |
| 1322 | 19 Parts 4, 123 |
| 1331 | 19 Part 201 |
| 1333 | 19 Parts 201, 210 |
| 1335 | 19 Parts 200—202, 204—206, 210, 213 |
| 1336 | 19 Part 207 |
| 1337 | 19 Parts 12, 210 |
| 1339 | 19 Part 213 |
| 1342 | 19 Part 210 |
| 1365 | 7 Part 1530 |
| 1401a | 19 Parts 10, 141, 152 |
| 1402 | 19 Parts 10, 141 |
| 1411—1414 | 19 Part 101 |
| 1431—1435 | 19 Part 4 |
| 1431 | 19 Parts 103, 123, 162 |
| 1433 | |

Authorities

*Reorganization Plans—Continued*     CFR

1953 Plan No. 2................................45 Parts 7, 16, 204
1958 Plan No. 1...........................................7 Part 2
                         32 Part 185
1961 Plan No. 3..........................46 Parts 345—347
                      14 Parts 213,
           216, 247, 384, 385
1961 Plan No. 6 ....................12 Parts 501, 933
1961 Plan No. 7.............................46 Parts 202,
    206, 207, 251, 276, 280, 283, 294, 309,
    310, 331, 381, 385, 390, 391, 501, 585,
    586
1965 Plan No. 1 .............................19 Part 101
1965 Plan No. 2 .............................15 Part 903
1968 Plan No. 2 ...........................24 Parts 1, 2
                         49 Part 601
1968 Plan No. 3 ....................40 Parts 180, 190
1970 Plan No. 2.........................41 Part 101—37
1970 Plan No. 3 .............................21 Part 193
                        40 Parts 2,
    112, 121, 160, 177—179, 190, 194
1970 Plan No. 4 .............................15 Part 950
              50 Parts 251, 254, 260
1973 Plan No. 1 .................................31 Part 9

*Reorganization Plans—Continued*     CFR

1977 Plan No. 2.............................46 Parts 345—347
                      22 Parts 504,
                      514—518
1978 Plan No. 1 .........................29 Parts 1614,
    1620, 1621, 1625—1627, 1690
1978 Plan No. 2 .............................5 Parts 177,
           179, 1250—1255
1978 Plan No. 3 .........................44 Parts 1, 2,
    5—15, 18, 59—68, 70—73, 75, 77, 78,
    80—83, 150—152, 206, 222, 300—304,
    306, 308, 312, 320, 321, 323, 324, 327—
    331, 350, 351, 360, 361
              48 Parts 4401—4403,
    4405, 4406, 4408, 4409, 4412, 4414—
    4417, 4419, 4424, 4426, 4429, 4432, 4433,
    4435, 4436, 4452,
1978 Plan No. 4 .........................29 Parts 2510,
    2550, 2570
1979 Plan No. 1 .........................10 Parts 1500,
    1502, 1504, 1530, 1534
1979 Plan No. 3.....................15 Parts 705, 2009
1980 Plan No. 1 .................................10 Part 1



Office of the Attorney General
Washington, D. C. 20530

March 20, 1997

RECEIVED

MAR 27 1997

OFFICE OF THE GOVERNOR

BY CERTIFIED MAIL

The Honorable Gary Locke
Governor of Washington
P.O. Box 40002
Olympia, WA  98504

Dear Governor Locke:

On behalf of the United States, I hereby accept concurrent legislative jurisdiction over the site of a Federal Bureau of Prisons facility, near Seattle and Tacoma, Washington, to be used for prisoner detention, correction, and other purposes.  As you may know, construction of the facility, presently known as FDC Seatac, is well under way.  The facility is soon expected to begin operations.

The State of Washington has consented to the acquisition by the United States of land acquired for federal purposes, see Wash. Rev. Code Ann. § 37.04.010, and has ceded concurrent criminal and civil legislative jurisdiction over such land to the United States for all purposes for which the United States acquired the land, see Wash. Rev. Code Ann. § 37.04.020; see also Department of Labor and Industries v. Dirt & Aggregate, Inc., 120 Wash.2d 49, 52-53, 837 P.2d 1018, 1021 (Wash. 1992) (holding that the state may cede legislative jurisdiction to the United States, and that the scope of the federal jurisdiction is governed by the terms of the cession).

Federal law provides that a state's cession of legislative jurisdiction to the United States does not take effect until accepted by the head of the federal department that has custody over the land.  40 U.S.C. § 255.  This letter constitutes the United States' acceptance of concurrent criminal and civil jurisdiction over the site of the facility.  Copies of the



EXHIBIT C

The Honorable Gary Locke
Page 2

Declaration of Taking and general warranty deeds for the site are enclosed.

Concurrent legislative jurisdiction will mutually benefit the State of Washington and the United States. Absent federal legislative jurisdiction, the state would have the entire burden of prosecuting offenses that might be committed at the facility, except those offenses that violate federal law even when committed outside areas of federal legislative jurisdiction. Concurrent jurisdiction enables the United States to investigate and prosecute certain offenses when appropriate, without displacing state authorities. Criminal offenses perpetrated by or against federal prisoners confined at the institution can be investigated by the Federal Bureau of Investigation and prosecuted by the United States Attorney. Thus, cession of concurrent jurisdiction may relieve the State of some of the burden of investigating and prosecuting criminal offenses that occur at the federal institution. In some situations, it might be more appropriate for the State to investigate and prosecute violations of state law, and the State could do so.

Please execute the acknowledgment of receipt of this letter on the enclosed copy, and return that copy to:

Michael E. Wall
United States Department of Justice
Environment & Natural Resources Division
Policy, Legislation and Special Litigation Section
950 Pennsylvania Avenue, NW, Room 2133
P.O. Box 4390
Washington, DC 20044-4390.

Should you need any further information, please have your staff contact Mr. Wall on (202) 514-1442, or Jeffrey J. Limjoco, an attorney with the Federal Bureau of Prisons, on (202) 307-1240.

The Honorable Gary Locke
Page 3

I appreciate your assistance in this important area of federal-state cooperation.

Sincerely,

Janet Reno

Enclosures

Receipt of the above notice of acceptance of concurrent legislative jurisdiction over the site of the Federal Detention Center near Seattle and Tacoma, Washington (FDC Seatac) is hereby acknowledged this 11th day of April, 1997.

Governor of Washington



**Office of the Attorney General**
**Washington, D. C. 20530**



MAY - 6 1997

OFFICE OF THE
GOVERNOR

May 1, 1997

BY CERTIFIED MAIL

The Honorable Frank Keating
Governor of Oklahoma
Oklahoma City, Oklahoma  73105

Dear Governor Keating:

On behalf of the United States, I hereby accept concurrent legislative jurisdiction over the land that presently is the site of the Federal Transfer Center (FTC) in Oklahoma City.

The State of Oklahoma recently enacted Senate Bill No. 283 to cede to the United States concurrent legislative jurisdiction over the FTC site. That bill, styled "An Act Relating to the United States: Ceding Concurrent Jurisdiction Over Certain Real Property to the United States; Reserving Concurrent Jurisdiction for Certain Purposes; Providing for the Termination of Such Jurisdiction; Providing for Codification; and Declaring an Emergency," was signed by you on April 9, 1997.  Section 1 of the Bill provides, in relevant part:

Notwithstanding any other provision of law, concurrent jurisdiction is hereby ceded to the United States over the tract of land comprised and any tracts of land hereafter comprised within the limits of the Oklahoma City Federal Transfer Center, a facility which is leased to the United States and located at Will Rogers World Airport in Oklahoma City, County of Oklahoma. . . .  The jurisdiction so ceded shall continue no longer than the United States shall lease or own such lands or portions thereof.

Federal law provides that a state's cession of legislative jurisdiction to the United States does not take effect until accepted by the head of the federal department that has custody over the land.  40 U.S.C. § 255.  This letter constitutes the United States' acceptance of concurrent criminal and civil legislative jurisdiction over the tracts of land presently comprised within the limits of the FTC.  Enclosed is a copy of the property description for the land over which the United States accepts concurrent jurisdiction.

The Honorable Frank Keating
Page 2

Please execute the acknowledgment of receipt of this letter
on the enclosed copy, and return that copy to:

Michael E. Wall
United States Department of Justice
Environment & Natural Resources Division
Policy, Legislation and Special Litigation Section
950 Pennsylvania Avenue, NW, Room 2133
P.O. Box 4390
Washington, DC 20044-4390

Should you need any further information, please have your staff
contact Mr. Wall on (202) 514-1442, or Jane Crowell, an attorney
with the Federal Bureau of Prisons, on (202) 307-1240.

I appreciate your assistance in this important area of
federal-state cooperation.

Sincerely,

Janet Reno

Enclosure

Receipt of the above notice of acceptance of concurrent
legislative jurisdiction over the site of the Federal Transfer
Center in Oklahoma City, Oklahoma, is hereby acknowledged this
_____ day of _____, 1997.

_____
Governor of Oklahoma

EXHIBIT (d)

Evidentiary Hearing
[not submitted]

EXHIBIT (a)



UNITED STATES · OF AMERICA

# Congressional Record

PROCEEDINGS AND DEBATES OF THE $80th$ CONGRESS
SECOND SESSION

## VOLUME 94—PART 8

JULY 26, 1948, TO DECEMBER 31, 1948
(PAGES 9353 TO 10316)

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1948



EXHIBIT E

Congressional
Record

VOL. 94
PART 8
PAGES 9353 TO 10316

30TH CONGRESS
2D SESSION
JULY 26, 1948
TO
DECEMBER 31, 1948

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CARL MORGAN | ALBERTO GONZALES |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION

CASE NUMBER 1:07CV00361

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

JUDGE: Richard J. Leon

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 02/16/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
 Plaintiff

☐ 3 Federal Question
 (U.S. Government Not a Party)

☐ 2 U.S. Government
 Defendant

☐ 4 Diversity
 (Indicate Citizenship of Parties
 in item III)

## III CITIZENSHIP
FOR PLAIN...

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| **G.** *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | **H.** *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | **I.** *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | **J.** *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| **K.** *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **L.** *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | **M.** *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **N.** *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☐ NO   If yes, please complete related case form.

DATE  2/20/07   SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.