UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARL MORGAN** : | |
|       **Petitioner** : | |
| : | Civil Action No.1:07cv0361 (RJL) |
| **v.** : | |
| : | |
| **ALBERTO GONZALEZ,** *et.al.,* : | |
|       **Respondents** : | |

### RESPONDENTS' MOTION TO TRANSFER
### PETITIONERS PRO-SE PETITION FOR A WRIT OF HABEAS CORPUS

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their motion to transfer petitioner's pro se petition for a writ of habeas corpus to the United States District Court for the Eastern District of Wisconsin. In support of his petition for a writ of habeas corpus, the petitioner challenges the legality of his convictions by asserting that the United States District Court for the Eastern District of Wisconsin lacked subject matter jurisdiction over his criminal case and also alleges ineffective assistance of counsel. Because these claims constitute a motion for relief pursuant to 28 U.S.C. § 2255, rather than a petition for a writ of habeas corpus petitioner's petition should be re-characterized as a § 2255 motion and be transferred to the United States District Court for the Eastern District of Wisconsin, after giving petitioner an opportunity to respond to the Court's proposed re-characterization and transfer.

### ARGUMENT

**I. Petitioner's Habeas Petition Should Be Construed as a § 2255 Motion**

According to the petitioner, he was sentenced on October 21, 1999, in the United States District

Court for the Eastern District of Wisconsin.[1] The petitioner's petition must be transferred to the United States District Court for the Eastern District of Wisconsin, the court in which he was convicted and sentenced. Although the petitioner has styled his claim for relief as a petition for a writ of habeas corpus, and not specifically as a Section 2255 motion, it is well settled that the caption of a pleading is not determinative of the nature of the relief sought. Thus, the federal circuit courts of appeal have uniformly held that pleadings which are the functional equivalent of a Section 2255 motion must be treated as such, regardless of the caption of the pleading. See, e.g., United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997) (treating motion under Declaratory Judgment Act as Section 2255 motion); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (treating Section 2241 habeas petition as Section 2255 motion); cf. Brennan v. Wall, 100 Fed.Appx. 4, 5 (1st Cir.) (treating motion filed under 28 U.S.C. § 1651 as § 2254 motion), cert. denied, 543 U.S. 908 (2004); Byrd v. Bagley, 37 Fed.Appx. 94, 95 (6th Cir. 2002) ("regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254");

---

[1] The petitioner's criminal history in petitioner's underlying case, Criminal Case 1:98cr218 is sealed. If, upon transfer to the United States District Court for the Eastern District of Wisconsin, it is determined that this is not petitioner's first motion for post-conviction relief under 28 U.S.C. § 2255, his petition would have to be transferred to the Seventh Circuit Court of Appeals, rather than to the district court that sentenced him. See 28 U.S.C. § 2255 ¶ 8 (under Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before filing a second or successive § 2255 motion a prisoner must first obtain a certification from the appropriate court of appeals). Absent such certification, a district court lacks jurisdiction to entertain a second or successive § 2255 motion. See, e.g., United States v. Barnes, 1999 WL 229018, *1 (D.C. Cir. 1999); United States v. Lawrence, 1998 WL 203115, *1 (D.C. Cir.1998); United States v. Levi, 1997 WL 529069, *1 (D.C. Cir. 1997); see also Poindexter v. Nash, 333 F.3d 372, 382 (2nd Cir. 2003) ("The district court has no power to entertain a second or successive §2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court.") (citations omitted), cert. denied, 540 U.S. 1210 (2004). However, before the Court can construe the petitioner's petition as a motion filed under 28 U.S.C. § 2255, this Court must advise the petitioners of the consequences of the re-characterization, and allow the petitioner an opportunity to respond. See, e.g., Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Palmer, 296 F.3d 1135, 1146 (D.C. Cir. 2002).

Burris v. Parke, 130 F.3d 782, 783 (7th Cir.) (treating motion to recall mandate as Section 2254 motion), cert. denied, 522 U.S. 990 (1997); In Re Sapp, 118 F.3d 460, 464 (6th Cir.) (treating complaint under 42 U.S.C. § 1983 as Section 2254 motion), cert. denied, 521 U.S. 1130 (1997); Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir.) (per curiam) (treating Section 2241 habeas petition as Section 2254 motion), cert. denied, 519 U.S. 1103 (1997); Felker v. Turpin, 101 F.3d 657, 661 (11th Cir.) (treating Rule 60(b) motion as Section 2254 motion), cert. denied, 519 U.S. 989 (1996).

In this case, the petitioner challenges the legality of his convictions, and not the manner in which his sentences have been executed. However, it is well settled that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined . . . [whereas] a 28 U.S.C. § 2255 [motion] attacks the legality of detention . . . and must be filed in the district that imposed sentence." Bradshaw v. Story, supra, 86 F.3d at 166; Milton v. Wiley, 2006 WL 3706057, *1 (10th Cir. December 18, 2006); see also Perkins v. Henderson, 881 F.Supp. 55, 59 n.4 (D.D.C. 1995) ("'It is well settled in this jurisdiction and elsewhere that Section 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement.'") (quoting Hartwell v. United States, 353 F.Supp. 354, 357-58 (D.D.C. 1972)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) (petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing). Accordingly, this Court should properly treat the petitioner's habeas petition, which solely challenges the legality of his convictions, as a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, rather than as a habeas petition filed pursuant to 28 U.S.C. § 2241.

Accordingly, because the instant petition constitutes a Section 2255 motion, this Court

should transfer this petition to the United States District Court for the Eastern District of Wisconsin, the court in which petitioner was sentenced. See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct sentence.") (emphasis added).

## II.  Petitioner Should Be Given An Opportunity to Respond To Re-Characterization Under Section 2255

The Court may re-characterize petitioner's petition as a § 2255 motion only if the Court informs the petitioner of its intent to characterize the petition under § 2255, "warns the litigant that the re-characterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro, 540 U.S. at 376; see also Palmer, 296 F. 3d at 1146 (the district court "may re-characterize a post-conviction motion made under another rule of law as a § 2255 only if it first ensures that the movant is fully informed of § 2255's restriction on second or successive 2255 motions as well as other procedural hurdles implicated by recharacterization and the court offers the movant an opportunity to withdraw his motion"). Thus, the petitioner should be given the following warnings concerning the consequences that may result from the characterization of his petition as a §2255 motion, and give him an opportunity to withdraw his petition if he wishes to avoid these consequences.

First, 28 U.S.C. § 2255 requires that all claims attacking a conviction or sentence be brought in a single motion. A second or successive § 2255 motion must be certified by the appropriate U.S. Court of Appeals. 28 U.S.C. § 2255 ¶ 8. The Court of Appeals will not authorize a second or

successive § 2255 motion unless it contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that the defendant is not guilty of the offense for which he was convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review that was previously unavailable. Id.

Second, the petitioner should be advised that § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6. The one year period of limitation requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction became final; (2) the date upon which the impediment to making a motion created by governmental action in violation of the Constitution of the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Finally, if the petitioner's petition is characterized as a § 2255 motion, he must be given the opportunity to withdraw the instant petition before it is so characterized. Additionally, the petitioner should be warned that any motion attacking the legality of his conviction or sentence will be subject to the restrictions of § 2255.

## **CONCLUSION**

**WHEREFORE**, the federal respondents respectfully request that, for the above-stated reasons, the petitioner's petition be re-characterized as a § 2255 motion, and that he be allowed to either withdraw the instant petition or agree to let the petition be characterized as a § 2255 motion within 60 days of the date this Court orders the petitioner to make such a choice. If the petitioner

allows his petition to be characterized as a § 2255 motion, the federal respondents request that this Court transfer the petitioners' petition to the United States District Court for the Eastern District of Wisconsin as a motion made pursuant to 28 U.S.C. § 2255.

    A proposed Order is attached.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney
                                            D.C. Bar Number 498-610

                                              /s/ Robert Okun
                                            ROBERT D. OKUN
                                            Assistant United States Attorney
                                            Chief, Special Proceedings Division
                                            D.C. Bar Number 457-078

                                              /s/ Carolyn Kolben
                                            CAROLYN K. KOLBEN
                                            Assistant United States Attorney
                                            D.C. Bar No. 249-136
                                            Special Proceedings Division
                                            555 4th Street, N.W., Room 10-441
                                            Washington, D.C. 20530
                                            (202) 616-0852

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the instant motion has been filed electronically with the Court and served by mail upon the petitioner Carl Morgan, Fed. Reg. No. 05428-089, Federal Correctional Facility-Oakdale, P.O. Box 5000, Oakdale, LA, 71463, this first day of May, 2007.

                                                /s/
                                        Carolyn K. Kolben
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL MORGAN, : | |
|     Petitioner : | Civil Action No. 1:07CV00361 (RJL) |
| : | |
| v. : | |
| : | |
| ALBERTO GONZALES, et. al, : | |
|     Respondents : | |

**<u>ORDER</u>**

After reviewing the petitioner's petition and the government's response, this Court believes that the claims in petitioner's petition may only be raised in a motion filed pursuant to 28 U.S.C. § 2255. Therefore, this Court intends to construe the petitioner's petition as a § 2255 motion. However, before I take this action, I need to inform the petitioners of some of the consequences that may result from the re-characterization of his petition, and give the petitioner an opportunity to withdraw his petition if he wishes to avoid these consequences. Therefore, I am providing the petitioner with the following advisement pursuant to <u>United States v. Castro</u>, 540 U.S. 375 (2003), and <u>United States v. Palmer</u>, 296 F.3d 1135 (D.C. Cir.2002).

First, the law related to § 2255 motions requires all claims challenging the legality of a conviction or sentence be brought in a single motion. If I characterize your petition as a § 2255 motion, you will not be able to file any more motions challenging your conviction or sentence unless the appropriate U.S. Court of Appeals authorizes you to file such a motion. In this regard, you should be aware that the Court of Appeals will not authorize you to file a second or successive § 2255 motion unless the motion contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that you are not guilty of the offense for which you were convicted; or (2) a

new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review.

Second, if I characterize your petition as a § 2255 motion, you will be subject to the one year period of limitation contained in § 2255. This period of limitation requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which your conviction becomes final; (2) the date on which any governmental interference preventing you from filing such a motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review; or (4) the date on which the facts supporting your claims could have been discovered if you acted with reasonable diligence.

Third, because of the consequences that may result if I characterize your petition as a § 2255 motion, I will afford you the opportunity to withdraw your petition before I characterize it as a § 2255 motion. In the event that you decide to withdraw your petition and file another motion in its place, please be aware that any motion attacking your conviction or sentence will be subject to the restrictions on § 2255 motions that I have described in the paragraphs above.

Accordingly, you will have 60 days after the date of this order in which to inform the Court whether you wish to withdraw your petition or have me characterize it as a § 2255 motion. If I do not receive your response within that time period, I will characterize your petition as a motion filed under 28 U.S.C. § 2255.

Furthermore, if this Court characterizes the petitioners' petition as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, the federal respondents' motion to transfer the petitioner's petition will be granted and the petition will be transferred to the United States District

Court for the Eastern District of Wisconsin.

**SO ORDERED**, this _____ day of _____, 2007.

_____
Richard J. Leon
United States District Court Judge

Copies To.

Carl Morgan
Fed. Reg. No 05428-089
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

Carolyn K. Kolben
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-441
Washington, D.C. 20530