UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 10 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CARL MORGAN, )
)
      Petitioner, )
)
v. ) Civil Case No. 07-361 (RJL)
)
ALBERTO GONZALEZ, *et al.* )
)
      Respondents. )
)

## ORDER

Before the Court is the defendant's [6] Motion to Transfer Petitioner's *Pro Se* Petition for a Writ of Habeas Corpus filed on May 1, 2007. After reviewing the petitioner's petition and the government's response, this Court believes that the claims in petitioner's petition may only be raised in a motion filed pursuant to 28 U.S.C. § 2255. Therefore, this Court intends to construe the petitioner's petition as a § 2255 motion. However, before this Court takes this action, it needs to inform the petitioner of the consequences that may result from the re-characterization of his petition, and give the petitioner an opportunity to withdraw his petition if he wishes to avoid these consequences. Therefore, this Court is providing the petitioner with the following advisement pursuant to *United States v. Castro*, 540 U.S. 375 (2003), and *United States v. Palmer*, 296 F.3d 1135 (D.C. Cir.2002).

First, the law related to § 2255 motions requires all claims challenging the legality of a conviction or sentence be brought in a single motion. If this Court characterizes your



petition as a § 2255 motion, you will not be able to file any more motions challenging your conviction or sentence unless the appropriate U.S. Court of Appeals authorizes you to file such a motion. In this regard, you should be aware that the Court of Appeals will not authorize you to file a second or successive § 2255 motion unless the motion contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that you are not guilty of the offense for which you were convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review.

    Second, if this Court characterizes your petition as a § 2255 motion, you will be subject to the one year period of limitation contained in § 2255. This period of limitation requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which your conviction becomes final; (2) the date on which any governmental interference preventing you from filing such a motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review; or (4) the date on which the facts supporting your claims could have been discovered if you acted with reasonable diligence.

    Third, because of the consequences that may result if this Court characterizes your petition as a § 2255 motion, you will be afforded the opportunity to withdraw your petition before it is characterized as a § 2255 motion. In the event that you decide to withdraw your petition and file another motion in its place, please be aware that any

motion attacking your conviction or sentence will be subject to the restrictions on § 2255 motions that are described in the paragraphs above.

Accordingly, you will have 60 days after the date of this order in which to inform the Court whether you wish to withdraw your petition or have it characterized as a § 2255 motion. If this Court does not receive your response within that time period, ths Court will characterize your petition as a motion filed under 28 U.S.C. § 2255.

Furthermore, if this Court characterizes the petitioners' petition as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, the federal respondents' motion to transfer the petitioner's petition will be granted and the petition will be transferred to the United States District Court for the Eastern District of Wisconsin.

It is this 8th day of May, 2007,

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge